IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| INACOM CORP., *et al.*, ) | |
| ) | Case No. 00-2426 (PJW) |
| Debtors. ) | |
| _____ ) | |
| ) | |
| INACOM CORP., on behalf of affiliated ) | |
| Debtors, ) | Civil Action No. 04-582-GMS |
| ) | Adv. No. 02-3499 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DELL COMPUTER CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S REQUEST FOR A JURY TRIAL**

Since this case was filed on May 16, 2002, Dell Computer Corporation has never before made a jury demand. It is now too late. Dell waived its right to a jury trial almost three years ago when it decided not to make a jury demand within ten days after service of the last pleading; its Answer to the Complaint. Dell offers no excuse for this extremely long delay and therefore its request should be denied.

## I.    Background

1.    Dell relies on the motion seeking a jury trial filed by Lexmark International, Inc. ("Lexmark") in Civil Action No. 04-583 (the "Lexmark Motion") to support its request in this case. The plaintiff in Civil Action No. 04-583, InaCom Corp. and affiliated Debtors ("InaCom"), has filed an opposition to the Lexmark Motion. The Lexmark Motion has not yet been decided. For the reasons stated in InaCom's opposition to the Lexmark Motion, Plaintiff

119096.01600/21388111v1

opposes Dell's request for a jury trial and incorporates Inacom's opposition to the Lexmark Motion by reference.

2.  Lexmark, Dell, and the Defendants in Civil Action Nos. 04-148 and 04-593, Tech Data Corporation ("Tech Data") and Ingram Entertainment, Inc. ("Ingram"), respectively, have recently filed a motion seeking to consolidate all four actions into one proceeding for trial (the "Consolidation Motion").  Plaintiff and InaCom have filed a joint opposition to the Consolidation Motion.

## II.  Dell's Request for A Jury Trial

3.  Dell is not entitled to a jury trial.  Dell is simply wrong when it states that it has not lost its right to a jury.  Federal Rule of Civil Procedure 38 applies to this adversary proceeding through Fed. R. Bankr. P. 9015.  Under subsection (b) of Rule 38, a party such as Dell is required to make a jury demand no later than ten days after service of the last pleading.  If a party fails to make a jury demand within this ten-day period, the party waives its jury trial right, as clearly stated in subsection (d) of Rule 38.  The last pleading served in this case was Dell's Answer to the Complaint, which Dell filed and served on June 11, 2002.  Hence, the ten-day deadline in Rule 38(b) expired on June 21, 2002, almost three years ago.  Dell never made a jury demand by June 21, 2002 and therefore waived its jury trial right at that time.  On December 29, 2004, after obtaining leave of Court, Dell filed and served an Amended Answer to add one new defense.  Even assuming _arguendo_ that Dell's ability to make a jury demand was resurrected by service of its Amended Answer, which the Plaintiff denies, the ten-day period in Rule 38(b) still expired on January 10, 2005, over four months ago.  Again, Dell chose not to make a jury demand at that time.  Dell's unexplained (or opportunistic) delay should not be rewarded now.[1]

---

[1] It should also be noted that Dell had over two years before the reference of this and the other three Inacom actions was withdrawn to assert a timely jury demand and to seek withdrawal of the reference on its own under 28 U.S.C. §

4.  Nor should Dell be permitted to "end run" its waiver of the right to a jury trial and obtain a jury trial to which it is not entitled by relying on Lexmark's or another litigant's jury demand. Since Lexmark's and Dell's jury trial requests suffer from the same deficiencies, they should both be denied and the Court relieved of the need to address this aspect of the jury trial issue.

5.  Plaintiff opposes the request of Dell and Lexmark for a jury trial, as well as the Defendants' collective request for consolidation and relies on the briefs previously filed in opposition to those motions to supplement its arguments here. For this reason, under Local Rule 7.1.2, Plaintiff will not submit a separate memorandum of law. Plaintiff reserves the right to file a sur-reply to any reply brief submitted by Dell.

WHEREFORE, Dell's request for a jury trial should be denied and the Court should grant Plaintiff such other and further relief as may be just and proper.

BLANK ROME LLP

Dated: May 19, 2005

Bonnie Glantz Fatell (DE No. 3809)
Steven L. Caponi (DE No. 3484)
Elio Battista, Jr. (DE No. 3814)
1201 Market Street, Suite 800
Wilmington, DE 19801
Tel:   (302) 425-6400
Fax:   (302) 425-6464

- and -

---

157(d). Such a course of action is common practice in bankruptcy litigation, where it is well settled that a party's right to a jury trial constitutes cause for withdrawal of the reference under 28 U.S.C. § 157(d). In re: NDEP, Corp., 203 B.R. 905, 913 (D. Del. 1996) citing In re: Pruitt, 910 F.2d 1160, 1168 (3d. Cir. 1990) and Hatzel & Buehler, Inc. v. Central Hudson Gas & Electric, Corp., 106 B.R. 367, 360 (D. Del. 1989).

-3-

119096.01600/21388111v1

Earl M. Forte
Regina Stango Kelbon
One Logan Square
Philadelphia, PA 19103
Tel:   (215) 569-5500
Fax:   (215) 569-5555

Attorneys for Plaintiff, Executive Sounding Board Associates, Inc., as Plan Administrator for Plaintiff

119096.01600/21388111v1