UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**INACOM CORP., et al.,**<br><br>Debtors | **Chapter 11**<br><br>**Bankruptcy Case No. 00-2426(PJW)** |
| **INACOM CORP., et al.**<br><br>Plaintiffs<br>v.<br><br>**DELL COMPUTER CORP.**<br><br>Defendants | **Civil Action No. 04-CV-582 (GMS)** |

## REPLY IN SUPPORT OF DELL, INC.'S REQUEST FOR JURY TRIAL

Defendant, Dell, Inc. f/k/a/ Dell Computer Corp. ("Dell") files this Reply in Support of Dell, Inc.'s Request for Jury Trial. In support hereof, Dell respectfully shows the Court as follows.

1. On May 11, 2005, Dell filed its Request for Jury Trial, seeking that the Court exercise its discretion under Rule 39(b) to grant Dell a jury trial as to Plaintiff's claims in the above-captioned adversary proceeding. In Plaintiff's Opposition to Defendant's Request for Jury Trial ("Plaintiff's Response"), Plaintiff contends that Dell has "lost" its right to a jury trial because it did not make a jury demand within ten (10) days after service of the last pleading directed to such issue, as provided under Rule 38 of the Federal Rules of Civil Procedures. In Plaintiff's view, this apparently ends the inquiry and definitively deprives Dell of a right to trial by jury.

2. Plaintiff, however, entirely ignores Rule 39(b), which is the basis for Dell's Request for Jury Trial. Rule 39(b) provides as follows:

48340 v1

> (b) **By the Court.** Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; **but notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.**

Fed. R. Civ. P. 39(b) (emphasis added).

3. Because Dell has not filed or otherwise submitted a proof of claim to Inacom's bankruptcy estate, Dell has not waived its Seventh Amendment right to a jury trial as to Plaintiff's claims asserted against Dell. Therefore, under Rule 39(b), the Court can order a trial by jury as to Plaintiff's claims against Dell.

4. For the reasons set forth in Dell's Request for Jury Demand, pursuant to Rule 39(b), the Court should exercise its discretion and grant Dell a jury trial on all claims asserted by Inacom against Dell in the above-captioned proceeding.

5. Furthermore, as Dell pointed out in its Request for Jury Trial, where two or more cases are consolidated and one is accompanied by a right to a jury trial, the Court may properly grant a jury trial in both cases. *Cedars-Sinai Med. Ctr. v. Revlon, Inc.* 111 F.R.D. 24, 32 (D. Del. 1986).

6. On May 10, 2005, Defendants, Lexmark International, Inc.; Dell, Inc.; Tech Data Corp.; and Ingram Entertainment, Inc. filed their Joint Motion for the Court to Consolidate for Trial ("Motion to Consolidate"). On May 20, 2005, Plaintiffs filed their Memorandum in Opposition to Defendant's Motion to Consolidate for Trial ("Plaintiffs' Response to Motion to Consolidate"). In Plaintiffs' Response to Motion to Consolidate, Plaintiffs stated that they agree "that a joint evidentiary hearing on the insolvency issue will serve convenience and economy and avoid conflicting rulings without prejudice." (Plaintiff's Response to Consolidation, at ¶ 12). Accordingly, Plaintiffs appear to agree to consolidation on the issue of solvency.

7.  Therefore, to the extent the Court consolidates the actions and to the extent the Court grants Lexmark's Motion for Jury Trial, Dell would also be entitled to a jury trial in the consolidated action. *See Cedars-Sinai Med. Ctr* 111 F.R.D. at 32.

8.  Finally, Dell objects to Plaintiff's reservation of its right to file a sur-reply in connection with Dell's Request for Jury Trial. (*See,* Plaintiff's Response at ¶5) Local Rule 7.1.2 governs the applicable briefing of motions and provides only for opening, answering and reply papers. *See,* L.R. 7.1.2(b). Additional papers, including sur-replies, are expressly prohibited absent prior approval of the Court. *See,* L.R. 7.1.2(c).

WHEREFORE, Dell prays that this Court grant its Request for Jury Trial and grant Dell such other and further relief to which it is justly entitled.

Seitz, Van Ogtrop & Green, P.A.

/s/ Patricia P. McGonigle
_____
Patricia P. McGonigle, Esq.
Delaware State Bar No. 3126
222 Delaware Avenue, Suite 1500,
Wilmington, Delaware  19899
(302) 888-0600
FAX (302) 888-0606

and

Sabrina L. Streusand, Esq.
Texas State Bar No. 11701700
G. James Landon, Esq.
Texas State Bar No. 24002445
Hughes & Luce, L.L.P.
111 Congress Avenue, Suite 900
Austin, Texas  78701
(512) 482-6800
FAX: (512) 482-6859

**ATTORNEYS FOR DELL, INC.**

Dated: May 26, 2005

## CERTIFICATE OF SERVICE

I, Patricia P. McGonigle, hereby certify that on this 26th day of May 2005, a copy of the foregoing *Defendant Dell, Inc.'s Reply in Support of Dell's Inc.'s Request for Jury Trial* was served on counsel of record as follows:

*Via First Class Mail*
Elio Battista, Jr., Esquire
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

*Via First Class Mail*
Earl M. Forte, Esquire
Blank Rome, LLP
One Logan Square
Philadelphia, PA 19103-6998

*Via First Class Mail*
Laura Davis Jones, Esquire
Pachulski, Stang, Ziehl, Young, Jones
 & Weintraub, P.C.
919 North Market Street, Suite 1600
P. O. Box 8705
Wilmington, DE 19899-8705

/s/ *Patricia P. McGonigle*
PATRICIA P. MCGONIGLE (DE 3126)

48343 v1