IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: INACOM CORP., et al. | Bankruptcy Case No: 00-2426 (PJW) |
| INACOM CORP., on behalf of all affiliated Debtors,<br>v.<br>TECH DATA CORP., Defendant. | Civil Action No. 04-148 GMS<br><br>Adversary Case No. 02-03496 PJW |
| INACOM CORP., on behalf of all affiliated Debtors,<br>v.<br>DELL COMPUTER CORPORATION, Defendant. | Civil Action No. 04-582 GMS<br><br>Adversary No. 02-03499 PJW |
| INACOM CORP., on behalf of all affiliated Debtors,<br>v.<br>LEXMARK INTERNATIONAL, INC., Defendant. | Civil Action No. 04-583 GMS<br><br>Adversary No. 02-03500 PJW |
| INACOM CORP., on behalf of all affiliated Debtors,<br>v.<br>INGRAM ENTERTAINMENT INC., successor in interest to NASHVILLE COMPUTER LIQUIDATORS, Defendant. | Civil Action No. 04-593 GMS<br><br>Adversary Case No. 02-03960 PJW |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANTS' MOTION TO CONSOLIDATE FOR TRIAL**

PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB P.C.
Laura Davis Jones (DE Bar No. 2436)
Andrew Caine (CA Bar No. 110345)
Jeffrey P. Nolan (CA Bar No. 158923)
Sandra G. McLamb (DE Bar No. 4283)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Counsel for Plaintiff

BLANK ROME LLP
Bonnie G. Fatell (DE Bar No. 3809)
Elio Battista, Jr. (DE Bar No. 3814)
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464
Counsel for Executive Sounding Board Associates,
Inc. as Plan Administrator

42125-003\DOCS_DE:108241.1

DKT. NO. 38
DT. FILED 5/24/05

# TABLE OF CONTENTS

|  | Page |
|---|---|
| Summary Of Argument | 2 |
| Statement Of Pertinent Facts | 4 |
| Consolidation Is Not Supported By The Facts | 6 |
| Conclusion | 9 |

## TABLE OF AUTHORITIES

**Page**

**Cases**

**In re APS Holding Corporation et al., 282 B.R. 795, 802 (Bankr. D. Del. 2002)** ........................... 8

Arnold v. Eastern Air Lines, Inc., 712 F.2d 899, 906 (4th Cir. 1983) ............................................. 7

In re Braniff, Inc. Debtor, In re Braniff Insolvency Litigation, 153 B.R. 941 (Bankr. M.D. Fla. 1993) ................................................................................................................................. 8, 9

In re Cendant Corp., 182 F.R.D. 476, 478 (D.N.J. 1998) ............................................................ 7

In re Consolidated Parlodel Litigation, 182 F.R.D. 441, 444 (D.N.J. 1998) ................................ 6

Flintkote v. Allis-Chalmers Corp., 73 F.R.D. 463, 465 (S.D.N.Y. 1977) ...................................... 7

Flintkote v. Allis-Chalmers, 73 F.R.D. at 465, n.1 ....................................................................... 7

Garber v. Randell, 477 F.2d 711, 714 (2d Cir. 1973) .................................................................. 7

In re Global Tissue, L.L.C., 302 B.R. 808, 812 (D. Del. 2003) .................................................... 8

In re I.M. Import & Export, Inc., 2001 W.L. 214026*3, *7 (Bankr. S.D.Fla. 2001) ..................... 9

Johnson v. Celotex Corp, 899 F.2d 1281 (3rd Cir. 1990) ............................................................ 7

Langenkamp vs. Culp, 498 U.S. 42 (1990) .................................................................................. 6

Liberty Lincoln Mercury, Inc, v. Ford Marketing Corp., 149 F.R.D. 65, 81 (D.N.J. 1993) ........... 6

Malcolm v. National Gypsum Co., 995 F.2d 346, 350 (2d Cir. 1993) .......................................... 7

Waste Distillation Tech., Inc. v. Pan American Resources, Inc., 775 F. Supp. 759, 761 (D.Del. 1991) ........................................................................................................................................ 7

**Other Authorities**

11 U.S.C. § 547 ................................................................................................................. 2, 3, 4, 5

**Rules**

Fed. R. Civ. P. 38(b) .................................................................................................................... 6
Fed. R. Civ. P. 42(a) .................................................................................................................... 6

