IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| INACOM CORP., et al., | Bankruptcy Case No. 00-2426 (PJW) |
| Debtors. | |
| INACOM CORP., et al., | Civil Action No. 04-CV-148 (GMS) |
| Plaintiff, | |
| v. | |
| TECH DATA CORPORATION, | |
| Defendant. | |
| INACOM CORP., et al., | Civil Action No. 04-CV-582 (GMS) |
| Plaintiff, | |
| v. | |
| DELL COMPUTER CORPORATION, | |
| Defendant. | |
| INACOM CORP., et al., | Civil Action No. 04-CV-583 (GMS) |
| Plaintiff, | |
| v. | |
| LEXMARK INTERNATIONAL, INC., | |
| Defendant. | |
| INACOM CORP., et al., | Civil Action No. 04-CV-593 (GMS) |
| Plaintiff, | |
| v. | |
| INGRAM ENTERTAINMENT, INC., | |
| Defendant. | |

DKT. NO. 39
DT. FILED 5/25/05

**HEWLETT-PACKARD COMPANY'S MEMORANDUM IN OPPOSITION
TO DEFENDANTS' MOTION TO CONSOLIDATE FOR TRIAL**

Dated: May 25, 2005
      Wilmington, Delaware

                        MORRIS, NICHOLS, ARSHT & TUNNELL
                        William H. Sudell, Jr. (No. 463)
                        Derek C. Abbott (No. 3376)
                        Laura V. McGeoch (No. 4655)
                        1201 N. Market Street
                        Wilmington, DE 19899-1347
                        (302) 658-9200

                        - and -

                        FRIEDMAN DUMAS & SPRINGWATER LLP
                        Ellen A. Friedman
                        Cecily A. Dumas
                        Gail S. Greenwood
                        Brandon C. Chaves
                        One Maritime Plaza, Suite 2475
                        San Francisco, CA 94111
                        (415) 834-3800

                         Attorneys for Third-Party Defendant
                         Hewlett-Packard Company

i.

# TABLE OF CONTENTS

| | |
|---|---:|
| TABLE OF CITATIONS | ii |
| NATURE AND STAGE OF PROCEEDING | 1 |
| SUMMARY OF ARGUMENT | 3 |
| STATEMENT OF FACTS | 4 |
| LEGAL ARGUMENT | 6 |
|     I. THE CASES INVOLVE DISPARATE QUESTIONS OF LAW AND FACT. | 6 |
|     II. CONSOLIDATION WILL CAUSE CONFUSION, DELAY, AND UNFAIR PREJUDICE TO HP. | 7 |
|     III. A SEPARATE TRIAL OF THE THIRD-PARTY ACTIONS WOULD PROMOTE JUDICIAL ECONOMY AND AVOID PREJUDICE TO HP. | 9 |
| CONCLUSION | 11 |

## TABLE OF CITATIONS

### Cases

| | |
|---|---|
| *Bernardi v. City of Scranton*, 101 F.R.D. 411 (Dist. M.D. Pa. 1983) | 7 |
| *Cedars-Sinai Medical Center v. Revlon.*, 111 F.R.D. 24 (Dist. Del. 1986) | 7 |
| *In re Kaiser Steel Corp.*, 110 B.R. 20 (Dist. Colo. 1990) | 9 |
| *In re Repetitive Stress Injury Litigation*, 11 F.3d 368 (2nd Cir. 1993) | 8 |
| *In re TMI Litigation*, 193 F.3d 613 (3d Cir. 1999) | 6 |
| *Southwestern Marine, Inc. v. Triple A. Mach. Shop, Inc.*, 720 F. Supp. 805 (N.D. Cal. 1989) | 9 |
| *Waste Distillation Tech., Inc. v. Pan Am. Res. Inc.*, 775 F.Supp. 759 (D. Del. 1991) | 5 |

### Statutes and Other Authorities

| | |
|---|---|
| 11 U.S.C. § 547 (f) | 2 |
| Rule 42 of the Federal Rules of Civil Procedure | 2, 3, 5, 8 |

1.

