# IN THE UNITED STATE DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| INACOM CORP., et al., ) | |
| ) | Case No. 00-2426 (PJW) |
| Debtors. ) | |
| ) | |
| ) | |
| INACOM CORP., on behalf of affiliated ) | |
| Debtors, ) | Civil Action no. 04-582-GMS |
| ) | Adv. No. 02-3499 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DELL COMPUTER CORPORATION, ) | |
| et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANT'S PROPOSED SPECIAL
## INTERROGATORIES/SPECIAL VERDICT FORM

Pursuant to FED. R. CIV. PROC. 49, D. Del. LR 51.1, and the Court's scheduling order, Defendant, Dell, Inc. (f/k/a Dell Computer Corporation) ("Dell"), files the attached Proposed Special Interrogatories/Special Verdict Form in triplicate and on diskette.

**DEFENDANT'S PROPOSED SPECIAL INTERROGATORIES/SPECIAL VERDICT FORM**

006005.00189:175611.07

Respectfully submitted,

*/s/ Kevin A. Guerke*
Patricia P. McGonigle
Delaware State Bar No. 3126
Kevin Guerke
Delaware State Bar No. 4096
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, Delaware 19899
Telephone: (302) 888-0600
Telecopier: (302) 888-0606

and

H. Robert Powell
Texas State Bar No. 16197000
Sabrina L. Streusand
Texas State Bar No. 11701700
G. James Landon
Texas State Bar No. 24002445
Hughes & Luce, L.L.P.
111 Congress Avenue, Suite 900
Austin, Texas 78701

**COUNSEL FOR DELL, INC. (F/K/A DELL COMPUTER CORPORATION)**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Dell, Inc.'s Trial Brief was served on this the 15th day of August, 2005 as set forth below:

| | |
|---|---|
| Earl M. Forte, Esq.<br>Blank Rome, LLP<br>One Logan Square<br>18th & Cherry Streets<br>Philadelphia, PA 19103-6998 | Attorneys for Plaintiff, Inacom Corp.<br>U.S. Mail |
| Elio Battista<br>Blank Rome LLP<br>Chase Manhattan Centre<br>1201 Market Street, Suite 800<br>Wilmington, DE 19801 | Attorneys for Plaintiff, Inacom Corp.<br>Hand Delivery |
| Andrew Caine<br>Pachulski, Stang, Ziehl, Young<br>10100 Santa Monica Boulevard<br>Suite 1100<br>Los Angeles, CA 90067 | Attorneys for Plaintiff, Inacom Corp.<br>U.S. Mail |
| Jonathan P. Hersey<br>Bingham McCutchen LLP<br>600 Anton Blvd., 18th Floor<br>Costa Mesa, CA 92626 | Attorneys for Ingram Entertainment, Inc.<br>U.S. Mail |
| Stephen C. Hunt<br>Charles M. Tatelbaum<br>Adorno & Yoss, P.A.<br>350 E. Las Olas Blvd., Suite 1700<br>Fort Lauderdale, FL 33301 | Attorneys for Tech Data Corporation<br>U.S. Mail |
| Culver Halliday<br>Stoll, Keenon & Park, L.L.P.<br>300 W. Vine Street, Suite 2100<br>Lexington, Kentucky 40507-1801 | Attorneys for Lexmark International<br>U.S. Mail |

/s/ Kevin A. Guerke
Kevin Guerke (DE4096)

**DEFENDANT'S PROPOSED SPECIAL INTERROGATORIES/SPECIAL VERDICT FORM**

006005.00189:175611.07

**IN THE UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| INACOM CORP., et al., ) | |
| ) | Case No. 00-2426 (PJW) |
| Debtors. ) | |
| ) | |
| ) | |
| INACOM CORP., on behalf of affiliated ) | |
| Debtors, ) | Civil Action no. 04-582-GMS |
| ) | Adv. No. 02-3499 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DELL COMPUTER CORPORATION, ) | |
| et al, ) | |
| ) | |
| Defendants. ) | |

**VERDICT FORM**

We, the jury in this action, unanimously find the following:

**PREFERENCE CAUSE OF ACTION**[1]

**QUESTION NO. 1**

Do you find, from a preponderance of the evidence, that Inacom was insolvent at any of the times after March 16, 2000, that Inacom paid Dell for the products Dell had previously sold and delivered to Inacom?

    Answer "Yes" or "No":    _____

If you answered Question No. 1 "Yes" then answer the following questions; if you answered the question "No", skip all remaining questions and date and sign this Verdict Form.

---

[1] The parties have agreed to stipulate that the following elements of Plaintiff's preference claim have been met: (1) that the transfers were to or for the benefit of Dell; (2) that the transfers were on account of an antecedent debt owed by Inacom before such transfers were made; and (3) that the transfers were within the ninety (90) days before the date of the filing of the petition. Should these stipulations not be entered, Dell reserves the right to supplement and/or amend this proposed verdict form to properly include such elements.

**DEFENDANT'S PROPOSED SPECIAL INTERROGATORIES/SPECIAL VERDICT FORM**

**QUESTION NO. 2**

On what date prior to the bankruptcy filing by Inacom on June 16, 2000, did Inacom first become insolvent if at all?

  Answer:  _____

**QUESTION NO. 3**

Do you find, from a preponderance of the evidence, that Dell received more by the payments than it would have received if the payments had not been made and if this had been a Chapter 7 bankruptcy case?

  Answer "Yes" or "No":  _____

If you answered Question No. 3 "Yes" then answer the following questions; if you answered the question "No", skip all remaining questions and date and sign this Verdict Form.

## ORDINARY COURSE DEFENSE[2]

**QUESTION NO. 4**

Were all of the payments by Inacom to Dell after March 16, 2000, except the April 3, 2000 payment of $806,278.00, made in the ordinary course of business or financial affairs between Inacom and Dell?

