# IN THE UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| INACOM CORP., <u>et al</u>., | ) | |
| | ) | Case No. 00-2426 (PJW) |
| Debtors. | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |
| | ) | |
| INACOM CORP., on behalf of affiliated | ) | |
| Debtors, | ) | Civil Action no. 04-582-GMS |
| | ) | Adv. No. 02-3499 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DELL COMPUTER CORPORATION, | ) | |
| <u>et al</u>, | ) | |
| | ) | |
| Defendant. | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS[1]

Defendant, Dell, Inc. (f/k/a Dell Computer Corporation) ("Dell"), pursuant to D. Del. LR 51.1 and the Court's Scheduling Order, files the attached Proposed Jury Instructions in triplicate and on diskette. Plaintiff has not provided Dell with any proposed jury instructions. Therefore, Dell cannot submit joint instructions.

---

[1] The parties have agreed to stipulate that certain elements of Plaintiff's preference claims and Dell new value and ordinary course defenses have been met. Should these stipulations not be entered, Dell reserves the right to supplement and/or amend this Proposed Jury Instruction to properly include such elements.

Respectfully submitted,

*/s/ Kevin A. Guerke*
Patricia P. McGonigle
Delaware State Bar No. 3126
Kevin Guerke
Delaware State Bar No. 4096
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, Delaware  19899
Telephone:  (302) 888-0600
Telecopier:  (302) 888-0606

and

H. Robert Powell
Texas State Bar No. 16197000
Sabrina L. Streusand
Texas State Bar No. 11701700
G. James Landon
Texas State Bar No. 24002445
Hughes & Luce, L.L.P.
111 Congress Avenue, Suite 900
Austin, Texas  78701

**COUNSEL FOR DELL, INC. (F/K/A DELL
COMPUTER CORPORATION)**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of Dell, Inc.'s Trial

Brief was served on this the 15th day of August, 2005 as set forth below:

| | |
|---|---|
| Earl M. Forte, Esq.<br>Blank Rome, LLP<br>One Logan Square<br>18th & Cherry Streets<br>Philadelphia, PA 19103-6998 | Attorneys for Plaintiff, Inacom Corp.<br>U.S. Mail |
| Elio Battista<br>Blank Rome LLP<br>Chase Manhattan Centre<br>1201 Market Street, Suite 800<br>Wilmington, DE 19801 | Attorneys for Plaintiff, Inacom Corp.<br>Hand Delivery |
| Andrew Caine<br>Pachulski, Stang, Ziehl, Young<br>10100 Santa Monica Boulevard<br>Suite 1100<br>Los Angeles, CA 90067 | Attorneys for Plaintiff, Inacom Corp.<br>U.S. Mail |
| Jonathan P. Hersey<br>Bingham McCutchen LLP<br>600 Anton Blvd., 18th Floor<br>Costa Mesa, CA 92626 | Attorneys for Ingram Entertainment, Inc.<br>U.S. Mail |
| Stephen C. Hunt<br>Charles M. Tatelbaum<br>Adorno & Yoss, P.A.<br>350 E. Las Olas Blvd., Suite 1700<br>Fort Lauderdale, FL 33301 | Attorneys for Tech Data Corporation<br>U.S. Mail |
| Culver Halliday<br>Stoll, Keenon & Park, L.L.P.<br>300 W. Vine Street, Suite 2100<br>Lexington, Kentucky 40507-1801 | Attorneys for Lexmark International<br>U.S. Mail |

*/s/ Kevin A. Guerke*
Kevin Guerke (DE 4096)

**IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| INACOM CORP., <u>et al</u>., | ) | |
| | ) | Case No. 00-2426 (PJW) |
| Debtors. | ) | |
| | ) | |
| INACOM CORP., on behalf of affiliated | ) | |
| Debtors, | ) | Civil Action no. 04-582-GMS |
| | ) | Adv. No. 02-3499 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DELL COMPUTER CORPORATION, | ) | |
| <u>et al</u>, | ) | |
| | ) | |
| Defendant. | ) | |

