**IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

In re:                                                    )
                                                          )    Chapter 11
INACOM CORP., et al.,                                     )
                                                          )    Case No. 00-2426 (PJW)
                    Debtors.                              )
_____)
                                                          )
INACOM CORP., on behalf of affiliated                    )
Debtors,                                                  )    Civil Action no. 04-582-GMS
                                                          )    Adv. No. 02-3499
                    Plaintiff,                            )
                                                          )
            v.                                            )
                                                          )
DELL COMPUTER CORPORATION, et al.,                       )
                                                          )
                    Defendants.                           )
_____)

## MOTION IN LIMINE OF PLAINTIFF TO
## EXCLUDE EVIDENCE OF COMPROMISE AND OFFERS OF COMPROMISE

Plaintiff, Debtors, InaCom Corporation and affiliates, through Executive Sounding Board

Associates, Inc., Plan Administrator ("Plaintiff"), move the Court to exclude any evidence

respecting a proposed and defunct settlement agreement entitled Mutual Settlement Agreement

and Release, signed on or about August 19, 2002, (the "Settlement Agreement") by the Debtors

and Defendants Dell Computer Corporation, Dell Receivables, L.P. and Dell Marketing, L.P.

(collectively, "Dell").  As the bankruptcy court found after a hearing, because the Debtors'

Official Committee of Unsecured Creditors (the "Committee") had objected to the Settlement

Agreement there was never an enforceable agreement reached.  For this reason, any evidence of

that unenforceable agreement should be excluded under the Federal Rules of Evidence 402 and

408.

INTRODUCTION

On May 16, 2002, Debtors filed this preference action seeking to recover $7,621,014.83 from Dell. In July of 2002, Debtors and Dell entered into settlement negotiations that ultimately resulted in a proposed agreement. As mandated by the bankruptcy court's "Agreed Amended Order Authorizing and Approving Omnibus Procedure for Settling Certain Claims and Causes of Action Brought by Debtors in a Judicial, Administrative, Arbitral, or Other Action or Proceeding" (the "Procedures Order"), the Settlement Agreement had to be approved by the Committee to become effective. The Committee objected. Despite the Committee's objection and the clear language of the Procedures Order, Dell moved to compel enforcement of the Settlement Agreement. The Court denied Dell's motion holding that "…there [was] no enforceable agreement between Debtors and Dell." *In re InaCom Corp., et al.*, 2003 WL 21087137, *3 (Bankr. D.Del. May 2, 2003).

Now, Dell may attempt to introduce evidence of the Settlement Agreement at trial to somehow prejudice the Plaintiff's case. The evidence of the failed Settlement Agreement is both irrelevant and potentially prejudicial to Plaintiff and any and all references to it should be excluded.

ARGUMENT

F.R.E. 408 states that "[e]vidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or

statements made in compromise negotiations is likewise not admissible."[1] Moreover, "[e]vidence which is not relevant is not admissible." F.R.E. 402. Evidence of the Settlement Agreement and its surrounding negotiations are inadmissible under both of these rules.

On its face, the Settlement Agreement is not relevant to the legal or factual issues involved in the analysis of whether payments to Dell are preferences under meaning of § 547(b) of the Bankruptcy Code. The fact that Dell and the Debtors (before the involvement of the Plan Administrator and its current legal counsel as representatives of the Plaintiff in this adversary proceeding) reached a potential settlement of $400,000.00 in this $7,621,014.83 preference action is both irrelevant, and if admitted, potentially prejudicial to Plaintiff. In addition, the Settlement Agreement was never enforceable due to the Committee's timely objection. Dell's attempt to enforce the Settlement Agreement was firmly rejected by the bankruptcy court. *See In re InaCom Corp., et al.*, 2003 WL 21087137, *3 (Bankr. D.Del. May 2, 2003). The sole reason Dell would want to introduce this evidence is to undermine the validity of the Plaintiff's preference claim – the precise reason prohibited by the Federal Rules of Evidence.

