IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| INACOM CORP., et al., | ) | |
| | ) | Case No. 00-2426 (PJW) |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| INACOM CORP., on behalf of affiliated | ) | |
| Debtors, | ) | Civil Action no. 04-582-GMS |
| | ) | Adv. No. 02-3499 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DELL COMPUTER CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**PLAINTIFF'S MOTION IN LIMINE TO
EXCLUDE EXPERT TESTIMONY OF JOHN LAROCCA**

Plaintiff, Debtors, InaCom Corporation and affiliates, through Executive Sounding Board Associates, Inc., Plan Administrator ("Plaintiff") moves the Court to exclude the testimony offered by John LaRocca of Quote to Cash Solutions ("LaRocca"), designated by Defendants Dell Computer Corporation, Dell Receivables, L.P. and Dell Marketing, L.P. (collectively, "Dell") as an expert witness under Federal Rule of Evidence ("F.R.E.") 702. The testimony offered by LaRocca in the form of an expert opinion, is neither reliable nor relevant, nor does it assist the trier of fact to understand the evidence or to determine facts in issue. LaRocca's proffered testimony fails the requirements of F.R.E. 702 and should be excluded.

INTRODUCTION

LaRocca's report purports to opine on the "industry standards of ordinary payment terms for the Computer manufacturers and Resellers for the period March 18, 2000 through June 16,

2000." Specifically, LaRocca's testimony purports to assist Dell in meeting its burden of proof under § 547(c)(2)(C) of the Bankruptcy Code.

Because LaRocca does not qualify as an expert and his testimony is neither reliable nor relevant, LaRocca fails the requirements of F.R.E. 702 and his testimony must be excluded.

LAROCCA'S OPINION

LaRocca's opinion is two-fold. First, he purports to opine on "the ordinary course of business or financial affairs" of Dell and Inacom relying solely on the proffered opinion of Stephen H. Thomas ("Thomas").[1] Second, LaRocca opines that the suspect payments "were made according to ordinary business terms in Dell and the Debtor's industries … and there [was] nothing unusual or idiosyncratic" about remitting these payments for invoices in such time and manner as occurred between the parties.[2]

As a basis for his report, LaRocca relies wholesale on Thomas' ordinary course of business report without doing any independent verification, research or analysis of his own. LaRocca also relies on the hearsay statements of a Dave Kaminski and Lorne Morris, who in the late 1990s worked as credit managers for Compaq Computer Corporation and the Hewlett-Packard Company's North American Distribution arm ("HP"). Additionally, LaRocca offers his own experience as a credit manager at HP during the 1993 through 1997 timeframe. While purporting to opine on the industry standards for the period "March 18, 2000 through June 16, 2000", nothing in LaRocca's report suggests that he conducted any independent research or industry analysis of the ordinary course of business during that time period. Rather, the basis of

---

[1] Without any independent verification, analysis or research, LaRocca simply adopts Thomas' report in its entirety in opining on Dell's ability to satisfy the requirement of § 547(c)(2)(B). Plaintiff has also moved to exclude Thomas' report as unhelpful to the trier of fact and because it improperly instructs the Court how to decide the case.
[2] LaRocca purports to weigh on whether Dell has met its burden of proof under subsection (C) of § 547(c)(2)

2

his purported expert opinion is stale, anecdotal evidence (at least 10-years old) that has no relevance to the facts of this preference action.

ARGUMENT

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony. In applying F.R.E. 702, the Third Circuit has developed a three-part analysis. First, "the witness proffered to testify to specialized knowledge must be an expert." Second, the expert's opinion must be reliable. And third, the expert's opinion must be relevant. In re Paoli R.R. Yard PCB Litigation, 35 F.3d 717, 741-43 (3rd Cir. 1994) (articulating a three-part analysis for applying Rule 702 as "qualifications", "reliability" and "relevancy" or "fit"); see also Crisomia v. Parkway Mortgage, Inc., et al., 286 B.R. 604 (E.D. Pa. 2002). LaRocca fails to satisfy all of the these requirements of F.R.E. 702.

  1.  LaRocca does not qualify as an industry expert

Dell bears the burden of establishing, by a preponderance of the evidence, that LaRocca is qualified to render an expert opinion in this case. Oddi v. Ford Motor Co., 234 F.3d 136, 144 (3d Cir. 2000) citing Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S. Ct. 2786 (1993). While the courts have construed this requirement liberally holding that "a broad range of knowledge, skills, and training qualify an expert as such", In re Paoli at 741, LaRocca's experience as a credit manager at HP ended in 1997, over three years before the preference period and does not qualify him to render an opinion on industry practice in 2000. LaRocca has conducted no market study or analysis of the industry practice on which he opines. Rather, personal experiences and anecdotal evidence gathered from old colleagues forms the sole basis of his claimed expertise. Because LaRocca's qualifications are lacking, he does not qualify as an expert and his testimony must be excluded.

