IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| INACOM CORP., et al., ) | |
| ) | Case No. 00-2426 (PJW) |
| Debtors. ) | |
| _____) | |
| ) | |
| INACOM CORP., on behalf of affiliated ) | |
| Debtors, ) | |
| ) | Civil Action no. 04-582-GMS |
| ) | Adv. No. 02-3499 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DELL COMPUTER CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**MOTION IN LIMINE OF PLAINTIFF TO
EXCLUDE EXPERT TESTIMONY OF STEPHEN H. THOMAS**

Plaintiff, Debtors, InaCom Corporation and affiliates, through Executive Sounding Board Associates, Inc., Plan Administrator ("Plaintiff"), move the Court to exclude testimony by Stephen H. Thomas of Lain Faulkner & Co., P.C. ("Thomas"), designated by Defendants Dell Computer Corporation, Dell Receivables, L.P. and Dell Marketing, L.P. (collectively, "Dell") as an expert witness under Federal Rule of Evidence ("F.R.E.") 702. The testimony offered by Thomas does not assist the trier of fact to understand the evidence or to determine facts in issue. Rather, the proferred testimony impermissibly instructs the trier what evidence to consider and what legal conclusion to reach.

INTRODUCTION

Thomas's primary purported expertise relates to whether Dell has met its burden of proving that the preferential transfers Plaintiff seeks to recover are protected from recovery by the ordinary course of business defense of § 547(c)(2) of the Bankruptcy Code, more

specifically, whether Dell has met its burden under subsection (B) of section (c)(2).[1] Thomas bases his testimony on routine business records, including invoice numbers, invoice amounts, check amounts and the number of days between the date on Dell's invoices and the date Dell received payments from the Plaintiff. Thomas's written report purportedly applies preference case law to this data and concludes that most of the payments to Dell were "made in the ordinary course of business or financial affairs" of the Plaintiff and Dell under § 547(c)(2)(B). This is not an expert opinion, but a memorandum of law lacking case citations. Thomas' "assistance" amounts to taking simple, straightforward payment history data and instructing the Court how to apply case law on the ordinary course of business defense to that data. This is not permitted by the F.R.E.

THOMAS' OPINION

The opinion in Thomas' report states that "[b]ased on the analyses described above, it is my opinion that no more than $888,754.81 of payments contain the elements of a preferential payment and are not defended by the ordinary course defense." *Report* at 3. This opinion takes over the job of fact finder and renders a legal conclusion.

Thomas relies on routine payment history data consisting of lists of invoices, checks and payment dates. None of this routine (but admittedly voluminous) data requires any specialized expertise to understand and, as a matter of law, is insufficient by itself to determine whether Dell has met its burden of proving the ordinary course of business defense. See I.M.D. Computers v. Acme Portable machines, Inc. et al. (In re I.M. Import & Export, Inc.), 2001 WL 214026 (Bankr. S.D. Fla. 2001); In re Hechinger Investment Co. of Del., Inc. et al., 320 B.R. 541, 548 (Bankr.

---

[1] 11 U.S.C, § 547(c)(2)(B) requires Dell to prove that the transfers in question were "made in the ordinary course of business or financial affairs of the debtor and the transferee."

2

Del. 2004) (all relevant facts and circumstances are considered in making an ordinary course of business determination, not just the lateness range of payments).

Thomas renders a second legal opinion on Dell's alleged provision of $69,814.17 of subsequent new value under § 547(c)(4) of the Bankruptcy Code when he states:

> If for some reason the payments of these invoices were deemed not to be defended by the ordinary course of business defense, then the invoices would be available as new value to reduce the avoidable net preference.

*Report* at 3. This is also a legal conclusion by Thomas.

