# UNITED STATES DISTRICT COURT

# DISTRICT OF DELAWARE

| | |
|---|---|
| INACOM CORP., et al.<br><br>　　　　　Plaintiffs<br>　v.<br><br>TECH DATA CORP.<br><br>　　　　　Defendant | Civil Action No. 04-CV-148 (GMS) |
| INACOM CORP., et al.<br><br>　　　　　Plaintiffs<br>　v.<br><br>DELL COMPUTER CORP.<br><br>　　　　　Defendant | Civil Action No. 04-CV-582 (GMS) |
| INACOM CORP., et al.<br><br>　　　　　Plaintiffs<br>　v.<br><br>LEXMARK INTERNATIONAL, INC.<br><br>　　　　　Defendant | Civil Action No. 04-CV-583 (GMS) |
| INACOM CORP., et al.<br><br>　　　　　Plaintiffs<br>　v.<br><br>INGRAM ENTERTAINMENT INC.<br><br>　　　　　Defendant | Civil Action No. 04-CV-593 (GMS) |

**OPENING MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO
EXCLUDE THE EXPERT TESTIMONY AND REPORT OF DEAN VOMERO**

James F. Harker
Herlihy, Harker & Kavanaugh
1400 North Market Street, Suite 200
P.O. Box 1597
Wilmington, Delaware 19899
Tel.: (302) 654-3111

Charles M. Tatelbaum
Stephen C. Hunt
Adorno & Yoss, L.L.P.
350 East Las Olas Blvd., 17th Floor
Fort Lauderdale, Florida 33301
Tel.: (954) 763-1200

Attorneys for Defendant
Tech Data Corp.

Patricia P. McGonigle
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, Delaware 19899
Tel.:    (302) 888-0600

Sabrina L. Streusand
G. James Landon
Texas State Bar No. 11701700
Hughes & Luce, L.L.P.
111 Congress Avenue, Suite 900
Austin, Texas 78701
Tel.:    (512) 482-6800

Attorneys for Defendant
Dell Computer Corp.

Thomas G. Whalen Jr. (No. 4034)
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, Delaware 19801
Tel: (302) 425-3307

Culver V. Halliday
Emily L. Pagorski
Stoll, Keenon & Park, LLP
2650 AEGON Center
400 West Market Street
Louisville, Kentucky 40202-3377
Tel: (502) 568-9100

Attorneys for Defendant
Lexmark International, Inc.

Thomas G. Macauley (ID No. 3411)
Zuckerman Spaeder LLP
919 Market Street, Suite 990
P.O. Box 1028
Wilmington, Delaware  19899-1028
Tel: (302) 427-0400

Jonathan P. Hersey
Sheppard, Mullin, Richter & Hampton,
LLP
600 Anton Blvd., 18th Floor
Costa Mesa, California 92626
Tel.: (714) 513-5100

Attorneys for Defendant
Ingram Entertainment Inc.

Dated August 15, 2005

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS..............................................................................................i

TABLE OF AUTHORITIES ......................................................................................ii

I.     INTRODUCTION ...........................................................................................1

II.    NATURE AND STAGE OF THE PROCEEDINGS ......................................1

III.   SUMMARY OF THE ARGUMENT ..............................................................2

IV.    STATEMENT OF FACTS ...............................................................................2

V.     ARGUMENT AND AUTHORITIES..............................................................3

       (1)     INACOM MUST HAVE BEEN VALUED AS A GOING CONCERN ................4

       (3)     HINDSIGHT IS NOT ALLOWED.................................................5

VI.    CONCLUSION ................................................................................................7

49654 v1                                            i

## <u>TABLE OF AUTHORITIES CITED</u>

**Cases**                                                                                                    **Page**

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).........................................3,4

*Chemipal Ltd. v. Slim-Fast Nutritional Foods Int'l*,
350 F. Supp. 2d 582 (D. Del. 2004).........................................................................................4

*Hebbler v. Turner*, 2004 U.S. Dist. LEXIS 3258 (E.D. La. 2004) .................................................4

*In re Art Shirt Ltd., Inc.*, 93 B.R. 333 (E.D. Pa. 1988) ..............................................................5

*In re DAK Indus., Inc.*, 195 B.R. 117 (Bankr. C.D. Cal. 1996)....................................................6

*In re Davis*, 120 B.R. 823 (Bankr. W.D. Pa. 1990) ....................................................................6

*In re Lids, Corp.*, 281 B.R. 535 (Bankr. D Del. 2002) ............................................................4,5,6

*In re Payless Cashways, Inc.*, 290 B.R. 689 (Bankr. W.D. Mo. 2003) ........................................6

