# Exhibit "1"

Case 1:04-cv-00582-GMS   Document 66-2   Filed 08/15/2005   Page 1 of 7

```
                                          10015K
Print Request:   LEXSEE

Time of Request: August 15, 2005   04:47 PM EDT

Number of Lines: 220
Job Number:      2822:56912759

Client ID/Project Name: 006005 00189

Note:




Research Information:

Lexsee 2004 U.S. Dist. LEXIS 3258
```

```
Send to:  DOTSON, JON
          HUGHES & LUCE LLP
          1717 MAIN ST STE 2800
          DALLAS, TX 75201-7342
```

LEXSEE 2004 U.S. DIST. LEXIS 3258

**GEORGE P. HEBBLER, JR., ET AL. VERSUS EMILE L. TURNER, ET AL.**

**CIVIL ACTION NO. 03-388 SECTION "K" (4)**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA**

*2004 U.S. Dist. LEXIS 3258*

**March 1, 2004, Decided**
**March 3, 2004, Filed; March 4, 2004, Entered**

**SUBSEQUENT HISTORY:** Partial summary judgment granted by, in part, Partial summary judgment denied by, in part *Hebbler v. Turner, 2004 U.S. Dist. LEXIS 3264 (E.D. La., Mar. 2, 2004)*

**PRIOR HISTORY:** *Hebbler v. Turner, 2004 U.S. Dist. LEXIS 692 (E.D. La., Jan. 21, 2004)*

**DISPOSITION:** [*1] Plaintiffs' Motion to Exclude Expert Testimony granted.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Following the liquidation of a law firm, plaintiffs, employees and shareholders, sued defendants, majority shareholder and law firm, asserting various breach of fiduciary duty claims, including a claim that the majority shareholder breached his fiduciary duty to the law firm and its minority shareholders by overcharging the firm rent for use of a building that he owned. Plaintiffs filed a Daubert motion to exclude an expert's testimony.

**OVERVIEW:** The proposed expert in question was a licensed real estate agent, but was neither a licensed real estate appraiser nor a licensed real estate broker. Plaintiffs charged that the agent's testimony did not meet the Daubert admissibility criteria and should not be allowed. They challenged the testimony under the first prong of the Daubert test. In the present case, the proposed commercial real estate value expert's two-page report revealed an absence of methodology sufficient to satisfy the Daubert prong of reliability. The expert opinion was based on her knowledge of market terms for comparable commercial office space, personal experience, company listings, and general market knowledge as well as a review of the leased premises, various documents and records, and interviews. The expert opinion was insufficient to meet defendants' burden under the Daubert test. The court rejected defendants' argument that the expert's testimony did not have to be evaluated under the Daubert test.

**OUTCOME:** Plaintiffs' Daubert motion to exclude expert testimony was granted.

**LexisNexis(R) Headnotes**

*Evidence > Witnesses > Expert Testimony*
[HN1] Trial courts have wide discretion in deciding whether or not a particular witness qualifies as an expert under the Federal Rules of Evidence.

*Evidence > Witnesses > Expert Testimony*
[HN2] Fed. R. Evid. 702 governs the admissibility of expert testimony.

*Evidence > Witnesses > Expert Testimony*
[HN3] See Fed. R. Evid. 702.

*Evidence > Witnesses > Expert Testimony*
[HN4] The Daubert decision changed the criteria for the admissibility of expert testimony and charged trial courts to act as gate-keepers to ensure that the proffered testimony is both relevant and reliable.

*Evidence > Witnesses > Expert Testimony*
[HN5] The Kumho Tire decision held that the relevant and reliable standard announced in Daubert for scientific expert testimony applied to all types of expert testimony.

*Evidence > Procedural Considerations > Preliminary Questions*
*Evidence > Witnesses > Expert Testimony*
[HN6] There is a two-prong test for determining the admissibility of expert testimony. When faced with a prof-

Case 1:04-cv-00582-GMS   Document 66-2   Filed 08/15/2005   Page 4 of 7

Page 2
2004 U.S. Dist. LEXIS 3258, *

fer of expert testimony, the trial judge must determine at the outset, pursuant to Fed. R. Evid. 104(a), whether the expert is proposing to testify to: (1) scientific knowledge; that (2) will assist the trier of fact to understand or determine a fact in issue.

