IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: )<br>)<br>INACOM CORP., et al., )<br>)<br>             Debtors. )<br>_____ )<br>)<br>INACOM CORP., on behalf of affiliated )<br>Debtors, )<br>)<br>             Plaintiff, )<br>)<br>      v. )<br>)<br>DELL COMPUTER CORPORATION, et al, )<br>)<br>             Defendants. )<br>_____ ) | Chapter 11<br><br>Case No. 00-2426 (PJW)<br><br><br><br><br><br>Civil Action no. 04-582-GMS<br>Adv. No. 02-3499 |

**FINAL JOINT PRETRIAL ORDER**

This matter having come before the Court on September 19, 2005, pursuant to Fed. R. Civ. P. 16; and Earl M. Forte and Elio Battista, Jr., Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, Delaware 19801, (302) 425-6400, having appeared as counsel for Executive Sounding Board Associates, Inc. ("ESB"), Plan Administrator for Plaintiff, Inacom Corp. and affiliates (collectively, "Debtors" or "Inacom"); and H. Robert Powell, Sabrina L. Streusand and G. James Landon, Hughes & Luce, L.L.P., 111 Congress Avenue, Suite 900, Austin, Texas 78701, (512) 482-6800, and Patricia McGonigle, Seitz, Van Ogtrop & Green, P.A., 222 Delaware Avenue, Suite 1500, Wilmington, Delaware 19801, (302) 888-7605, having appeared as counsel for Defendant, Dell, Inc. (f/k/a Dell Computer Corp.)[1], the parties submitted the following:

---

[1] As set forth in the Original Answer and Amended Answer filed by Dell, Inc. (f/k/a Dell Computer Corp.), Dell Receivables, L.P. and Dell Marketing, L.P. have also appeared as defendants in this adversary proceeding. Pursuant to this Pre-Trial Order, Defendant, Dell, Inc. (f/k/a Dell Computer Corp.) ("Dell") has agreed for purposes of this

## I. Statement of Nature of Action

1. This is an action seeking the avoidance and recovery of allegedly preferential transfers pursuant to 11 U.S.C. § 547 and 11 U.S.C. § 550. Inacom filed a Complaint for Avoidance and Recovery of Preferential Transfers (the "Complaint") on May 16, 2002 against Dell. Dell filed its Original Answer on June 11, 2002 and a First Amended Answer on December 29, 2004, denying certain material allegations, asserting various affirmative defenses, and contesting liability. No cross-claims or counter-claims have been asserted by Dell.

## II. Jurisdiction and Venue

2. Jurisdiction is not disputed in this case. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334, §§ 547, and 550 of the United States Bankruptcy Code (the "Bankruptcy Code"). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (F) and (O).

## III. Stipulation of Facts

3. The following stipulations have been agreed by the parties and are submitted within and made part of this Order:

### A. General Facts

4. Dell is a corporation formed under the laws of the State of Delaware, with its principal place of business located at One Dell Way, Round Rock, Texas 78682. Dell manufactures and sells computer products and peripherals, as well as a variety of other electronic products.

5. The Debtors are Delaware corporations and were originally in two basic lines of business: computer hardware and peripherals distribution (the "Distribution Business") and a

---

adversary proceeding that Dell received all the Transfers (defined below). Based on this agreement, Plaintiff will not seek to amend the case caption to state Dell Receivables, L.P. and Dell Marketing, L.P., as Defendants.

technology service business (the "Service Business"). Through these businesses, the Debtors delivered personal computer and related information technology products to businesses and provided various technology-related services managing the entire technology lifecycle, including technology planning, technology procurement, technology integration, technology support, and technology management.

6. In early December 1999, Inacom reached an agreement in principle for the sale of the assets of the Distribution Business to Compaq Computer Corporation ("Compaq"). On January 4, 2000, Inacom signed an Asset Purchase Agreement ("APA") and certain related operational agreements, with Compaq and its acquisition subsidiary ITY Corp., later known as Custom Edge, Inc. (also referred to collectively as "Compaq").

