# TAB 3

## PLAINTIFF'S FACT WITNESSES

1. Elaine G. Agee (will call)

2. Thomas J. Fitzpatrick (will call)

3. Lazarus Krikorian (will call)

4. Richard C. Oshlo (will call)

5. Gerry A. Gagaliardi (will call)

6. Dean Vomero (will call)

7. Francis X. Devine (will call)

8. Michael L. Newsom (will call)

9. Stuart A. Gollin (will call)

10. Neil Gilmour (may call)

11. Michael D. Keller (may call)

12. Major Horton (may call)

13. Dell's fact witnesses (may call)

14. Dell's expert witnesses (may call)

15. Hewlett-Packard Company's fact witnesses (may call)

16. Hewlett-Packard Company's expert witnesses (may call)

IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| INACOM CORP., et al., | ) | |
| | ) | Case No. 00-2426 (PJW) |
| Debtors. | ) | |
| | ) | |
| INACOM CORP., on behalf of affiliated Debtors, | ) | |
| | ) | Civil Action no. 04-582-GMS |
| | ) | Adv. No. 02-3499 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DELL COMPUTER CORPORATION, et al, | ) | |
| | ) | |
| Defendants. | ) | |

**DELL, INC.'S OBJECTIONS TO
PLAINTIFF'S WITNESS DESIGNATIONS**

Dell, Inc. (f/k/a Dell Computer Corporation) ("Dell") files this its objections to Plaintiff's Witness Designations. In support hereof, Dell shows the Court as follows:

1. Dell objects to any testimony by Neil Gilmour because Inacom failed to disclose the witness in its responses to Dell's Initial Disclosures, Defendant's First Set of Interrogatories—Interrogatory No. 2, or otherwise in discovery. Consequently, Mr. Gilmour should not be permitted to offer testimony at the trial of this matter. *See* FED. R. CIV. P. 37(c).

2. Dell objects to any expert testimony by Stuart A. Gollin because: (1) he is not qualified to testify on the subjects on which he has been designated; (2) his testimony is not reliable; and (3) his testimony is not relevant to the issues presented in the case. *See* FED. R. EVID. 702; *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999); *Redman v. John D. Brush & Co.*, 111 F.3d

1174, 1179 (4th Cir. 1997). Consequently, Mr. Gollin should not be permitted to offer any expert testimony at the trial of this matter. Dell has also filed a joint Defendant's Motion to Exclude the Expert Testimony and Report of Stuart A. Gollin, setting forth the above objections in more detail.

3.     Dell objects to any expert testimony by Dean Vomero because: (1) he is not qualified to testify on the subjects on which he has been designated; (2) his testimony is not reliable; and (3) his testimony is not relevant to the issues presented in the case. *See* FED. R. EVID. 702; *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999); *Redman v. John D. Brush & Co.*, 111 F.3d 1174, 1179 (4th Cir. 1997). Consequently, Mr. Vomero should not be permitted to offer any expert testimony at the trial of this matter. Dell has also filed a joint Defendant's Motion to Exclude the Expert Testimony and Report of Dean Vomero, setting forth the above objections in more detail.