Plaintiff Inacom Corp.("Plaintiff") opposes the Defendants' motion to consolidate these cases for a single trial on all issues. As described below, with the sole exception of the issue of Plaintiff's insolvency during the 90 days before it filed for bankruptcy on June 16, 2000, each case presents different facts and the parties will rely on different witnesses and different evidence in each case. If tried together, the record in these actions will be complicated and confusing, and will not result in any savings of time, effort or expense by the parties or the Court. On the other hand, consolidation of the matters will result in an unfair trial. Plaintiff submits that consolidation of these matters on any issue other than Plaintiff's insolvency is not justified, and should be denied.

## SUMMARY OF ARGUMENT

1. The Motion does not present any justification for the Court to depart from its normal practice of trying separate cases separately. Contrary to the Motion's suggestion otherwise, the four complaints are all different and involve distinct, discreet factual issues unique to each case. While each case involves claims to recover preferences under § 547 of the Bankruptcy Code, that is where their similarity ends. The facts and circumstances of each case are distinct, involving different payment histories, different purchase ordering, different invoicing and different payments. Each Defendant sold its own distinct products to the Plaintiff in different volumes and in different dollar amounts. The extent of each Defendant's collection efforts varies among them.

2. Each Defendant will present its own separate witnesses and documents to defend each action. Even the defenses asserted by the Defendants vary; while Dell Computer Corporation ("Dell"), Lexmark International, Inc. ("Lexmark") and Ingram Entertainment, Inc.

2

42125-003\DOCS_DE:108241.1

("Ingram") raise the ordinary course of business defense of 11 U.S.C. § 547(c)(2), Tech Data Corporation ("Tech Data") does not. Two of the four actions involve third-party complaints against the Hewlett Packard Company, as successor to Compaq Computer Corporation ("HP"), each of which are different, while the other two actions involve no third-party claims.

3.   Plaintiff agrees that one of the five elements of its prima facie case is common to all of the matters —Plaintiff's insolvency at the time of each challenged transfer. While even the insolvency issue may present unique evidence or facts with respect to each action based on the timing of the transfers, the Plaintiff supports a joint evidentiary hearing on the insolvency issue only, followed by separate trials in each action on all other issues.

4.   The Motion misrepresents that discovery in the matters has been consolidated; in fact, depositions have been conducted jointly for some witnesses, almost exclusively pertaining to the issue of insolvency. Depositions of witnesses whose testimony relates to the other elements of the Plaintiff's prima facie cases and to the Defendants' other defenses, have been conducted separately. The Defendants have retained a single expert on the insolvency issue only, but have not on other issues. For example, Dell has retained its own purported experts on its ordinary course of business defense. The two reports submitted by Dell on this issue address only the facts unique to Dell's defenses and its business history with the Plaintiff and have absolutely no bearing whatsoever on the defenses raised by the other Defendants. By contrast, Lexmark and Ingram have elected to rely on their own individual employees to present their ordinary course of business defenses. These fact witnesses could not possibly offer testimony relevant to the claims asserted or defenses raised in the other two

actions against Dell and Tech Data. Tech Data is not even asserting an ordinary course of business defense.

5. Only with respect to the insolvency issue will convenience and economy be served by a joint hearing. Consolidation of the other issues will, in fact, increase costs for the parties, and increase confusion, as discussion of ordinary course and other issues are presented for the different relationships in the same proceeding. Concerns over fair trial and confusion overwhelm the convenience concerns raised in the Motion.

## STATEMENT OF PERTINENT FACTS

6. Each of the four actions involves Plaintiff's claims to avoid and recover preferential transfers under Bankruptcy Code section 547. The five elements of the prima facie case under section 547(b) must be applied to <u>each</u> challenged transfer. In the cases at bar, there are hundreds of transactions for each vendor. The elements that must be examined are whether the transfer was (1) made to or for the benefit of a creditor, (2) for or on account of an antecedent debt owed by the debtor before the transfer was made, (3) made while the debtor was insolvent, (4) made on or within the 90 days prior to the bankruptcy petition date, and (5) that enables the creditor to receive more than through a claim in a chapter 7 case. Only the third (and potentially the fifth) element could even possibly have any commonality between vendors, while the second and fourth elements do not have any commonality even for the SAME vendor.