## **NATURE AND STAGE OF PROCEEDING**

Defendants Tech Data Corp. ("Tech Data"), Dell Computer Corp. ("Dell"), Lexmark International, Inc. ("Lexmark"), and Ingram Entertainment, Inc. ("Ingram") (collectively referred to as "Defendants") have moved the court (the "Motion") to consolidate for trial four preference actions (the "Preference Actions") brought by the estate of Inacom Corp. ("Inacom") and two third-party complaints (the "Third-Party Actions," and together with the Preference Actions, the "Actions") brought by Defendants Lexmark and Tech Data against Hewlett-Packard Company ("HP"), as successor in interest to Compaq Computer Corporation ("Compaq").

The Court previously consolidated the Actions for pretrial proceedings. The Court entered a scheduling order on October 4, 2004, which was later amended in order to accommodate the Defendants' request for extensions of the discovery periods. Fact discovery closed on March 31, 2005. Expert discovery closes on June 10, 2005. The Court has scheduled trials of these matters beginning on October 17, 2005.

Lexmark has filed a motion for a jury trial, which the parties have briefed but which has not been set for hearing as of the date hereof. Tech Data has filed an untimely[1] motion to amend its third-party complaint against Compaq to add new claims in excess of $900,000, which motion has also been briefed, but has not been set for hearing as of the date hereof.

---

[1]  Under the court's Scheduling Order dated October 4, 2004, the deadline for amending the pleadings was November 18, 2004. Tech Data filed its motion on April 8, 2005.

2.

By their Motion all four Defendants seek to consolidate all of the Actions for trial, including the Third-Party Actions filed by only two of the four defendants. Defendants assert that under Rule 42(a) of the Federal Rules of Civil Procedure[2] all the Actions should be consolidated because they involve common questions of law and fact. The four Preference Actions will involve evidence of whether or not the Defendants can overcome the Bankruptcy Code's presumption under 11 U.S.C. § 547 (f)[3] that Inacom was insolvent on and during the 90 days immediately preceding the date of the filing of the bankruptcy petition. Defendants also point to the commonality of the factual questions involving whether the payments received by Defendants were made in the ordinary course of business, thus taking the payments outside the scope of recoverable preferences.

Defendants argue that the Third-Party Actions filed by Lexmark and Tech Data against Compaq involve common legal and factual issues because both Lexmark and Tech Data have asserted "identical" claims based on their alleged status as third-party beneficiaries under an Asset Purchase Agreement between Inacom and Compaq. Both Lexmark and Tech Data also received similar letters from Compaq which they contend constitute a guaranty or assumption of certain of Inacom's liabilities. HP disputes these claims and contentions.

---

[2]   The Federal Rules of Civil Procedure are hereinafter referred to as "Fed. R. Civ. Proc."

[3]   11 U.S.C. §§ 101 *et seq.* are hereinafter referred to as the "Bankruptcy Code."

3.

HP opposes consolidation of the Third-Party Actions with the Preference Actions and files this answering brief in opposition to Defendants' Motion.[4]

## SUMMARY OF ARGUMENT

1. Consolidation of the Third-Party Actions against HP together with the Preference Actions is not warranted under Fed. R. Civ. Proc. 42(a) because the primary evidence in the Preference Actions will be detailed expert testimony regarding the solvency of Inacom during the preference period, and testimony regarding the course of conduct between Inacom and its vendors regarding payment. None of this evidence has any relevance to HP's liability to Lexmark or Tech Data in the Third-Party Actions. Nor are the legal issues common. The Third-Party Actions involve interpretation of New York law which governs the APA (as defined below) and Lexmark's and Tech Data's claims to be third-party beneficiaries thereof, and the laws of other states with respect to common counts. None of the claims asserted in the Third-Party Actions involve federal bankruptcy law.

2. Judicial economy is best served by separate trials of the Third-Party Actions. The resolution of the Preference Actions will be expedited by holding separate trials because it will eliminate the need for evidence to be presented which is unrelated to the Preference Actions. Similarly, in the event that the Defendants are successful in the Preference Actions, there would be no need to burden the Court with trial on the contingent Third-Party Actions.

---

[4] Contrary to the statement filed by Lexmark's counsel, HP was never consulted regarding the filing of Defendants' motion as required by Del. Local Rule 7.1.1.

4.