  Answer "Yes" or "No":  _____

**QUESTION NO. 5**

Were all of the payments by Inacom to Dell after March 16, 2000, except the April 3, 2000 payment of $806,278.00, made according to ordinary business terms?

  Answer "Yes" or "No":  _____

If you answered "Yes" to both question numbers 4 and 5 then skip all remaining questions and date and sign this Verdict Form, otherwise follow the instructions for Question No. 6.

**QUESTION NO. 6**

If you answered Question No. 4 "No", then answer Question 6A., otherwise proceed to Question 6B and do not answer Question 6A.

---

[2] The parties have agreed to stipulate that the following element of Dell's ordinary course defense has been met: that the transfers were in payment of a debt incurred by Inacom in the ordinary course of business and financial affairs of Inacom and Dell. Should this stipulation not be entered, Dell reserves the right to supplement and/or amend this proposed verdict form to properly include such element.

**DEFENDANT'S PROPOSED SPECIAL INTERROGATORIES/SPECIAL VERDICT FORM**

  006005.00189:175611.07

**QUESTION 6A.**

Find as to each payment in the following Table whether such payment was made in the ordinary course of business or financial affairs between Inacom and Dell.

> Answer by writing "Yes" or "No" next to each payment in the space provided under the "Question 6A." column of the Table provided in this Question 6.

If you answered Question No. 5 "No", then answer Question 6B., otherwise proceed to Question 7 and do not answer Question 6B.

**QUESTION 6B.**

Find as to each payment in the following Table whether such payment was made according to ordinary business terms.

> Answer by writing "Yes" or "No" next to each payment in the space provided under the "Question 6B." column of the Table provided in this Question 6.

**TABLE**

| Payment Applied Date | Payment Amount | Question 6A.<br><br>**(Payments in Ordinary Course)**<br><br>(Answer only if Question No. 4's answer was "No") | Question 6B.<br><br>**(Payments Under Ordinary Terms)**<br><br>(Answer only if Question No. 5's answer was "No") |
|---|---|---|---|
| 1.  3/20/2000 | $1,515,938.54 | | |
| 2.  3/20/2000 | $86,554.50 | | |
| 3.  3/22/2000 | $4,561,559.51 | | |
| 4.  3/22/2000 | $412.28 | | |
| 5.  3/23/2000 | $236.55 | | |
| 6.  3/23/2000 | $27.90 | | |
| 7.  3/24/2000 | $433.59 | | |
| 8.  3/28/2000 | $456.05 | | |
| 9.  3/30/2000 | $37,349.32 | | |
| 10.  3/31/2000 | $68,843.53 | | |
| 11.  3/31/2000 | $1,136.80 | | |
| 12.  4/4/2000 | $8,373.43 | | |
| 13.  4/4/2000 | $474.00 | | |
| 14.  4/6/2000 | $433.54 | | |
| 15.  4/12/2000 | $114,440.81 | | |
| 16.  4/12/2000 | $99.95 | | |
| 17.  4/13/2000 | $160.55 | | |
| 18.  4/17/2000 | $25,929.50 | | |
| 19.  4/18/2000 | $215,051.45 | | |
| 20.  4/18/2000 | $134,037.50 | | |
| 21.  4/18/2000 | $938.00 | | |
| 22.  4/27/2000 | $514.36 | | |
| 23.  4/28/2000 | $298.92 | | |
| 24.  5/3/2000 | $4,182.39 | | |
| 25.  5/12/2000 | $215.97 | | |
| 26.  5/17/2000 | $34,924.44 | | |
| 27.  5/22/2000 | $489.09 | | |

**DEFENDANT'S PROPOSED SPECIAL INTERROGATORIES/SPECIAL VERDICT FORM**

# NEW VALUE DEFENSE[3]

## QUESTION NO. 7

Do you find, a preponderance of the evidence, that Dell provided Inacom new value, in products or services, in the following amounts and on the dates listed?

In order to answer any part of this Question "Yes", you must find the following elements for each amount:

(1) payment for the new value was found by you to have been made at a time when Inacom was insolvent; and

(2) payment for the new value was either (a) not made in the ordinary course of business or financial affairs between Inacom and Dell or (b) not made according to ordinary business terms.

Answer Question 7 by writing "Yes" or "No" as to each of the line numbered one (1) through seven (7) below.

1. $679.00 on 3/21/00         Answer "Yes" or "No": _____

2. $277.00 on 3/21/00         Answer "Yes" or "No": _____

3. $598.75 on 3/22/00         Answer "Yes" or "No": _____

4. $215.97 on 3/23/00         Answer "Yes" or "No": _____

5. $2,718.44 on 3/29/00        Answer "Yes" or "No": _____

6. $1,674.00 on 3/31/00        Answer "Yes" or "No": _____

7. $32,475.01 on 4/11/00       Answer "Yes" or "No": _____

8. $31,176.00 on 4/11/00       Answer "Yes" or "No": _____

Dated: _____.

_____
Foreperson

---

[3] The parties have stipulated that all of the transfers in the preference period were to of for the benefit of Dell. Therefore, this element does not need to be submitted to the jury. Further, it is anticipated that at the time of submission to the jury there will be no dispute that the new value, as described in items one (1) through eight (8), was not secured by an otherwise unavoidable security interest. Should the above stipulation not be entered and/or should a dispute arise at to whether any new value provided was accompanied by an unavoidable security interest, Dell reserves the right to supplement and/or amend this proposed verdict form to properly include such elements.

**DEFENDANT'S PROPOSED SPECIAL INTERROGATORIES/SPECIAL VERDICT FORM**