<u>**JURY INSTRUCTIONS**</u>

<u>**TABLE OF CONTENTS**</u>

PRELIMINARY INSTRUCTION AFTER SELECTION
OF THE JURY AND BEFORE OPENING STATEMENT

INTRODUCTION ....................................................................................................1

THE PARTIES AND THEIR CONTENTIONS ....................................................1

DUTIES OF THE JURY.........................................................................................2

EVIDENCE...............................................................................................................2

CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY ..................4

SUMMARY OF APPLICABLE LAW ....................................................................4

BURDEN OF PROOF .............................................................................................5

CONDUCT OF THE JURY ....................................................................................6

COURSE OF THE TRIAL......................................................................................7

TRIAL SCHEDULE................................................................................................8

## SUBSTANTIVE INSTRUCTIONS AFTER CLOSE OF EVIDENCE

PROVINCE OF THE COURT AND JURY ...................................................................9

CLOSING ARGUMENTS ........................................................................................9

INSTRUCTIONS REGARDING VERDICT FORM AND BURDEN OF PROOF ...............9

LIMITING INSTRUCTIONS ...................................................................................11

IMPEACHMENT BY WITNESSES' INCONSISTENT STATEMENT ...............................11

CONSIDERATION OF THE EVIDENCE....................................................................12

EXPERT TESTIMONY............................................................................................12

NOTE TAKING .....................................................................................................13

BIAS AND SYMPATHY .........................................................................................13

PREFERENCE CLAIM ...........................................................................................14

DEFENSES ...........................................................................................................17

INSTRUCTIONS ON DELIBERATION......................................................................19

## PRELIMINARY INSTRUCTIONS AFTER SELECTION
## OF THE JURY AND BEFORE OPENING STATEMENT

## INTRODUCTION

Members of the jury: Now that you have been sworn, I am now going to give

you some preliminary instructions to guide you in your participation in the trial.

## THE PARTIES AND THEIR CONTENTIONS

Before I begin with those instructions, however, allow me to give you an

overview of who the parties are and what each contends.

The parties in this case are the Plaintiff, Inacom Corp. ("Inacom" or "Plaintiff")

and the Defendant, Dell, Inc. ("Dell" or "Defendant").

In this case, Inacom alleges that certain payments made by Inacom to Dell before

the filing of the bankruptcy case can be "avoided," or set aside as preferences.  The

payments were made by Inacom to Dell for computer products and services Dell sold

and Inacom accepted and retained.

Plaintiff contends that Inacom was insolvent at the time of the payments.  Dell

denies that Inacom was insolvent at the time of the payments and denies that the

payments were preferences.  Dell further contends that, even if Inacom was insolvent

and the payments are preferences, the payments were made in the ordinary course of

business and/or Dell provided new value and, therefore, they cannot be set aside or

avoided.

## DUTIES OF THE JURY

So, let me begin with those general rules that will govern the discharge of your duties as jurors in this case.

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply to those facts to the law as I will give it to you both during these preliminary instructions and at the close of the evidence. You must follow that law whether you agree with it or not. Again, of course, you are bound by your oath as jurors to follow these and all the instructions that I give you, even if you personally disagree with them. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. Also, do not let anything that I may say or do during the course of the trial influence you. Nothing that I may say or do is intended to indicate, or should be taken by you as indicating, what your verdict should be.

## EVIDENCE

The evidence from which you will find the facts will consist of the testimony of witnesses; (the testimony of witnesses consist of the answers of the witnesses to questions posed by the attorneys or the court -- you may not ask questions). Evidence will also consist of documents and other things received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that I may instruct you to find.

Certain things are not evidence and must not be considered by you.  I will list them for you now:

1.      Statements, arguments, and questions by lawyers are not evidence.

2.      Objections to questions are not evidence.  Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question.  If it is overruled, treat the answer like any other.  If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3.      Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4.      Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded.  You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.  As a general rule, the law makes no distinction between these two types of evidence, but simply requires that you find facts from all the evidence in the case, whether direct or circumstantial or a combination of the two.

## CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY

You are the sole judges of each witness' credibility. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable. This instruction applies to the testimony of all witnesses, including expert witnesses.

## SUMMARY OF APPLICABLE LAW

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements which Plaintiff Inacom must prove to make its case. On its preference claims, Inacom must prove:

a).    That the payments to Dell were made while Inacom was insolvent; and

006005.00189:175466.05

    b).     That Dell received more by the payments than it would have received if the payments had not been made and if this had been a Chapter 7 bankruptcy case.

If Plaintiff does establish each element of its preference claim as to the alleged preferences, you must consider Dell's ordinary course of business defense to each established preference claim. Dell only needs to prove this defense as to any payments that are found to be preferences. In order to prove this defense, Dell must show:

    a).     that the payments were made in the ordinary course of business or financial affairs between Inacom and Dell; and

    b).     that the payments were made according to ordinary business terms.

Dell has also asserted a "new value" defense to the preference claims. In order to prove this defense, Dell must show:

    a).     That Dell gave "new value" to or for the benefit of the Inacom; and

    a).     Inacom did not make an otherwise unavoidable payment to Dell on account of the new value received by Inacom.

## BURDEN OF PROOF

This is a civil case. Here the Plaintiff has the burden of proving each alleged preference by what is called a preponderance of the evidence. Should the Plaintiff do so, Dell will similarly have the burden of proving its defenses to the alleged preferences by a preponderance of the evidence. That means the Plaintiff on each claim, and Dell on its defenses, have to produce evidence which, considered in the light of all the facts, leads you to believe that their claim or defenses are more likely true than not. To put it differently, if you were to put the parties' evidence on opposite sides of a scale, the

DEFENDANT'S PROPOSED JURY INSTRUCTIONS    -5-

evidence supporting each claim or defense would have to make the scale tip somewhat on their side.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That requirement does not apply to a civil case; therefore, you should put it out of your mind.

## CONDUCT OF THE JURY

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case with even your fellow jurors. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you nor you with them. In this way, any unwarranted and unnecessary suspicion about your fairness can be avoided. If anyone should try to talk to you about it, bring it to the court's attention promptly.

Second, do not read or listen to anything touching on this case in any way.

Third, do not try to do any research or make any investigation about the case on your own.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

During the trial, I will permit you to take notes. A word of caution is in order. There is always a tendency to attach undue importance to matters which one has

DEFENDANT'S PROPOSED JURY INSTRUCTIONS      -6-

written down.  Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented.  Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence.  Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial.  Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

So, if you do take notes, leave them in your seat at the end of the day, and my Deputy will collect them and return them to your seat the next day.  And, remember that they are for your own personal use.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

## COURSE OF THE TRIAL

This trial, like most jury trials, comes in seven stages or phases.  We have already been through the first phase, which was to select you as jurors.  The remaining stages are:

(2)    These preliminary instructions to you;

(3)    Opening statements which are intended to explain to you what each side intends to prove and are offered to help you follow the evidence.  The

lawyers are not required to make opening statements at this time or they may defer this opening until it is their turn to present evidence.

(4)     The presentation of the evidence which will include live witnesses and may also include previously recorded testimony, as well as documents and things;

(5)     My final instructions on the law to you;

(6)     The closing arguments of the lawyers which will be offered to help you make your determination; and, finally,

(7)     Your deliberations where you will evaluate and discuss the evidence among yourselves and determine the outcome of the case.

Please keep in mind that evidence is often introduced somewhat piecemeal. So, as the evidence comes in, you as jurors need to keep an open mind.

We will begin shortly, but first I want to outline the anticipated schedule of the trial.

## TRIAL SCHEDULE

Though you have heard me say this during the voir dire, I want to again outline the schedule I expect to maintain during the course of this trial.

This case is expected to take five to seven  days to try.  We will normally begin the day at 9:00 a.m. promptly.  We will go until 1:00 p.m. and, after a one hour break for lunch, from 2:00 p.m. to 4:30 p.m.  There will be a fifteen minute break at 11:00 a.m. and another fifteen minute break at 3:15 p.m.  The only significant exception to this schedule may occur when the case is submitted to you for your deliberations.  On that day, the

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**      -8-

proceedings might last beyond 5:00 p.m.  We will post a copy of this schedule for your convenience in the jury deliberation room.