Dell cannot dispute that evidence of the Settlement Agreement falls within the purview of F.R.E. 408, which "expressly forbids the use of compromise evidence if offered to prove the invalidity" of the Plaintiff's claim. *See, Key Pharmaceuticals, Inc. v. ESI-Lederle, Inc.*, 1997 WL 560131, *3 (E.D.Pa Aug. 29, 1997). The parties' attempt to reach a settlement in the midst of litigation compromising the amount of the preference claim never became enforceable and

---

[1] "Rule 408 codifies the long-standing axiom in federal courts that compromises proposed or accepted are not evidence of an admission of the validity or invalidity of the claim or the amount of damage." 2 Jack. B. Weinstein & Margaret A. Burger, *Weinstein's Federal Evidence*, § 408.03[1], at 408-10 (2nd ed.1997).

evidence of it or any of the negotiations or other circumstances surrounding it, should be excluded as nothing more than failed settlement efforts.

The courts have also held that "if application of Rule 408 exclusion is doubtful, [t]he better practice is to exclude evidence of compromise negotiations." *The Chase Manhattan Bank v. Iridium Africa Corp.*, 2003 WL 22928042, *2 (D. Del. Nov. 25, 2003) *citing Affiliated Mfg., Inc. v. Aluminum Co. of Am.*, 56 F.3d 521, 526 (3$^d$ Cir. 1995) (citing *Bradbury v. Phillips Petrolium Co.*, 815 F.2d 1356, 1364 (10th Cir. 1987)). As such the Settlement Agreement and any evidence of surrounding negotiations should be excluded under F.R.E. 408.

The Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." F.R.E. 401. The Settlement Agreement, or the fact that the parties attempted to reach a compromise, does not make the existence of any fact more or less probable. Nor does it bear on any issues respecting the preference analysis under § 547 of the Bankruptcy Code. The fact that the Debtor was willing to consider compromising the amount of its preference claim from $7,621,014.83 to $400,000 is not relevant to Dell's alleged ordinary course of business defense, or any other defenses put forth by the Defendants. This evidence is not only irrelevant, but also potentially prejudicial to the Plaintiff and should be excluded.

CONCLUSION

     The Plaintiff requests that the Court exclude all evidence pertaining to the Settlement

Agreement and that it grant Plaintiff such other and further relief as may be just and proper.

                           Respectfully submitted,

                           **BLANK ROME LLP**

Dated: August 15, 2005

                           Bonnie Glantz Fatell, Esquire (DE No. 3809)
                           Elio Battista, Jr. (DE No. 3814)
                           Alisa E. Moen, Esquire (DE No. 4088)
                           Chase Manhattan Centre
                           1201 Market Street, Suite 800
                           Wilmington, DE 19801
                           Tel:   (302) 425-6400
                           Fax:   (302) 425-6464

                                  - and -

                           Earl M. Forte, Esquire
                           Regina Stango Kelbon, Esquire
                           One Logan Square
                           Philadelphia, PA 19103
                           Tel:   (215) 569-5500
                           Fax:   (215) 569-5555

                         Attorneys for Plaintiff, Executive Sounding Board
                         Associates, Inc., as Plan Administrator for Debtors

## CERTIFICATE OF SERVICE

I, Alisa E. Moen, hereby certify that on this 15th day of August 2005 I caused a copy of

the **Motion In Limine of Plaintiff to Exclude Evidence of Compromise and Offers of**

**Compromise** to be served upon the following counsel in the manner indicated:

### VIA US MAIL AND FACSIMILE

Sabrina L. Streusand, Esquire
G. James Landon, Esquire
Hughes & Luce, L.L.C.
111 Congress Avenue, Suite 900
Austin, TX 78701

### VIA HAND DELIVERY

Patricia P. McGonigle, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1520
P.O. Box 68
Wilmington, DE 19899

Laura Davis Jones, Esquire
Pachulski Stang Ziehl Young Jones & Weintraub, P.C.
919 North Market Street
Suite 1600
Wilmington, DE 19899

_____
Alisa E. Moen (DE ID No. 4088)