2.  LaRocca's Opinion is Unreliable

The reliability requirement requires the Court to perform a gatekeeping function to determine if an expert's opinions are reliable. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S. Ct. 2786 (1993). The focus of this inquiry is on the principals and methodology employed by the expert. LaRocca's methodology in opining on the course of dealing between the parties is solely based on Thomas' payment frequency analysis. An expert cannot give an opinion when he has done very little or no independent investigation as to the reliability or verification of the information supplied to him. See Real Estate Value Co. v. USAir, Inc., 979 F.Supp. 731 (N.D. Ill. 1997). LaRocca has done nothing to verify the accuracy or test the assumptions of Thomas' report. Instead, he simply adopts wholesale the 45-day range used by Thomas as a benchmark for his opinion. LaRocca's testimony adds nothing new to Thomas' proffered testimony, which Plaintiff has also sought to exclude.

Similarly unreliable is LaRocca's "methodology" respecting his opinion on industry practice. LaRocca bases his purported expertise on stale, anecdotal evidence that precedes the relevant period by at least three (3) to seven (7) years and some personal observations and memories that involve distinctly different facts that are at least ten (10) years old. Besides the staleness of his experiences, LaRocca lays no foundation or support for the necessary proposition that the industry practice has not changed between the time he, Mr. Kaminski and Mr. Morris were involved and the relevant preference period which occurred later. Absent such evidence, LaRocca's methodology of utilizing stale, anecdotal evidence is unreliable on its face. As such LaRocca's testimony must be excluded.

3.  LaRocca's Opinion is Not Relevant

To determine if the expert's testimony is relevant, the testimony must be "sufficiently tied to the facts of the case that it will aid the [trier of fact] in resolving a factual dispute." U.S. v.

4

Downing, 753 F.2d 1224, 1242 (3d Cir. 1985); see Daubert, at 591 (explicitly citing this language from Downing in describing the "relevancy" or "fit" requirement of F.R.E. 702). LaRocca's testimony respecting his experience at HP fails the relevancy requirement and must be excluded.

LaRocca testifies in his report that while at HP he encountered InaCom's purported holding of the checks because of certain restrictions in the lending covenants with IBM Credit Corp. Consequently, LaRocca concludes that such practice of "holding checks" is an industry practice, ignoring the underlying reason for why the checks were held. When checks to Dell were held in Inacom's Treasury department in 2000, this was due to Inacom's worsening liquidity problems and the checks were not merely held, but were also kept under lock and key and were cataloged. These two situations are not only years apart but occurred for totally different reasons. See also, In the Matter of Midway Airlines, Inc., 69 F. 3d 792, 799 (7th Cir. 1995) (rejecting witnesses' testimony that was "based on practices too remote in time from the preference period" as irrelevant). LaRocca's "opinion" based on such a different factual predicate fails the relevancy requirement of F.R.E. 702 and should be excluded.

CONCLUSION

The Plaintiff requests that the Court exclude all testimony, reports, and opinions offered by Dell through LaRocca and that it grant Plaintiff such other and further relief as may be just and proper.

Respectfully submitted,

**BLANK ROME LLP**

Dated: August 15, 2005

Bonnie Glantz Fatell, Esquire (DE No. 3809)
Elio Battista, Jr. (DE No. 3814)
Alisa E. Moen, Esquire (DE No. 4088)
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801
Tel:  (302) 425-6400
Fax:  (302) 425-6464

- and -

Earl M. Forte, Esquire
Regina Stango Kelbon, Esquire
One Logan Square
Philadelphia, PA 19103
Tel:  (215) 569-5500
Fax:  (215) 569-5555

Attorneys for Plaintiff Executive Sounding Board Associates, Inc., as Plan Administrator for Debtors

## CERTIFICATE OF SERVICE

I, Alisa E. Moen, hereby certify that on this 15th day of August 2005 I caused a copy of the **Plaintiff's Motion In Limine To Exclude Expert Testimony of John Larocca** to be served upon the following counsel in the manner indicated:

### VIA US MAIL AND FACSIMILE

Sabrina L. Streusand, Esquire
G. James Landon, Esquire
Hughes & Luce, L.L.C.
111 Congress Avenue, Suite 900
Austin, TX 78701

### VIA HAND DELIVERY

Patricia P. McGonigle, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1520
P.O. Box 68
Wilmington, DE 19899

Laura Davis Jones, Esquire
Pachulski Stang Ziehl Young Jones & Weintraub, P.C.
919 North Market Street
Suite 1600
Wilmington, DE 19899

Alisa E. Moen (DE ID No. 4088)