ARGUMENT

F.R.E. 702 governs the admissibility of expert testimony and requires, among other things, that the proffered evidence <u>assist</u> the trier of fact. <u>In re Paoli R.R. Yard PCB Litigation</u>, 35 F.3d 717, 741-43 (3rd Cir. 1994) (articulating a three-part analysis for applying Rule 702 as "qualifications", "reliability" and "relevancy" or "fit"); <u>Watkins v. New Castle County</u>, 2005 WL 1491520, *9 (D. Del. Jun. 16, 2005). (emphasis supplied). While the reliability prong involves the analysis or methodology, it is the "fit" requirement that involves the analysis of whether the expert's opinion will assist the trier of fact. Dell bears the burden of establishing, by a preponderance of the evidence, that Thomas is qualified to render an expert opinion. <u>Oddi v. Ford Motor Co.</u>, 234 F.3d 136, 144 (3d Cir. 2000), <u>citing Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 113 S. Ct. 2786 (1993).

Courts routinely exclude as unhelpful to the trier, and invasive of the court's decision making power, expert testimony that gives legal conclusions. <u>Watkins</u>, at *11, <u>citing Highway Materials, Inc. v. Whitemarsh Township, Montgomery County, Pennsylvania</u>, 2004 WL 2220974, at *20 (E.D. Pa. Oct. 4, 2004) (excluding expert's opinion that the defendants' actions satisfied the "shocked the conscience" standard because such opinion amounted "to a legal conclusion clearly within the purview of … [the] Court's decision making power rather than a

3

party's expert.") and Salas by Salas v. Wang, 846 F.2d 897, 905 n.5 (3d Cir. 1988) (noting that F.R.E. 704 "does not permit expert testimony as to legal conclusions"). Simply put, the F.R.E. do not allow an expert to offer testimony, as Thomas does here, that "merely tells the jury what result they should reach." F.R.E. 704 adv. comm. note.

Thomas's opinion testimony that certain payments "are defended by the ordinary course of business defense" or "new value defense" is precisely the kind of testimony that courts exclude. It is for the trier to determine, based on the evidence presented and the law, which payments to Dell, if any, fall within the statutory protection of 11 U.S.C. §§ 547(c)(2) or (c)(4).

Thomas renders his opinion based simply on his "belief" that certain payments to Dell can be defended by the ordinary course of business or new value defenses. Expert testimony that constitutes "mere personal belief as to the weight of the evidence invades the province of the fact-finder" and should be excluded. See Watkins at *10.

Thomas also purports to apply CPA expertise to his analysis. This is hyperbole. The data attached to Thomas' report, while somewhat voluminous, is nothing more than simple lists of invoices, checks and payment dates and uses simple subtraction to calculate the "days to payment." No accounting concepts under GAAP, GAAS or FASB rules are needed, nor have any been applied by Thomas.

CONCLUSION

    Plaintiff requests that the Court exclude all testimony, reports, and opinions offered through Thomas and grant Plaintiff such other relief as may be just.

Respectfully submitted,

**BLANK ROME LLP**

Dated: August 15, 2005

Bonnie Glantz Fatell, Esquire (DE No. 3809)
Elio Battista, Jr. (DE No. 3814)
Alisa E. Moen, Esquire (DE No. 4088)
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801
Tel:    (302) 425-6400
Fax:    (302) 425-6464

- and -

Earl M. Forte, Esquire
Regina Stango Kelbon, Esquire
One Logan Square
Philadelphia, PA 19103
Tel:    (215) 569-5500
Fax:    (215) 569-5555

Attorneys for Plaintiff, Executive Sounding Board Associates, Inc., as Plan Administrator for Debtors

## CERTIFICATE OF SERVICE

I, Alisa E. Moen, hereby certify that on this 15th day of August 2005 I caused a copy of the **Motion In Limine of Plaintiff to Exclude Expert Testimony of Stephen H. Thomas** to be served upon the following counsel in the manner indicated:

### VIA US MAIL AND FACSIMILE

Sabrina L. Streusand, Esquire
G. James Landon, Esquire
Hughes & Luce, L.L.C.
111 Congress Avenue, Suite 900
Austin, TX 78701

### VIA HAND DELIVERY

Patricia P. McGonigle, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1520
P.O. Box 68
Wilmington, DE 19899

Laura Davis Jones, Esquire
Pachulski Stang Ziehl Young Jones & Weintraub, P.C.
919 North Market Street
Suite 1600
Wilmington, DE 19899

Alisa E. Moen (DE ID No. 4088)