*In re R.M.L., Inc.*, 92 F.3d 139 (3d Cir. 1996)............................................................................6

*In re Trans World Airlines, Inc.*, 134 F.3d 188 (3rd Cir. 1998)...............................................4,5,6

*Kumho Tire Company v. Carmichael*, 526 U.S. 137 (1999)......................................................3,4

*Matter of Taxman Clothing Co., Inc.* 905 F.2d 166 (7th Cir. 1990)..............................................4

*Moore v. Ashland Chemical, Inc.*, 151 F.3d 269 (5th Cir. 1998) ..................................................4

*Total Tech. Servs., Inc. v. Whitworth*, 150 B.R. 893 (Bankr. D. Del. 1993) .................................6

*Watkins v. New Castle County*, 374 F. Supp. 2d 379 (D. Del. 2005) ............................................4

**Federal Rules of Evidence**

Fed. R. Evid. 702 ..................................................................................................................1, 3, 7

## I.    INTRODUCTION

Defendants Tech Data Corp. ("Tech Data"), Dell Computer Corp. ("Dell"), Lexmark International, Inc. ("Lexmark") and Ingram Entertainment Inc. ("Ingram") (collectively "Defendants"), pursuant to Rule 702 of the Federal Rules of Evidence, move the Court to exclude the expert testimony and report of Mr. Dean Vomero ("Mr. Vomero") because it is not sufficiently reliable and relevant to be admissible in this case.

## II.    NATURE AND STAGE OF THE PROCEEDINGS

On June 28, 2004, the Court's order was entered withdrawing the reference to the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court") of a number of adversary proceedings brought by Plaintiff InaCom Corp. ("InaCom") in its bankruptcy case.[1] The adversary proceedings from which the reference to the Bankruptcy Court was withdrawn include the four separate proceedings brought by InaCom against Defendants. Each of the former adversary proceedings is now pending as a separate action on the Court's docket.

On September 27, 2004, the Court held a telephonic scheduling conference in eight of the former adversary proceedings brought by InaCom from which the reference to the Bankruptcy Court had been withdrawn. Included were the actions against Defendants. Following the telephonic scheduling conference, on October 4, 2004, the Court entered a scheduling order scheduling various pretrial deadlines and the eight former adversary proceedings ─ including the four actions brought by InaCom against Defendants ─ for trial on October 17, 2005.

InaCom disclosed Mr. Vomero as an expert witness who would be called at trial to testify as to whether Inacom was insolvent at the time of the alleged preferential transfers. On July, 28 2005, Defendants deposed Mr. Vomero. Based on Mr. Vomero's report and deposition

---

[1]    *In re InaCom Corp., et al.*, Bankr. Case No. 00-2426 (PJW).

testimony, Defendants seek to exclude Vomero's testimony because it is neither reliable nor relevant to the issues presented in this case.

### III.    SUMMARY OF ARGUMENT

Mr. Vomero has been engaged as a testifying expert on the solvency issue. Mr. Vomero, a Managing Director of Bridge Associates, is compensated by a percent of the profits of Bridge Associates. Bridge Associates has been engaged by Inacom as a financial advisor to the Debtor in Possession from June 22, 2000, virtually the beginning of the bankruptcy proceeding until present day. Bridge Associates is compensated as a financial advisor based on an hourly and incentive bases. Up to the date of confirmation of the plan, May 23, 2003, Bridge Associates was paid $8,797,240 in fees. Ostensibly, recoveries upon preference actions are excluded from calculation of incentive compensation of Bridge Associates.

Mr. Vomero's methodology is flawed in at least two material respects. First, he bases his valuation opinions of Inacom as of March 27, 2000, upon a "liquidation basis" rather than a going concern basis. Second, Mr. Vomero based his analysis and opinions heavily upon "20-20 hindsight" and his methodology was thus flawed, and unreliable.

### IV.    STATEMENT OF FACTS

On March 27, 2000, Inacom employed thousands of people (5,640 as of April 27, 2000) and was actively engaged in pursuit of its service business. It had available lines of substantial borrowing capacity from two substantial lenders, a three-year guaranteed incremental revenue from Compaq Computer, and a newly restructured business based on technology services with substantially higher margins and growth rates than were characteristic of its pre-restructuring business in which approximately 90 per cent of revenues were based upon product distribution.

At this time, there simply was no indication that Inacom's bankruptcy was clearly imminent and by all accounts was considered a going concern.

Mr. Vomero also improperly used in his valuation substantial facts and events not knowable to the reasonable buyer and seller in the market place at the time of the valuation, including the fact that Inacom in June 2000 declared bankruptcy. Mr. Vomero based his analysis and opinions heavily upon "20-20 hindsight" and his methodology was thus flawed, and unreliable.