*Evidence > Witnesses > Expert Testimony*
[HN7] Both prongs of the Daubert test must be satisfied before the proffered expert testimony may be admitted.

*Evidence > Witnesses > Expert Testimony*
[HN8] The Daubert analysis entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue.

*Evidence > Witnesses > Expert Testimony*
[HN9] Under the first prong of the Daubert test, a trial court is required to determine whether expert testimony is based on a methodology that is reliable.

*Evidence > Witnesses > Expert Testimony*
[HN10] In determining an expert's reliability, a court's focus must be solely on principles and methodology, not on the conclusions that they generate. Several factors which may be considered in determining the soundness of the scientific methodology include: (1) whether the theory or technique can be and has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error and the existence and maintenance of standards; and (4) whether the theory or technique used has been generally accepted. Those factors do not constitute a definitive checklist or test. Instead, they compose a nonexclusive, flexible test to ascertain the validity or reliability of the methodology the expert employed. The applicability of each factor depends on the particular facts of the case.

*Evidence > Witnesses > Expert Testimony*
[HN11] When expert testimony is challenged under the Daubert test, the burden of proof rests with the party seeking to present the testimony. To meet that burden, the proponents cannot simply rely on their expert's assurances that she or he has utilized generally accepted scientific methodology. Rather, some objective, independent validation of the expert's methodology is required.

*Evidence > Witnesses > Expert Testimony*
[HN12] It is unquestionable that the Daubert analysis applies to all expert testimony, whether based on scientific knowledge or on experience, training, or other specialized knowledge.

**COUNSEL:** For GEORGE P HEBBLER, JR, THOMAS M YOUNG, GREG C FUXAN, plaintiffs: Mitchell J. Hoffman, Marynell Lapuyade Piglia, Lowe, Stein, Hoffman, Allweiss & Hauver, New Orleans, LA.

For EMILE L TURNER, TURNER, YOUNG, HEBBLER & BABIN, A.P.L.C., defendants: Scott T. Whittaker, Phillip A. Wittmann, Rachel Wendt Wisdom, Ashlee Megan Robinson, Stone, Pigman, Walther, Wittmann & Hutchinson, LLP, New Orleans, LA.

**JUDGES:** Stanwood R. Duval Jr.

**OPINIONBY:** Stanwood R. Duval Jr.

**OPINION:**

Before the Court is a *Daubert* Motion to Exclude the Expert Testimony of Andrea Huseman (Rec Doc. 32) filed by plaintiffs George P. Hebbler, Jr., Thomas M. Young and Greg C. Fuxan. Having reviewed the pleadings, memoranda, expert report, and relevant law, the Court **GRANTS** plaintiffs motion on the grounds of insufficient expert methodology.

**I. BACKGROUND**

This lawsuit stems from the forced liquidation of the law firm of Turner, Young, Hebbler & Babin, A.P.L.C. ("Lawfirm") commencing June 1, 2002, at the hands of its majority shareholder, defendant [*2] Emile L. Turner, Jr., over the objection of certain employees and shareholders, namely, plaintiffs Hebbler, Young, and Fuxan. Plaintiffs assert various breach of fiduciary duty claims relating to the pre-liquidation affairs of the firm and to the handling of the liquidation by Turner, as self-appointed liquidator, as well as certain claims for unpaid compensation and for a distribution to Hebbler and Young of the value of their ownership interest in the firm.

The disputed expert testimony relates to plaintiffs claim that defendant Turner breached his fiduciary duty to Lawfirm and its minority shareholders by overcharging the firm rent for use of a building that he owned. The proposed expert in question, Andrea A. Huseman, is a commercial real estate agent with Corporate Realty, Inc. Huseman has been a commercial agent since 1986. She is neither a licensed appraiser nor a licenced real estate broker. The majority of her work is office leasing in the Central Business District of New Orleans, Louisiana, where the office space at issue is located. She has not testified as an expert at trial or by deposition in the last four years and has not authored any publications in the last ten years. [*3]