7. After negotiations between Inacom, Compaq and Inacom's secured lenders, the sale to Compaq closed on February 16, 2000 (the "Compaq Sale").

8. On June 16, 2000 (the "Petition Date"), the Debtors filed a Petition under Chapter 11 of the Bankruptcy Code.

9. For purposes of this case, the 90-day preference period under § 547 (b)(4)(A) of the Bankruptcy Code began on March 18, 2000 and ended on the Petition Date (the "Preference Period").

10. On June 30, 2000, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Creditors' Committee"). Thereafter, the Bankruptcy Court approved the Creditors' Committee's retention of Blank Rome LLP, as its general bankruptcy counsel and ESB as its financial consultant.

11. On May 16, 2002, the Debtors filed the Complaint against Dell.

12. On June 11, 2002, Dell filed its Original Answer.

119096.01600/40155911v1

13.     The bankruptcy court confirmed the Debtors' Plan on May 23, 2003.

14.     On December 29, 2004, Dell filed its Amended Answer.

15.     On June 25, 2004, this Court entered an Order withdrawing the reference of this adversary proceeding to the bankruptcy court.

B.     **Facts Regarding the Parties' Business Relationship**

16.     Before the Petition Date, the Debtors purchased computer equipment and peripherals ("Product") from Dell. For at least two and one-half years before the Petition Date, Dell generally sold Product to the Debtors on "net 30-day" payment terms.

17.     In the Preference Period, Dell received twenty eight (28) payments from the Debtors totaling $7,619,790.47 (the "Transfer(s)") for product manufactured by Dell as follows:

| Payment Applied Date | Payment Amount | Payment Number | Vendor | Payment Type |
|---|---|---|---|---|
| 3/20/2000 | $1,515,938.54 | 715707 | Dell | check |
| 3/20/2000 | $86,554.50 | 714247 | Dell | check |
| 3/22/2000 | $4,561,559.51 | 712805 | Dell | check |
| 3/22/2000 | $412.28 | 683524 | Dell | check |
| 3/23/2000 | $236.55 | 714246 | Dell | check |
| 3/23/2000 | $27.90 | 683523 | Dell | check |
| 3/24/2000 | $433.59 | 684341 | Dell | check |
| 3/28/2000 | $456.05 | 684814 | Dell | check |
| 3/30/2000 | $37,349.32 | 716651 | Dell | check |
| 3/31/2000 | $68,843.53 | 717249 | Dell | check |
| 3/31/2000 | $1,136.80 | 684343 | Dell | check |
| 4/3/2000 | $806,278.00 | WT-3 | Dell | Wire Transfer |
| 4/4/2000 | $8,373.43 | 717793 | Dell | Check |
| 4/4/2000 | $474.00 | 716650 | Dell | Check |
| 4/6/2000 | $433.54 | 685622 | Dell | Check |
| 4/12/2000 | $114,440.81 | 719530 | Dell | Check |
| 4/12/2000 | $99.95 | 687662 | Dell | Check |
| 4/13/2000 | $160.55 | 718891 | Dell | Check |
| 4/17/2000 | $25,929.50 | 687886 | Dell | Check |
| 4/18/2000 | $215,051.45 | 719850 | Dell | Check |
| 4/18/2000 | $134,037.50 | 718892 | Dell | Check |
| 4/18/2000 | $938.00 | 688738 | Dell | Check |
| 4/27/2000 | $514.36 | 684342 | Dell | Check |
| 4/28/2000 | $298.92 | 720717 | Dell | Check |
| 5/3/2000 | $4,182.39 | 722044 | Dell | Check |

4

| Payment Applied Date | Payment Amount | Payment Number | Vendor | Payment Type |
|---|---|---|---|---|
| 5/12/2000 | $215.97 | 693213 | Dell | Check |
| 5/17/2000 | $34,924.44 | 723236 | Dell | Check |
| 5/22/2000 | $489.09 | 723818 | Dell | Check |

**Total Payments:** $7,619,790.47

18.     All of the Transfers were made in payment for Dell technology products previously sold, delivered and accepted by Inacom.