7. The defenses raised by the Defendants are unique and fact specific, requiring separate and distinct proof not capable of consolidation. The primary defense asserted by the Defendants, the ordinary course of business defense of § 547(c)(2), requires Defendants to prove that each challenged transfer paid a debt incurred by the Plaintiff in the ordinary course of

business or financial affairs of the Plaintiff and each Defendant, was made in the ordinary course of business or financial affairs of the Plaintiff and each Defendant, and was made according to ordinary business terms.[1] The first two elements of the ordinary course of business defense require detailed factual review of all transfers making up the history of <u>all</u> transactions between the Plaintiff and each Defendant going back one year or more before the Plaintiff's bankruptcy filing on June 16, 2000. There are hundreds and even thousands of such transactions to analyze for each Defendant. The Dell case alone involves over 20,000 separate invoices.

8. Moreover, the Plaintiff had different accounts payable personnel dealing with each Defendant relationship, and each Defendant will offer its own, separate witnesses with knowledge of these facts. It would be confusing, if not impossible, to consider all these transactions and relationships in one consolidated trial. Although the third element of the ordinary course defense referred to above (i.e., "made according to ordinary business terms") does involve consideration of the practices of other vendors, those other vendors must be unique to each Defendant's industry. The Defendants have already recognized the distinction between the types of evidence they will each present on this third element of the ordinary course of business defense; each has identified its own separate witnesses on this issue.

9. The obvious differences between each case are also reflected in the way the parties have conducted discovery. All written discovery and any depositions regarding the ordinary course defense and the elements of Plaintiff's prima facie case other than insolvency were all done independently. By agreement of the parties, depositions of witnesses relevant to

---

[1] 11. U.S.C. § 547(c)(2)

the insolvency issue were conducted jointly, to save the time and costs of the witness and counsel. Joint depositions of the parties' insolvency experts will also be conducted. Depositions of individuals designated by the Defendants as ordinary course experts will be conducted separately.

        10.    There is another issue raised by the Consolidation Motion; only two of the Defendants, Lexmark and Dell, have requested a jury trial. While the Plaintiff firmly believes that neither Lexmark nor Dell are entitled to a jury trial and have opposed their requests, neither Lexmark's motion for a jury trial, nor the request recently filed by Dell, have yet been decided and it is at best premature for the Defendants to request that these four actions be consolidated for a single jury trial.[2]

### CONSOLIDATION IS NOT SUPPORTED BY THE FACTS

        11.    Courts generally try separately filed actions separately. Federal Rule of Civil Procedure 42(a) permits, but does not require, courts to consolidate entire actions or join for hearing issues within actions pending before them, on the condition that common questions of law or fact exist, and for the purpose of avoiding costs or delay. Fed. R. Civ. P. 42(a).

The moving party bears the burden of proof on a motion for consolidation. See *In re Consolidated Parlodel Litigation*, 182 F.R.D. 441, 444 (D.N.J. 1998). While the existence of common issues is a prerequisite for consolidation, their mere presence does not compel consolidation. *Liberty Lincoln Mercury, Inc, v. Ford Marketing Corp.*, 149 F.R.D. 65, 81

---

[2] Given that the Defendants never submitted timely jury demands three years ago by the deadline in Fed. R. Civ. P. 38(b), not only are the requests of Lexmark and Dell for a jury trial untimely, but Defendant Tech Data, which filed a proof of claim in the Plaintiff's Chapter 11 case, is barred from seeking a jury trial for that reason alone and should not be permitted to circumvent the jury trial bar by the happenstance of consolidation. See Langenkamp vs. Culp, 498 U.S. 42 (1990) (Defendant in a preference action who has filed a proof of claim loses his/her right to a jury trial).

(D.N.J. 1993). The mere fact that two cases assert similar theories of recovery does not constitute a common question of law so as to warrant consolidation. *Flintkote v. Allis-Chalmers Corp.*, 73 F.R.D. 463, 465 (S.D.N.Y. 1977).