## STATEMENT OF FACTS

On June 16, 2000, Inacom and its affiliates filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. Prior to the bankruptcy filing, Inacom had been engaged in the business of supplying computer hardware and related services to wholesale and retail customers. Dell, Tech Data, Lexmark and Ingram were vendors to Inacom, selling it various computer components, peripherals and supplies. Each of the Defendants, along with other suppliers to Inacom, received payments from Inacom within 90 days prior to the bankruptcy filing, some of which were in payment of Defendants' receivables months after such debts were due. The representatives of the Inacom estate brought actions against numerous suppliers, including Defendants, to recover any such payments that constituted preferential payments under the Bankruptcy Code. The Preference Actions will involve the presentation of evidence relating to payments by Inacom to Defendants in the aggregate amount of over $16 million.

Five months before the bankruptcy filing, on January 4, 2000, Compaq and Inacom entered into an Asset Purchase Agreement ("APA") whereby Compaq agreed to purchase certain assets related to Inacom's hardware distribution division and to assume certain accounts payable associated with the purchased assets. The contract is solely between Inacom and its affiliates, and Compaq and its subsidiary, and expressly provides that no other party is an intended beneficiary of the APA.

5.

At closing, and pursuant to the terms of the APA, Inacom delivered to Compaq its list of accounts payable to be assumed by Compaq under the APA. Compaq duly paid all of the payables that it assumed.

Inacom paid all of the liabilities that it had retained under the APA. Inacom, however, delayed releasing some of its payments to the vendors for months after the closing of the APA. Unbeknownst to Compaq, but fully disclosed to the vendors (including Tech Data and Lexmark), Inacom had written checks before the closing of the APA to pay vendors for certain of its payables that it would retain under the APA, but delayed mailing the checks for weeks or months after the closing. As a result, some of Inacom's payments fell within the preference period, and Inacom is now seeking to recover them for the benefit of all creditors.

Consistent with their knowledge at the time of the closing, neither Tech Data nor Lexmark ever attempted to collect any of these receivables from Compaq or its affiliates. Tech Data and Lexmark knew perfectly well that Inacom was holding checks for certain of the payables it had retained under the APA, and knew that they would receive payment from Compaq for certain of their receivables, and from Inacom for others. Nonetheless, after the Preference Actions were filed, Tech Data and Lexmark fabricated a litigation "theory" that Compaq must somehow be held responsible to make them whole if Inacom's payments for the payables it retained under the APA are recovered as preferences.

6.

## LEGAL ARGUMENT

### I. THE CASES INVOLVE DISPARATE QUESTIONS OF LAW AND FACT.

Fed. R. Civ. Pro. 42(a) allows consolidation only "[w]hen actions involving common questions of law or fact are pending before the court." *Waste Distillation Tech., Inc. v. Pan Am. Res. Inc.*, 775 F.Supp. 759, 761 (D. Del. 1991) (a common question of law or fact is a prerequisite to consolidation); *see also In re TMI Litigation*, 193 F.3d 613, 724 (3d Cir. 1999) (purpose of consolidation is to streamline proceedings in cases involving similar legal and factual issues). Here, the questions of law and fact in the Preference Actions between Inacom and the Defendants are completely distinct from those of the Third-Party Actions.

The Preference Actions involve distinct issues of fact and bankruptcy law, including whether Inacom was solvent when the transfers were made and whether the transfers were made in the ordinary course of business. The Defendants state that they intend to present expert testimony regarding Inacom's financial condition at the time of the transfers and testimony regarding the ordinary course of business between Inacom and the Defendants and in Inacom's industry. These issues have nothing to do with Compaq or HP, do not affect the Third-Party Actions at all, and do not require any of the same evidence.

The Third-Party Actions, on the other hand, involve issues of state law. Lexmark and Tech Data have brought breach of contract claims under the APA based on their alleged status as third-party beneficiaries to that agreement. The plain language of the APA expressly denies the intent to give rights to third-parties such as Lexmark and

7.

Tech Data to bring any claims based on the APA. The APA also contains a choice of law provision stating that it is governed by New York law. Therefore, whether Lexmark or Tech Data have standing and can bring a claim to enforce the APA will be a question of New York contract law – an issue that has nothing to do with the Preference Actions.