### SUBSTANTIVE INSTRUCTIONS AFTER CLOSE OF EVIDENCE

### PROVINCE OF THE COURT AND JURY

You have heard the evidence in this case.  I will now instruct you on the law that you must apply.  It is your duty to follow the law as I give it to you.  On the other hand, you the jury are the judges of the facts.  Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.[2]  You must not single our one instruction alone as stating the law, but consider the instructions as a whole.

### CLOSING ARGUMENTS

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.  Statements and arguments of the attorneys are not evidence and are not instructions on the law.  They are intended only to assist the jury in understanding the evidence and the parties' contentions.[3]

### INSTRUCTIONS REGARDING VERDICT FORM AND BURDEN OF PROOF

A  verdict form  has been prepared for your convenience.  You will take this form to the jury room.  Answer each question from the facts as you find them.  Do not decide

---

[2] Fifth Circuit Pattern Jury Instructions § 3.1 (2005).

[3] Fifth Circuit Pattern Jury Instructions § 3.1 (2005).

<u>DEFENDANT'S PROPOSED JURY INSTRUCTIONS</u>        -9-

who you think should win and then answer the questions accordingly.  Your answers
and your verdict must be unanimous.[4]

You must answer all questions from a preponderance of the evidence.  By this is
meant the greater weight and degree of credible evidence before you.  In other words, a
preponderance of the evidence just means the amount of evidence that persuades you
that a claim is more likely so than not so.  In determining whether any fact has been
proved by a preponderance of the evidence in the case, you may, unless otherwise
instructed, consider the testimony of all witnesses, regardless of who may have called
them, and all exhibits received in evidence, regardless of who may have produced
them.[5]

If you decide that the credible evidence on a given issue is evenly divided
between the parties—that it is equally probable that one side is right as it is that the
other side is right—then you must—decide that issue against the party that has the
burden to prove the issue.  That is because the party bearing the burden of proof must
prove more than simple equality of evidence—he must prove the element at issue by a
preponderance of the evidence.[6]

Your foreperson will write the unanimous answer of the jury in the space
provided, and will date and sign the verdict form, when completed.  You will then
return with the completed verdict form  to the courtroom.

---

[4] Fifth Circuit Pattern Jury Instructions § 3.1 (2005).

[5] Fifth Circuit Pattern Jury Instructions § 3.1 (2005).

[6] *Porter v. American Export Lines, Inc.*, 387 F. 2d 409 (3rd Cir. 1968).

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**      -10-

## LIMITING INSTRUCTIONS

You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose and I instructed you that you may consider some documents as evidence against one party but not against another.  You may consider such evidence only for the specific limited purposes for which it was admitted.[7]

## IMPEACHMENT BY WITNESSES' INCONSISTENT STATEMENT

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.[8]

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.[9]

---

[7] Fifth Circuit Pattern Jury Instructions § 3.1 (2005).

[8] Fifth Circuit Pattern Jury Instructions § 3.1 (2005).

[9] Fifth Circuit Pattern Jury Instructions § 3.1 (2005).

<u>DEFENDANT'S PROPOSED JURY INSTRUCTIONS</u>        -11-

## CONSIDERATION OF THE EVIDENCE

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in this case.[10]

The testimony of a single witness may be sufficient to prove any fact, even if greater number of witnesses may have testified to the contrary, of after considering all the other evidence you believe that single witness.[11]

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direst and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.[12]

## EXPERT TESTIMONY

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert

---

[10] Fifth Circuit Pattern Jury Instructions § 3.1 (2005).

[11] Fifth Circuit Pattern Jury Instructions § 3.1 (2005).

[12] Fifth Circuit Pattern Jury Instructions § 3.1 (2005).