## V.    ARGUMENT AND AUTHORITIES

The seminal case of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) holds that the court must act as the gatekeeper to determine "whether reasoning or methodology underlying the proffered testimony is scientifically valid and whether that reasoning or methodology properly can be applied to the facts in issue." *Id.* at 593. This gatekeeper function also extends to non-scientific expert testimony. *Kumho Tire Company v. Carmichael*, 526 U.S. 137 (1999). Fed. R. Evid. 702 provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In the wake of these directives, expert testimony is admissible only if it "rests on a reliable foundation and is relevant to the task at hand." *Id.* at 141 (quoting *Daubert*, 509 U.S. at 597). Factors that are relevant to this determination include testing, peer review, error rates, and whether the methodology is accepted in the relevant community. *Daubert*, 509 U.S. at 593-94. To withstand the court's gatekeeper review, the expert must "employ[] in the courtroom the

3

same level of intellectual rigor that characterizes the practice of an expert in the relevant field."
*Kumho*, 526 U.S. at 152.

The party offering the expert testimony bears the burden of proving both reliability and that the testimony will assist the trier of fact to understand and dispose of relevant issues by a preponderance of the evidence. *Watkins v. New Castle County*, 374 F. Supp. 2d 379, 385 (D. Del. 2005); *Chemipal Ltd. v. Slim-Fast Nutritional Foods Int'l*, 350 F. Supp. 2d 582 (D. Del. 2004); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 (1993); *Hebbler v. Turner*, 2004 U.S. Dist. LEXIS 3258,*7 (E.D. La. 2004);[2] *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269 (5th Cir. 1998). "To meet this burden, the defendants cannot simply rely on their expert's assurances that she has utilized generally accepted scientific methodology. Rather, some objective, independent validation of the expert's methodology is required." *Hebbler*, 2004 U.S. Dist LEXIS at *7 (citing *Moore*, 151 F.3d at 269).

**A.    Inacom Must Have Been Valued as a Going Concern**

The Third Circuit, contemplating the proper manner to determine fair valuation, has stated that where "liquidation in bankruptcy was not clearly imminent on the date of the challenged transfer . . . assets [are] valued on a going concern basis," not a liquidation basis. *In re Trans World Airlines, Inc.*, 134 F.3d 188, 193 (3rd Cir. 1998); *see also Moody v. Sec. Pac. Bus. Credit, Inc.*, 971 F.2d 1056, 1067 (3d Cir. 1992); *In re Lids Corp.*, 281 B.R. 535, 541 (Bankr. D. Del. 2002) (going concern where company planned to continue operations as usual on valuation date). Contrarily, "going concern value is not the proper standard only if the business is 'on its deathbed'" at the time of the transfer. *Matter of Taxman Clothing Co., Inc.* 905 F.2d 166, 170 (7th Cir. 1990). A company is on its deathbed only when it is "wholly inoperative,

---

[2]    A copy of *Hebbler* is attached as Exhibit "1".

defunct, or dead on its feet." *In re Art Shirt Ltd., Inc.*, 93 B.R. 333, 341 (E.D. Pa. 1988). Therefore, a company need not be thriving to receive going concern valuation. *Id.*

Further, debts are measured at their face value and not at market value. *In re Trans World Airlines, Inc.*, 134 F.3d at 190, 196; *In re Lids Corp.*, 281 B.R. at 545. Contingent liabilities, however, are "limited to costs arising from foreseeable events that might occur while the debtor remains a going concern." *In re Trans World Airlines, Inc.*, 134 F.3d at 196-98; *see also In re Lids Corp.*, 281 B.R. at 546. Therefore, "[c]ontingent liabilities do not include costs associated with liquidation or dissolution of the debtor" as this would inherently contradict the going concern status of the debtor. *In re Lids Corp.*, 281 B.R. at 546; *see also In re Trans World Airlines, Inc.*, 134 F.3d at 197-98.

Here, as of the valuation dates, bankruptcy was not clearly imminent for Inacom, and thus a liquidation basis for valuation was clearly not proper and Inacom's assets must be valued at "'market value' rather than 'distress value,' . . . . " *In re Trans World Airlines, Inc.*, 134 F.3d at 193-94; *see also In re Lids Corp.*, 281 B.R. at 541. In this context, the fair valuation/market value is "the amount that may be realized if the Company's aggregate assets are sold as an entirety with reasonable promptness in an arm's length transaction under present conditions for the sale of comparable business enterprises, as such conditions can reasonably evaluated by . . ." an expert. *In re Lids Corp.*, 281 B.R. at 541.