Huseman's expert report asserts the opinion that the rent defendant Turner charged Lawfirm for properties located at 422 and 424 Gravier Street from 1992 to 2002 was "fair and consistent with market values." Huseman expert report at 2. She further states that the disputed rate structure was advantageous to the tenant, Lawfirm, because it was in the lower range of rents for similar types of property and it remained constant for ten years. *Id.* Huseman based her opinion on her knowledge of market terms for comparable commercial office space, personal experience, company listings, and general market knowledge. *Id.* In preparation for rendering her opinion, Huseman reviewed the leased premises and various documents and records. *Id.* She also interviewed defendant Turner, Mrs. Turner, and Cindy Walker, Lawfirm's former office manager. *Id.*

## II. ANALYSIS

Plaintiffs charge that Huseman's testimony does not meet the admissibility criteria set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* and it should, therefore, not be allowed. *509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993).* [HN1] "Trial courts have 'wide discretion' in deciding whether [*4] or not a particular witness qualifies as an expert under the Federal Rules of Evidence" *Hidden Oaks Limited v. City of Austin, 138 F.3d 1036, 1050 (5th Cir. 1998). Federal Rule of Evidence 702* [HN2] governs the admissibility of expert testimony:

> [HN3] If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

*Fed. R. Evid. 702. Rule 702* was amended in 2000 to reflect the United States Supreme Court's decisions of *Daubert, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993)* and *Kumho Tire Co. v. Carmichael, 526 U.S. 137, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999).* [HN4] *Daubert* changed the criteria for the admissibility [*5] of expert testimony and charged trial courts to act as "gatekeepers" to ensure that the proffered testimony is both relevant and reliable. *Daubert, 509 U.S. at 589, 592-93, 113 S. Ct. at 2795, 2796.* [HN5] *Kumho Tire* held that the relevant and reliable standard announced in *Daubert* for scientific expert testimony applied to all types of expert testimony. *Id., 526 U.S. at 147, 119 S. Ct. at 1171.*

[HN6] In *Daubert,* the Supreme Court articulated a two-prong test for determining the admissibility of expert testimony. When faced with a proffer of expert testimony:

> ... the trial judge must determine at the outset, pursuant to *Rule 104(a)*, whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue.

*Daubert, 509 U.S. at 592, 113 S. Ct. at 2796.* [HN7] Both prongs of the *Daubert* test must be satisfied before the proffered expert testimony may be admitted. *Id. at 595, 113 S. Ct. at 2796.* The Supreme Court also noted that [HN8] this analysis "entails a preliminary assessment of whether the reasoning or methodology underlying the [*6] testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id.*

[HN9] The first prong of *Daubert* requires the trial court to determine whether expert testimony is based on a methodology that is reliable. It is this aspect of Huseman's testimony that plaintiffs challenge. [HN10] In determining an expert's reliability, the Court's focus "must be solely on principles and methodology, not on the conclusions that they generate." *Id. at 595, 113 S. Ct. at 2797, 125 L. Ed. 2d at 484.* Several factors which may be considered in determining the soundness of the scientific methodology include:

> 1) whether the theory or technique can be and has been tested;
>
> 2) whether the theory or technique has been subjected to peer review and publication;
>
> 3) the known or potential rate of error and the existence and maintenance of standards; and
>
> 4) whether the theory or technique used has been generally accepted.

*Id. at 593-94, 113 S. Ct. at 2796-97, 125 L. Ed. 2d at 482-83.* These factors do not constitute a definitive checklist or test. *Kumho Tire, 526 U.S. at 144, 119 S. Ct. at 1175.* [*7] Instead, they compose a nonexclusive, flexible test to ascertain the validity or reliability of the methodology the expert employed. *Id.* The applicability of each factor depends on the particular facts of the case. *Id.*

[HN11] When expert testimony is challenged under *Daubert,* the burden of proof rests with the party seeking to present the testimony. *Moore v. Ashland Chemical, Inc., 151 F.3d 269 (5th Cir. 1998).* To meet this burden, the defendants cannot simply rely on their expert's assurances that she has utilized generally accepted scientific methodology. Rather, some objective, independent validation of the expert's methodology is required. *Id.*