19.     All of the Transfers were payments of funds belonging to the Debtors, were made to Dell for its benefit while Dell was a creditor of the Debtors, were made on account of antecedent debts owed by Inacom to Dell and were made within the Preference Period for purposes of §§ 547(b)(1), (2) and (4) of the Bankruptcy Code.

20.     The Transfers were in payment of a debt incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and Dell for purposes of § 547(c)(2)(A) of the Bankruptcy Code.

**IV.     Contested Issues of Fact and Law**

21.     <u>Inacom Contends</u>:

    a.     Debtors were insolvent at all relevant times during the Preference Period pursuant to § 547(b)(3) of the Bankruptcy Code;

    b.     Dell has not put forward sufficient evidence to rebut the presumption of insolvency set forth in § 547(f) of the Bankruptcy Code;

    c.     The relief requested in the Complaint should be granted because the Transfers enabled Dell to receive more than Dell would have received if the case were a Chapter 7 case, if the Transfers had not been made, and if Dell received payment of such debts to the extent provided by the Bankruptcy Code, pursuant to § 547 (b)(5) of the Bankruptcy Code;

119096.01600/40155911v1

   d. None of the Transfers were made in the ordinary course of business under § 547(c)(2) of the Bankruptcy Code; and more specifically, the Transfers were not made:

    1) in the ordinary course of business or financial affairs of the Debtors and Dell pursuant to § 547 (c)(2)(B) of the Bankruptcy Code; and

    2) according to ordinary business terms pursuant to § 547 (c)(2)(C) of the Bankruptcy Code;

   e. Dell did not give subsequent new value to the Debtors' pursuant to § 547(c)(4) of the Bankruptcy Code and did not plead the subsequent new value defense in its Amended Answer filed on December 29, 2004 and therefore that defense is not before the Court, cannot be raised at trial by Dell and Inacom has never consented to the subsequent new value defense being tried in this adversary proceeding; and

   f. With respect to more factual and legal contentions, Inacom refers to its proposed Findings of Fact and Conclusions of Law attached hereto at Tab 9 and incorporated herein by reference.

22. <u>The Defendant Contends</u>:

   a. The Debtors were solvent at the time of the Transfers for purposes of § 547(b)(3) of the Bankruptcy Code;

   b. The relief requested in the Complaint should be denied, in whole or in part, because the Transfers did not enable Dell to receive more than Dell would have received if the case were a Chapter 7 case, if the Transfers had not been made, and if Dell received payment of such debts to the extent provided by the Bankruptcy Code, under § 547(b)(5) of the Bankruptcy Code;

119096.01600/40155911v1

        c.      All of the Transfers were made in the ordinary course of business pursuant to § 547(c)(2) of the Bankruptcy Code, and more specifically, the Transfers were made:

        1)      in the ordinary course of business or financial affairs of the Debtors and the Defendant under § 547(c)(2)(B) of the Bankruptcy Code; and

        2)      according to ordinary business terms pursuant to § 547(c)(2)(C) of the Bankruptcy Code; and

        d.      Dell gave subsequent new value to the Debtors' under § 547(c)(4) of the Bankruptcy Code. The subsequent new value defense was raised by Dell in its Original Answer. Although it was not expressly set forth in Dell's Amended Answer, this defense has been tried by consent. Inacom questioned Dell's fact witnesses concerning this defense and specifically inquired whether Dell was asserting the new value defense (to which Dell's fact witness responded in the affirmative), this defense was set forth in the report of Dell's expert Stephen H. Thomas and Inacom questioned Mr. Thomas concerning this defense and the basis therefore; and

        e.      With respect to additional factual and legal contentions, Dell refers to its Proposed Findings of Fact and Conclusions of Law, attached hereto at Tab 10 and incorporated herein by reference.