A district court has "broad discretion" when determining whether consolidation is appropriate. *Malcolm v. National Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993). The court's discretion is not unfettered, however; the court should weigh the benefits of judicial economy "against the potential for new delays, expense, confusion or prejudice." See *Waste Distillation Tech., Inc. v. Pan American Resources, Inc.*, 775 F. Supp. 759, 761 (D.Del. 1991). The considerations of convenience and economy must yield to a paramount concern for a fair trial and the risks of prejudice and possible confusion. *Arnold v. Eastern Air Lines, Inc.*, 712 F.2d 899, 906 (4th Cir. 1983) (en banc), *cert. denied*, 464 U.S. 1040 (1984); *Garber v. Randell*, 477 F.2d 711, 714 (2d Cir. 1973); *Flintkote v. Allis-Chalmers*, 73 F.R.D. at 465, n.1. "Where the evidence in one case is not relevant to the issues in the other, consolidation would create a likelihood of prejudice by confusing the issues." *Liberty Lincoln Mercury*, 149 F.R.D. at 81.

12. Consolidation is most often discussed in the context of voluminous tort cases and federal securities actions, which provide little instruction for the four cases that are the subject of the Motion.[3] In fact, none of the cases cited in the Motion are factually apposite here. Bankruptcy courts confronted with multiple preference cases raising the issue of the debtor's insolvency have severed and then consolidated that one issue for a joint trial, but refused to consolidate any other issues. *See, e.g., In re Braniff, Inc. Debtor, In re Braniff Insolvency*

---

[3] *See, e.g., Johnson v. Celotex Corp*, 899 F.2d 1281 (3rd Cir. 1990); *In re Cendant Corp.*, 182 F.R.D. 476, 478 (D.N.J. 1998)

7

*Litigation*, 153 B.R. 941 (Bankr. M.D. Fla. 1993); *In re Braniff Insolvency Litigation*, 1992 Bankr. LEXIS 1563, 1992 WL 261641 (Bankr. M.D. Fla. 1992) (insolvency issue raised in over 100 adversary proceedings was severed and consolidated for one trial; no other issues were consolidated). As noted above, one common legal theory in these actions does not, as a matter of law, support consolidation. The only issue common to these four adversary proceedings is whether the Plaintiff was insolvent during the 90 days before it filed for bankruptcy when it made the preference payments to the Defendants. The Plaintiff agrees that a joint evidentiary hearing on the insolvency issue will serve convenience and economy and avoid conflicting rulings without prejudice or confusion.

        13.    All other matters at issue involve different transactions among different parties and will involve different data, different payment histories, different purchase ordering, different invoicing and different witnesses and documents. This is entirely consistent with the very nature of preferences and the ordinary course of business defense, since both involve fact-specific inquiries and close examination of the unique factual history of the relationship between the debtor and the creditor. This would include, for example, examination of (1) the length of time the parties engaged in the type of dealing at issue, (2) whether each payment was in an amount more than usually was paid, (3) whether each payment was tendered in a manner different than previous payments, (4) whether there was unusual action by the creditor to collect a specific payment, (5) whether the creditor did anything to gain an advantage in light of the debtor's deteriorating financial condition, and (6) all other relevant circumstances surrounding each transfer. *In re Global Tissue, L.L.C.*, 302 B.R. 808, 812 (D. Del. 2003); *In re APS Holding Corporation et al.*, 282 B.R. 795, 802 (Bankr. D. Del. 2002); *In re I.M. Import & Export, Inc.*,

8

2001 W.L. 214026*3, *7 (Bankr. S.D.Fla. 2001); and *In re Braniff, Inc.*, 154 B.R. 773, 780 (Bankr. M.D. Fla. 1993). None of this information is common among the Defendants here, and presentation of different bodies of facts in a single proceeding would create confusion and prejudice.[4]

14. This paramount concern for a fair trial surely outweighs any purported convenience served by the requested consolidation. As movants, Defendants bear the burden to prove that consolidation will result in a fair trial. Indeed, all of the evidence is to the contrary.

15. Moreover, Defendants have even failed to establish the threshold requirement for consolidation - that convenience and economy will be served, as the trier of fact and the parties would be forced to sit through hour upon hour of testimony presenting detailed payments, invoicing and accounting data that have no common thread. The Motion gives only conclusory statements regarding the benefit to convenience and economy. Defendants have yet to describe any portion of a consolidated proceeding, other than insolvency, that will involve common items of proof germane to all of the Defendants, and which would constitute a savings of the Court's time or the parties' costs.