Lexmark and Tech Data also claim that a letter sent by Compaq to certain vendors of Inacom constituted an independent contractual obligation to assume or guarantee all of Inacom's payment obligations to them. State law – not bankruptcy law – will determine the merits of these claims. Adjudication of these third-party claims, therefore, requires consideration of wholly different evidence and different law than that required to adjudicate Inacom's Preference Actions against the Defendants.

## II. CONSOLIDATION WILL CAUSE CONFUSION, DELAY, AND UNFAIR PREJUDICE TO HP.

Even assuming that there were common questions of law and fact (which there are not), a party moving for consolidation must also establish that consolidation would promote trial convenience and economy in administration due to factors other than mere commonality of legal and factual issues. *Cedars-Sinai Medical Center v. Revlon*, 111 F.R.D. 24, 32 (D. Del. 1986).

Courts counsel against the consolidation of two or more causes of action when the plaintiffs have individualized backgrounds and experiences, when one plaintiff asserts legal theories not advanced by other plaintiffs, or when different legal theories require the presentation of evidence not relevant to other cases. *Bernardi v. City of Scranton*, 101 F.R.D. 411, 413-14 (M.D. Pa. 1983); *see also In re TMI Litig.*, 193 F.3d

8.

613, 723-24 (3d. Cir. 1999) (consolidation should not be used where it will cause unnecessary costs or delay).

Consolidation of the Actions will result in a longer, more complicated trial with an increased risk of confusion. If consolidated, the trier of fact will hear evidence concerning not only the elements of preference claims and defenses under Bankruptcy Code §547, but also the asset purchase transaction between Compaq and Inacom, and the subsequent actions of Lexmark and Tech Data. None of this additional evidence regarding the Third-Party Actions relates to the elements that must be established to recover a preference, and will unnecessarily lengthen the trial of and delay the resolution to the Preference Actions.

Finally, courts have denied consolidation where parties use aggregation as a method of increasing the costs of its adversaries by forcing them to participate in proceedings that are irrelevant to their case. *In re Repetitive Stress Injury Litigation*, 11 F.3d 368, 374 (2d Cir. 1993) ("It may be that such increased costs would make settlement easier to achieve, but that would occur only at the cost of elemental fairness."). Here, there is no conceivable reason for requiring HP to attend the Preference Action trials, two of which do not involve HP or Compaq in any way. The unfair prejudice that would be caused by consolidation of the Third-Party Actions supports an order separating the trial of the Third-Party Actions.

9.

### III. A SEPARATE TRIAL OF THE THIRD-PARTY ACTIONS WOULD PROMOTE JUDICIAL ECONOMY AND AVOID PREJUDICE TO HP.

A separate trial of the Third-Party Actions would promote judicial economy and eliminate confusion and prejudice.

Fed. R. Civ. Proc. 42(b) allows a court to order separate trials of third-party claims "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy. . ." Additional reasons for separate trials include avoidance of confusion resulting from similarity or dissimilarity of claims, avoidance of prejudice, unusual difficulty in proving a particular issue, and the inherent power of the court to regulate the order of proof at trial. *In re Kaiser Steel Corp.*, 110 B.R. 20, 25 (D. Colo. 1990).

In *Kaiser*, a debtor sued two defendants for fraudulent conveyance, and the defendants counterclaimed against the debtor for indemnification and violations of securities laws. The bankruptcy court severed the principal claims from the counterclaims based on the fact that (1) the counterclaims were contingent on the outcome of the principal claims, and (2) the counterclaims involved different areas of law than the principal claims.

The district court upheld the bankruptcy court's decision, stating that the bankruptcy court was justified in severing and postponing the determination of the indemnification claims until the outcome of the principal actions was resolved. The court explained that "[m]anagement of the case in this way is a more efficient use of the court's resources and . . . should result in the quicker resolution of the primary actions." *Id.* The

10.

court also stated that retaining the securities counterclaim as part of the primary action "would inject the new and complex issue of securities fraud into this already complicated litigation." *Id*; *see also Southwestern Marine, Inc. v. Triple A. Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989) (two complex actions involving different Navy contracts should not be consolidated because their consolidation will delay rather than expedite the resolution).