DEFENDANT'S PROPOSED JURY INSTRUCTIONS        -12-

witness—is permitted to state his opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon it.[13]

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence the he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.[14]

## NOTE TAKING

Any note that you have taken during this trial are only aids in memory.  If you memory should differ from your notes, then you should rely on your memory and not on the notes.  The notes are not evidence.  A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.  Note are not entitled to any greater weight that the recollection or impression of each juror about the testimony.[15]

## BIAS AND SYMPATHY

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.[16]

---

[13] Fifth Circuit Pattern Jury Instructions § 3.1 (2005).

[14] Fifth Circuit Pattern Jury Instructions § 3.1 (2005).

[15] Fifth Circuit Pattern Jury Instructions § 3.1 (2005).

[16] Fifth Circuit Pattern Jury Instructions § 2.13 (2005).

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**        -13-

**PREFERENCE CLAIM**

And now I will explain the word "preference." The bankruptcy law provides for the equality of distribution of the Debtor's assets among all creditors who have similar legal status.  In order to promote that goal, the law also provides that the payments made by the Debtor to a creditor within 90 days before the filing of the bankruptcy case can be "avoided," or set aside, since under the law such payments may be a "preference" to that particular creditor (in other words, a special treatment for that creditor) which unfairly disadvantages the other creditors.  The law, therefore, provides that, if a payment is a preference, it must be paid back by the recipient so that those monies can be equally distributed among all creditors.

In this case, the Plaintiff claims that certain payments made to Dell are preferences that should be paid back.

The party seeking to recover an alleged preference, the Plaintiff in this case, has the burden of proof to demonstrate that it is entitled to return of the alleged preference payment.  This means that the Plaintiff must prove each and every essential part of its contentions by a "preponderance of the evidence."

In order for you, the jury to find that the payments constituted avoidable preferences, you must find for the Plaintiff, by a preponderance of the evidence on each and every one of the following elements:[17]

    a).    That the payments to Dell were made while Inacom was insolvent.

---

[17] 11 U.S.C. § 447(b)(1)-(5).

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**    -14-

"Insolvent" means that at the time of the payments the sum of Inacom's debts was greater than all of its assets and property, at a fair valuation.[18]

I must caution you that Inacom's assets must be valued at what they were worth at the time of the payments and not what they turned out to be worth at some later point in time.[19] Therefore, the use of hindsight and/or the fact that Inacom subsequently filed bankruptcy to evaluate Inacom's financial condition at the time of the transfer cannot enter into the picture.[20]

If, based on the evidence, you believe that the liquidation of Inacom's assets was not clearly imminent on the date of the payments, then Inacom's assets and property at the time of the payments must be valued as if Inacom were still a "going concern."[21]  This means that the assets and property  must be valued at fair market value within a realistic framework considering amounts that Inacom could have sold the assets and property for in a reasonable time assuming a willing seller and a willing buyer.[22]

A "reasonable time" is defined as an estimate of the time that a typical creditor would find optimal: not so short a period that the value of the goods is substantially impaired via a forced sale, but not so long a time that a typical creditor would receive less satisfaction of its claims, as a result of the time value of money and typical business needs, by waiting for the possibility of a higher price.[23]

---

[18] 11 U.S.C. § 101(32)(A).

[19] *In re Davis*, 120 B.R. 823, 825 (Bankr. W.D. Pa. 1990); *see also Total Tech. Servs., Inc. v. Whitworth*, 150 B.R. 893, 900 (Bankr. D. Del. 1993).

[20] *In re Trans World Airlines, Inc.*, 134 F. 3d 188, 197-98 (3d Cir. 1998) (quoting Lawrence P. King, 2 Collier on Bankruptcy ¶ 101.32[4], p. 101-16 (15th ed. 1997)), *cert. denied*, 523 U.S. 1138 (1998).

[21] *In re Trans World Airlines, Inc.*, 134 F. 3d at, 193 ; *see also Moody v. Sec. Pac. Bus. Credit, Inc.*, 971 F. 2d 1056, 1067 (3d Cir. 1992); *In re Lids Corp.*, 281 B.R. 535, 541 (Bankr. D. Del 2002).

[22] *In re Trans World Airlines, Inc.*, 134 F. 3d at 193-94; *see also In re Lids Corp.*, 281 B.R. at 541.