Mr. Vomero's methodology  is, therefore, flawed because it uses a liquidation basis to determine both Inacom's assets and liabilities rather than a the going concern basis.

**B.    Hindsight is not Allowed**

Mr. Vomero improperly used in his valuation substantial facts and events not knowable to the reasonable buyer and seller in the market place at the time of the valuation, including the

fact that Inacom in June 2000 declared bankruptcy.  *See In re Trans World Airlines, Inc.*, 134 F.3d at 193-94; *see also In re Lids Corp.*, 281 B.R. at 542 (valuation must be analyzed 'in a realistic framework' considering amounts that can be realized . . . assuming a 'willing seller' and a 'willing buyer.'").   Mr. Vomero based his analysis and opinions heavily upon "20-20 hindsight" and his methodology was thus flawed, and unreliable.

Indeed, Inacom's "assets must be valued at what they are reasonably worth at the time of the allegedly preferential transfers and <u>not what they turned out to be worth at some time after the bankruptcy intervened</u>."  *In re Davis*, 120 B.R. 823, 825 (Bankr. W.D. Pa. 1990) (emphasis added); *see also Total Tech. Servs., Inc. v. Whitworth*, 150 B.R. 893, 900 (Bankr. D. Del. 1993). Consistent with this rule, the Third Circuit has stated that "the use of hindsight to evaluate a debtor's financial condition for purposes of the [Bankruptcy] Code's 'insolvency' element has been criticized by courts and commentators alike."  *In re R.M.L., Inc.*, 92 F.3d 139, 155 (3d Cir. 1996).  "There is overwhelming authority to the effect that . . . subsequent dismemberment [of the debtor] . . . should not enter into the picture."  *In re Trans World Airlines, Inc.*, 134 F.3d 188, 197-98 (3d Cir. 1998) (quoting Lawrence P. King, 2 Collier on Bankruptcy ¶ 101.32[4], p. 101-16 (15th ed. 1997).  Further, hindsight is forbidden when a court is assessing whether an entity was on its financial deathbed at the time of the transfer(s).  *In re Payless Cashways, Inc.*, 290 B.R. 689, 705 (Bankr. W.D. Mo. 2003); *In re DAK Indus., Inc.*, 195 B.R. 117, 125 (Bankr. C.D. Cal. 1996).

Therefore, Mr. Vomero's methodology is also flawed because he improperly used hindsight in concluding: (1) that Inacom should be valued on a liquidation basis; and (2) that Inacom was insolvent under his liquidation analysis.

## V.    CONCLUSION

For the reasons discussed above, Defendants respectfully request that the Court exclude the proffered testimony and expert report of Mr. Vomero because they are not sufficiently reliable and relevant to satisfy the standards of Federal Rule of Evidence 702.

Respectfully submitted,

/s/ James F. Harker_____
James F. Harker
Herlihy, Harker & Kavanaugh
1400 North Market Street, Suite 200
P.O. Box 1597
Wilmington, Delaware 19899
Tel.: (302) 654-3111

and

Charles M. Tatelbaum
Stephen C. Hunt
Adorno & Yoss, L.L.P.
350 East Las Olas Blvd., 17th Floor
Fort Lauderdale, Florida 33301
Tel.: (954) 763-1200

Attorneys for Defendant
Tech Data Corp.

/s/ Patricia P. McGonigle_____
Patricia P. McGonigle
Kevin Guerke
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, Delaware 19899
Tel.:    (302) 888-0600

and

Sabrina L. Streusand
G. James Landon
Hughes & Luce, L.L.P.
111 Congress Avenue, Suite 900
Austin, Texas 78701
Tel.:    (512) 482-6800

Attorneys for Defendant
Dell Computer Corp.

/s/ Thomas G. Whalen, Jr._____
Thomas G. Whalen Jr. (No. 4034)
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, Delaware 19801
Tel.:  (302) 425-3307

and

Culver V. Halliday
Emily L. Pagorski
Stoll, Keenon & Park, LLP
2650 AEGON Center
400 West Market Street
Louisville, Kentucky 40202-3377
Tel.:  (502) 568-9100

Attorneys for Defendant
Lexmark International, Inc.

/s/ Thomas G. Macauley_____
Thomas G. Macauley (ID No. 3411)
Zuckerman Spaeder LLP
919 Market Street, Suite 990
P.O. Box 1028
Wilmington, Delaware  19899-1028
Tel.: (302) 427-0400

and

Jonathan P. Hersey
Sheppard, Mullin, Richter &
Hampton, LLP
600 Anton Blvd., 18th Floor
Costa Mesa, California 92626
Tel.: (714) 513-5100

Attorneys for Defendant
Ingram Entertainment Inc.