In the case at bar, proposed commercial real estate value expert Huseman's two-page report reveals an absence of methodology sufficient to satisfy the *Daubert* prong of reliability. Huseman has opined as to real property lease valuation, however, she has not demonstrated any adherence to standard principles of appraisal. The proposed expert is neither a licensed appraiser nor a licensed real estate broker. Furthermore, her report does not indicate that Huseman has any formal training in the methods of appraisal. [*8] Nowhere in her report does Huseman indicate that she employed generally accepted methods of commercial lease appraisal. The Fifth Circuit has upheld a district court's rejection of just such a witness in *Hidden Oaks Limited v. City of Austin, 138 F.3d 1036, 1050 (5th Cir. 1998)* (Trial court was within its "wide discretion" in disqualifying property appraisal witness who was not a licensed appraiser, was not a licensed real estate broker, who lacked formal training in the methods of appraisal, and who neglected to outline standard appraisal theory)

Huseman's expert opinion is based on her knowledge of market terms for comparable commercial office space, personal experience, company listings, and general market knowledge as well as a review of the leased premises, various documents and records, and interviews with defendant Turner, Mrs. Turner, Cindy Walker. Huseman's report does not, however, provide the Court with any indication of the process by which she applied the aforementioned bases of opinion to the commercial lease in dispute. Consequently, Huseman's expert opinion is insufficient to meet the defendants' burden under *Daubert.*

Plaintiffs object to Huseman's [*9] testimony on the grounds that here techniques did not evince a scientific methodology. Defendants countered with the observation that the Supreme Court, in *Kumho Tire,* emphasized that the *Daubert* analysis is meant to be a flexible one, and that "the factors identified in *Daubert* may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony." *Kumho Tire, 526 U.S. at 150, 119 S. Ct. at 1175.* Defendants aver that the scientific method has no application to the expert testimony of a commercial real estate agent testifying from personal knowledge and experience as to the market terms and rates for commercial office leases. In other words, defendants argue that "Huseman's testimony cannot be evaluated under the specific factors set forth in *Daubert,* and it is not required to be." Defendant's Memorandum in Opposition at 3.

The Court disagrees with defendants' interpretation of *Kuhmo Tire.* [HN12] "It is unquestionable that the *Daubert* analysis applies to all expert testimony, whether based on scientific knowledge or on experience, training, or other specialized [*10] knowledge." *American Tourmaline Fields v. International Paper Company, 1999 U.S. Dist. LEXIS 5790, 1999 WL 242690 (N.D. Tex. 1999).* Defendants correctly point out that *Daubert* is meant to be a flexible test enabling trial courts to succeed as "gatekeepers" in both scientific and non-scientific expert determinations, however, defendants misapply *Daubert's* flexibility in the case at bar. Huseman's proffered testimony is not unacceptable because the proposed expert neglected to employ the scientific method; rather, her expert opinion is inadmissable because she failed to illustrate a reliable adherence to real estate valuation methodology. Huseman is not a license real estate appraiser. She gives no indication of the method she used to appraise the relevant commercial real estate, other than to say she relied on her knowledge, company listings, and other materials. Huseman neglects to provide comparable property listings or valuation formulas used to arrive at her opinion. In short, defendants have supplied the Court with little more than their proposed expert's *curriculum vitae,* her opinion testimony, and the promise that she relied on unprovided, non-referenced comparable materials [*11] in reaching her conclusions. Focusing "solely on [Huseman's] principles and methodology, not on the conclusions that they generate," this Court is unable to find that defendants have met their burden *Daubert* and *Moore v. Ashland Chemical. See Daubert, 509 U.S. at 595, 113 S. Ct. 2797.* Thus, Andrea A. Huseman should not be permitted to testify as an expert in commercial real estate valuation. Accordingly,

**IT IS ORDERED** that plaintiffs' *Daubert* Motion to Exclude the Expert Testimony of Andrea Huseman (Rec Doc. 32) is hereby **GRANTED.**

Stanwood R. Duval Jr.

```
                                                                    10015K
**********  Print Completed  **********

Time of Request:   August 15, 2005   04:47 PM EDT

Print Number:      2822:56912759
Number of Lines:   220
Number of Pages:











Send To:  DOTSON, JON
          HUGHES & LUCE LLP
          1717 MAIN ST STE 2800
          DALLAS, TX 75201-7342
```