## V. Waiver of Claims and Defenses

23.      Inacom does not waive any claims. Inacom believes that Dell has waived any subsequent new value defense under § 547(c)(4) of the Bankruptcy Code by failing to raise that defense in its Amended Answer filed on December 29, 2004.

24.      Dell is no longer pursuing its previously asserted defenses under the earmarking doctrine and §§ 548(c) and 550(b) of the Bankruptcy Code.

**VI.    Exhibits**

25.    Attached as Tab 1 is a list of the exhibits that Inacom intends to offer at trial and any objections thereto.

26.    Attached as Tab 2 is a list of exhibits that Dell intends to offer at trial and any objections thereto.

**VII.    Witnesses**

27.    Attached as Tab 3 is a list of witnesses Inacom intends to call to testify in person at the trial of this proceeding and any objections to the calling of said witnesses.

28.    Attached as Tab 4 is a list of witnesses Dell intends to call to testify in person at the trial of this proceeding and any objections to the calling of said witnesses.

**VIII.    Expert Witnesses**

29.    Attached as Tab 5 is a list of Inacom's expert witnesses, their qualifications and any objections thereto.

30.    Attached as Tab 6 is a list of the Dell's expert witnesses, their qualifications and any objections thereto.

**IX.    Deposition Designations**

31.    Attached as Tab 7 are Inacom's deposition designations to be read into evidence and any objections to the admissibility thereof.

32.    Attached as Tab 8 are the Dell's deposition designations to be read into evidence and any objections to the admissibility thereof.

**X.    Findings of Fact and Conclusions of Law**

33.    Attached as Tab 9 are Inacom's Proposed Findings of Fact and Conclusions of Law.

34.  Attached as Tab 10 are the Dell's Proposed Findings of Fact and Conclusions of Law.

35.  Since Dell has requested a jury trial, Dell is submitting under separate cover its Trial Brief, containing its Proposed Jury Instructions and Verdict Forms as well as proposed voir dire questions.

## XI.  History of Settlement Negotiations

Inacom's Version:

36.  There are currently no outstanding settlement offers between Inacom and Dell. Dell has never made a serious settlement offer in this action. The only offer Dell has ever made was in 2002 for only five percent (5%) of the amount sued upon. The Creditors Committee objected to that offer and the Bankruptcy Court entered an Order finding that no settlement based on Dell's five percent (5%) offer had ever been consummated. Due to Dell's unwillingness to indicate any willingness to offer a realistic amount to settle this case, Inacom did not believe mediation would be productive. The status of any settlement negotiations with other parties in other adversary proceedings is irrelevant to this action. Plaintiff is informed that Inacom did not agree to seek approval of Dell's proposed settlement agreement. Inacom in fact did not support Dell's motion seeking approval of the settlement agreement.

Dell's Version:

37.  Previously Inacom and Dell entered into and executed a full and final written settlement agreement, and Dell tendered payment of the settlement amount to Inacom. The settlement agreement was contingent only upon approval of the Creditor's Committee or the Bankruptcy Court. Dell understood Inacom to have agreed to join Dell in seeking Bankruptcy Court approval if the Creditor's Committee did not approve the settlement. When the Creditor's

Committee did not approve the settlement, Inacom refused to join Dell in seeking the approval of the Bankruptcy Court, and the Bankruptcy Court did not approve the settlement.

38.     A mediation conference was held on July 12-13, 2005 in Los Angeles, California between counsel to Inacom and counsel for Lexmark, Ingram and Tech Data. ESB refused to include Dell in that mediation and specifically indicated that it did not wish to mediate with Dell, despite Dell's (and the other defendants' willingness) to participate in the mediation. In addition, in connection with the Third-Party Complaints asserted by Lexmark and Tech Data against the Hewlet-Packard Company ("HP"), HP refused to attend the mediation despite being invited to participate.