## CONCLUSION

16. The Defendants have simply failed to describe how a consolidated proceeding, other than on the issue of insolvency, will satisfy the requirements of Rule 42(c). These cases involve different facts, different evidence and different witnesses, and should not be

---

[4] The potential for confusion and prejudice will be greatly compounded if these cases proceed to a jury trial. For example, a jury could easily become confused regarding which spreadsheets of historical data related to which Defendant and which of the multiple accounting witnesses had testified to which set of data, data summaries and payments.

consolidated. The only issue appropriate for a joint hearing is the issue of Plaintiff's insolvency during the preference period. The just result is to join the insolvency issue for an evidentiary hearing, to be followed by separate trials on each of the other issues in the actions.

Dated: May 20, 2005

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB P.C.

_/s/ _____ D. M??_   DE BAR NO. 4283

Laura Davis Jones (Bar No. 2436)
Andrew Caine (CA Bar No. 110345)
Jeffrey P. Nolan (CA Bar No. 158923)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Counsel for Plaintiff

BLANK ROME LLP

By: _____
Bonnie G. Fatell (DE Bar No. 3809)
Elio Battista, Jr. (DE Bar No. 3814)
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone:   (302) 425-6400
Facsimile:   (302) 425-6464

And

Earl M. Forte
Regina S. Kelbon
One Logan Square
Philadelphia, PA 19103
Telephone:   (215) 569-5500
Facsimile:   (215) 569-5555

Counsel for Executive Sounding Board Associates,
Inc. as Plan Administrator

10

## CERTIFICATE OF SERVICE

I, Sandra G. McLamb, hereby certify that on this 20th day of May 2005, I caused a true and correct copy of the foregoing *Plaintiff's Memorandum In Opposition To Defendants' Motion To Consolidate For Trial* to be served on the individual(s) on the attached service listed in the manner indicated herein.

Sandra G. McLamb (Bar No. 4283)

**InaCom Adversary Service List for Opposition To Motion To Consolidate for Trial**
Document No. 108240
07 – Hand Delivery
04 – First Class Mail

**Hand Delivery**
(Counsel for Tech Data Corp.)
James F. Harker, Esquire
Herlihy, Harker & Kavanaugh
1300 N. Market Street, Suite 400
Wilmington, DE 19899

**Hand Delivery**
(Counsel to Dell Computer Corporation)
Patricia P. McGonigle, Esquire
Seitz Van Ogtrop & Green
222 Delaware Avenue, Suite 1500
Wilmington, DE 19899

**Hand Delivery**
(Counsel to Ingram Entertainment Inc., successor in interest to Nashville Computer Liquidators)
Thomas Macauley, Esquire
Zuckerman Spaeder LLP
919 Market Street, Suite 1075
Wilmington, DE 19801

**Hand Delivery**
(Counsel for Statutory Committee Of Unsecured Creditors in action against Dell Corporation)
William J. Burnett, Esquire
Blank Rome LLP
1201 North Market Street, Suite 800
Wilmington, DE 19801-4226

**Hand Delivery**
(Counsel for Compaq Computer Corp- third-party defendant in action against Lexmark)
Derek C. Abbott, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
Wilmington, DE 19899

**Hand Delivery**
(Counsel for Lexmark International as third-party plaintiff)
Thomas Whalen, Esquire
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, DE 19801

**Hand Delivery**
(Counsel for Lexmark International, defendant)
Joseph Grey, Esquire
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, DE 19801

**First Class Mail**
(Counsel for Tech Data Corp.)
Charles Tatelbaum, Esquire
Adorno & Yoss, P.A.
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301

**First Class Mail**
(Counsel to Dell Computer Corporation)
Sabrina L. Streusand, Esquire
Hughes & Luce, L.L.P.
111 Congress Avenue, Suite 900
Austin, TX 78701

**First Class Mail**
(Counsel to Lexmark International, Inc.)
Culver V. Halliday, Esquire
Stoll, Keenon, & Park, LLP
2650 AEGON Center
400 West Market
Louisville, KY 40202

**First Class Mail**
(Counsel to Ingram Entertainment Inc.)
John Hersey, Esquire
Bingham McCutchen LLP
600 Anton Boulevard, 18th Floor
Costa Mesa, CA 92626