Here, as in *Kaiser*, severing the Third-Party Actions from the Preference Actions would result in a quicker resolution of those actions. Dell and Ingram would not be forced to sit through proceedings involving Lexmark and Tech Data's state law third-party claims against HP. Furthermore, if Lexmark and Tech Data are successful in their defense, a trial on the third-party claims will not be necessary. Finally, separate trials will allow the litigants to more efficiently package and present the evidence and law that will allow the Court to decide the Actions; again, the result of the Preference Actions may eliminate *any* need to even hear the Third-Party Actions.

11.

## CONCLUSION

The principal preference actions and third-party actions deal with unrelated questions of law and fact such that consolidation would cause delay, confusion, and unfair prejudice to HP. Accordingly, HP requests that the Defendants' motion for consolidation be denied. In the event that the Court decides to consolidate the four Preference Actions for trial, HP requests that the Court order a separate trial on the Third-Party Actions.

Dated: May 25, 2005
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/ William H. Sudell, Jr.*
William H. Sudell, Jr. (No. 463)
Derek C. Abbott (No. 3376)
Laura V. McGeoch (No. 4655)
1201 N. Market Street
Wilmington, DE 19899-1347
(302) 658-9200

- and -

FRIEDMAN DUMAS & SPRINGWATER LLP
Ellen A. Friedman
Cecily A. Dumas
Gail S. Greenwood
Brandon C. Chaves
One Maritime Plaza, Suite 2475
San Francisco, CA 94111
(415) 834-3800

467189

## **CERTIFICATE OF SERVICE**

I, Laura V. McGeoch, certify that I am not less than 18 years of age, and that service of the foregoing **Hewlett-Packard Company's Opposition To Defendants' Motion To Consolidate For Trial**, was caused to be made on May 25, 2005, in the manner indicated upon the entities identified on the attached service list.

Dated: May 25, 2005

*/s/ Laura V. McGeoch*
Laura V. McGeoch

467177

## SERVICE LIST

| **VIA HAND DELIVERY** | **VIA FIRST CLASS U.S. MAIL** |

**VIA HAND DELIVERY**

James F. Harker, Esquire
Herlihy, Harker & Kavanaugh
1300 N. Market Street, Suite 400
Wilmington, DE 19801

Patricia P. McGonigle, Esquire
Seitz Van Ogtrop & Green
222 Delaware Avenue, Suite 1500
Wilmington, DE 19801

Thomas Macauley, Esquire
Zuckerman Spaeder LLP
919 Market Street, Suite 1075
Wilmington, DE 19801

William J. Burnett, Esquire
Blank Rome LLP
1201 N. Market Street, Suite 800
Wilmington, DE 19801

Laura Davis Jones, Esquire
Sandra G. McLamb, Esquire
Kathleen Marshall DePhillips
Pachulski, Stang, Ziehl, Young
 & Jones, P.C.
919 N. Market Street, Suite 1600
Wilmington, DE 19801

Thomas Whalen, Esquire
Stevens & Lee, P.C.
1105 N. Market Street, 7th Floor
Wilmington, DE 19801

Joseph Grey, Esquire
Stevens & Lee, P.C.
1105 N. Market Street, 7th Floor
Wilmington, DE 19801

**VIA FIRST CLASS U.S. MAIL**

Charles Tatelbaum, Esquire
Adorno & Yoss, P.A.
350 East Las Olas Boulevard
Suite 1700
Fort Lauderdale, FL 33301

Sabrina L. Streusand, Esquire
Hughes & Luce, L.L.P.
111 Congress Avenue, Suite 900
Austin, TX 78701

Culver V. Halliday, Esquire
Stoll, Keenon & Park, LLP
2650 AEGON Center
400 West Market
Louisville, KY 40202

John Hersey, Esquire
Bingham McCutchen LLP
600 Anton Boulevard, 18th Floor
Costa Mesa, CA 92626

Ellen A. Friedman, Esquire
Cecily A. Dumas, Esquire
Gail. Greenwood, Esquire
Brandon C. Chaves, Esquire
Friedman Dumas & Springwater LLP
One Maritime Plaza, Suite 2475
San Francisco, CA 94111

467186