[23] *In re Trans World Airlines, Inc.*, 134 F. 3d at 195 (in that case a reasonable time was twelve (12) to eighteen (18) months); *see also In re Lids Corp.*, 281 B.R. at 541.

In this context, fair market value is also defined as the amount that could have been realized if Inacom's aggregate assets were sold as an entirety in an arm's length transaction under the conditions at the time of the payments.[24]

In valuing Inacom's assets and property at the time of the payments, you should only use a "distressed" or "forced sale liquidation" value if you find that Inacom's business was wholly inoperative, defunct or dead on its feet as the time of the payments.[25]  Otherwise, you should use the "going concern" analysis I previously described.

Inacom's debts at the time of the payments are measured by their face value and not at market value.[26]  If you believe Inacom was a "going concern, " and not on its "deathbed" at the time of the payments, then you are instructed not to consider the costs incurred by Inacom as part of its eventual dissolution or bankruptcy filing as debt at the time of the payments.[27]

b).    That Dell received more by the payments than it would have received if the payments had not been made and if this had been a Chapter 7 bankruptcy case.

If you find that the unsecured creditors would have received, from Inacom's bankruptcy estate in a Chapter 7 bankruptcy case, less than 100 percent of all their timely and uncontested claims against Inacom, then Dell received more money from Inacom within 90 days prior to Inacom's bankruptcy than Dell would have received had Dell not been paid and had it filed a claim and waited with other unsecured creditors to be paid from the bankruptcy estate after liquidation of all of Inacom's assets.

If you, the jury, decide that the Plaintiff has not established each and every one of

the elements by a preponderance of the evidence as to the payments, you must find for

---

[24] *In re Lids Corp.*, 281 B.R. at 541.

[25] *In re Art Shirt, Ltd.*, 93 B.R. 333, 341 (E.D. Penn. 1988).

[26] *In re Trans World Airlines, Inc.*, 134 F. 3d at  190 & 196; *In re Lids Corp.*, 281 B.R. at 545.

[27] *In re Trans World Airlines, Inc.*, 134 F. 3d at 197-98.

<u>DEFENDANT'S PROPOSED JURY INSTRUCTIONS</u>        -16-

the Dell.  If you determine that the elements have been established as to any payment, you should decide that those payments were preferences, which means that Dell must pay back to the Inacom's bankruptcy estate the payments received.

**DEFENSES**

Dell contends that, even if any of the payments were considered preferential, the facts and circumstances nevertheless demonstrate that the payments fit within a legally-defined exception to the rule allowing the recovery of preferences, and thus permitting Dell to keep the payments in dispute.  Dell has the burden of proof, by a preponderance of the evidence, of the existence of any exceptions or defenses to any preference.

The exceptions claimed by Dell are:

1.  That each transfer was paid in the ordinary course of business of Inacom and Dell.

    You must find for Dell if all the following elements have been proved Dell by a preponderance of the evidence:[28]

    a).   that the payments were made in the ordinary course of business or financial affairs between Inacom and Dell; and

    b).   that the payments were made according to ordinary business terms.

    "Ordinary course of business or financial affairs between Inacom and Dell" means the course of dealings between Inacom and Dell during the pre-preference period.  You should examine the pre-preference period in which the parties dealt with each other and determine whether the pre-preference relationship mirrors the preference period relationship.  Therefore, you will need to examine the payment history in the pre-preference period and determine

---

[28] 11 U.S. C. § 547(c)(2).

006005.00189:175466.05

the range of dates in which payment was generally made from the date of invoice. However, the longer the pre-preference period relationship, the more freedom the parties are allowed in departing from that relationship but still be acting within the ordinary course of business. The range of payments that are considered ordinary between the parties in the pre-preference period will then be compared by you to the payments made in the preference period. If the payment dates for any payment in the preference period fall within the range of payment dates during the pre-preference period, then any such payment was made in the ordinary course of business or financial affairs between Inacom and Dell.