## XII.    Completion of Discovery

39.     The parties have agree to limited, further depositions of Lazarus Krikorian (Inacom's former Controller) and Thomas J. Fitzpatrick (Inacom's former CFO) on September 14 and 15, 2005.

## XIII.    Motions *In Limine*

40.     A list of motions *in limine* is attached as Tab 12.

## XIV.    Type and Length of Trial

41.     Trial of this matter is expected to take 5 to 7 days.

42.     Pending before this Court are three additional preference actions brought by Inacom: Adversary No. 03-3500, against Lexmark International, Inc. ("Lexmark"); Adversary No. 02-3960, against Ingram Entertainment Corp. ("Ingram"); and Adversary No. 02-3496, against Tech Data Corp. ("Tech Data"). These three cases, as well as the Dell case, are set for pre-trial conference before the Court on September 19, 2005 and for trial on October 17, 2005.

43.     On May 10, 2005, Dell, Lexmark, Ingram, and Tech Data filed a Joint Motion for the Court to Consolidate for Trial ("Motion to Consolidate"), moving the Court to consolidate

the four cases for one trial on all issues. On May 20, 2005, Inacom filed a response to the Motion to Consolidate, indicating that it does not oppose consolidation on the issue of insolvency only, but that it does oppose consolidation on all other issues. Hence, Inacom will agree to a single trial on the insolvency issue, followed by separate trials in each preference action on all other issues. Dell seeks a single trial on all four cases on all issues.

44.     In addition to seeking consolidation of the actions, Dell, Lexmark, Ingram and Tech Data have also filed Motions Requesting Jury Trial, which Inacom opposes. The Motion to Consolidate and the motions for jury trial are pending.

## XV.     Controlling Effect of Pretrial Order

45.     This Order will control the course of the trial and may not be amended except by consent of the Parties and the Court, or by order of the Court to prevent manifest injustice.

**XVI.  Consideration of Settlement**

46.   There are no outstanding settlement offers between Inacom and Dell.

Date: _____

_____
The Honorable Gregory M. Sleet
United States District Court Judge

BLANK ROME LLP

By: _____
Bonnie Glantz Fatell (DE No. 3809)
Elio Battista, Jr. (DE No. 3814)
Alisa E. Moen (DE No. 4088)
1201 Market Street, Suite 800
Wilmington, DE  19801
Tel.:   (302) 425-6400

–and–

Earl M. Forte
Regina S. Kelbon
One Logan Square
Philadelphia, PA  19103
Tel.:   (215) 569-5500

Attorneys for Plaintiff

SEITZ, VAN OGTROP & GREEN, P.C.

By: _____
Patricia P. McGonigle (DE No. 3126)
Kevin A. Guerke (DE No. 4096)
222 Delaware Avenue, Suite 1500
Wilmington, DE  19801
Tel.:   (302) 888-0600

–and–

HUGHES & LUCE L.L.P.
H. Robert Powell
Sabrina L. Streusand
G. James Landon
111 Congress Avenue, Suite 900
Austin, TX  758701
Tel.:   (512) 482-6800

Attorneys for Defendant, Dell, Inc.

## CERTIFICATE OF SERVICE

I, Alisa E. Moen, hereby certify that on this 15th day of August 2005 I caused a copy of the **FINAL JOINT PRETRIAL ORDER** to be served upon the following counsel in the manner indicated:

### VIA US MAIL

Sabrina L. Streusand, Esquire
G. James Landon, Esquire
Hughes & Luce, L.L.C.
111 Congress Avenue, Suite 900
Austin, TX 78701

### VIA HAND DELIVERY

Patricia P. McGonigle, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1520
P.O. Box 68
Wilmington, DE 19899

Laura Davis Jones, Esquire
Pachulski Stang Ziehl Young Jones & Weintraub, P.C.
919 North Market Street
Suite 1600
Wilmington, DE 19899

_____
Alisa E. Moen (DE ID No. 4088)

119096.01600/40155911v1