"Ordinary business terms" means the practices in which company's similar in some general way to the Dell engage.[29] Therefore, this element may be satisfied as long as the payment was made within the range of terms that encompasses the practices in which firms similar in some general way to Dell engage and only dealings so unusual as to fall outside that broad range should be deemed extraordinary.[30]

Further, the more cemented, as measured by its duration, the relationship between Inacom and Dell, the more Dell is allowed to vary its credit terms from industry norm.[31]

If Dell proves each of these two elements by a preponderance of the evidence as to any payment, then your verdict must be for Dell with regard to the particular payments that fall within the "ordinary course of business" defense to Plaintiff's preference claims.

2. A separate defense to the Plaintiff's preference claim is subsequent "new value" provided by a Dell to Inacom in the form of delivery by Dell of new products or services after a voidable preference. Dell contends that Dell and Inacom had a revolving credit relationship in which Dell made periodic

---

[29] *See In re First Jersey Sec., Inc.*, 180 F. 3d at 513 (quoting *In re Molded Acoustical Prods., Inc.*, 18 F. 3d at 224).

[30] *In re Cocolat, Inc.*, 176 B.R. 540, 550 (Bankr. N.D. Cal. 1995)(emphasis in original); *see also In re First Jersey Sec., Inc.*, 180 F. 3d at 513; *In re Molded Acoustical Prods., Inc.*, 18 F. 3d at 220 & 224; *In re Tolona Pizza Prods. Corp.*, 3 F. 3d 1029, 1033 (7th Cir. 1993).

[31] *See In re Molded Acoustical Products, Inc.*, 18 F. 3d at 225.

<u>DEFENDANT'S PROPOSED JURY INSTRUCTIONS</u>     -18-

deliveries of "new value" to Inacom in the form of products and/or services, and Inacom made periodic, but not contemporaneous, payments therefore.

"New value" in this case means money or money's worth in goods, services or new credit.[32]

Dell must prove the following elements by a preponderance of the evidence:[33]

a).    That Dell gave "new value" to or for the benefit of the Inacom; and

b).    Inacom did not make an otherwise unavoidable payment to Dell on account of the new value received by Inacom.

If you find that Inacom made payment on account of any new value it received, your inquiry does not stop here.  You must then determine whether such payment or payments were not "otherwise unavoidable" payments.    A payment is not "otherwise unavoidable" if at the time Inacom made payment on the new value: (1) Inacom was insolvent; and (2) such payment was either (a) not made in the ordinary course of business or financial affairs between Inacom and Dell or (b) not made according to ordinary business terms.[34]

## INSTRUCTIONS ON DELIBERATION

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence.  First, select your Foreperson and then conduct your deliberations.  If you recess during your deliberations, follow all of the instructions that the Court has given you about conduct

---

[32] 11 U.S.C. § 547(a)(2).

[33] 11 U.S.C. § 547(c)(4).

[34] *See In re Hechinger Investment Co. of Del., Inc.*, 2004 WL 3113718, *5 (Bankr. D. Del. Dec. 14, 2004); *see also generally In re JKJ Chevrolet, Inc.*, 412 F. 3d 545 (4th Cir. 2005); *In re Toyota of Jefferson, Inc.*, 14 F. 3d 1088 (5th Cir. 1994); *In re Roberds, Inc.*, 315 B.R. 443 (Bankr. W.D. Wash. 1994); *In re Check Reporting Servs. Inc.*, 140 B.R. 425 (Bankr. W.D. Mich. 1992).

during trial.  After you have reached your unanimous verdicts, your Foreperson is to fill in the your answers to the questions on the verdict form.  Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.  You must never disclose to anyone, not even me, your numerical division on any question.[35]

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me.  I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally.  I will always first disclose to the attorneys your question and my response before I answer your question.[36]

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.  You may now retire to the jury room to conduct your deliberations.[37]

---

[35] Fifth Circuit Pattern Jury Instructions § 3.1 (2005).

[36] Fifth Circuit Pattern Jury Instructions § 3.1 (2005).

[37] Fifth Circuit Pattern Jury Instructions § 3.1 (2005).

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**        -20-