IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| INACOM CORP., et al., ) | |
| ) | Case No. 00-2426 (PJW) |
| Debtors. ) | |
| ) | |
| ) | |
| INACOM CORP., on behalf of affiliated ) | |
| Debtors, ) | Civil Action no. 04-582-GMS |
| ) | Adv. No. 02-3499 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DELL COMPUTER CORPORATION, et al, ) | |
| ) | |
| Defendants. ) | |

**DELL, INC.'S ANSWERING
BRIEF TO PLAINTIFF'S MOTION IN LIMINE TO
EXCLUDE EXPERT TESTIMONY RE INSOLVENCY**

Defendant, Dell, Inc. ("Dell") files this its Answering Brief to Plaintiff's Motion in Limine to Exclude Expert Testimony Re Insolvency ("Motion to Exclude Solvency Experts").[1]

### I.   INTRODUCTION

It is undisputed that Dell's experts on solvency are well-qualified. In its Motion to Exclude Solvency Experts, Inacom does not contend that either Jason Fensterstock ("Fensterstock") or Richard Whalen ("Whalen") are unqualified to testify as expert witnesses upon the solvency issue. Rather, Inacom rests the Motion to Exclude Solvency Experts solely on the supposition that Fensterstock and Whalen will offer cumulative testimony such that only one of them should be permitted to testify at the trial of this matter.

---

[1] On August 19, 2005, Inacom filed in this adversary proceeding its Notice of Joinder in Motion to Exclude Cumulative Expert Testimony Re Insolvency filed against Lexmark International, Inc. Thus, Dell was unable to file an answering brief on August 15, 2005 with the filing of the Final Joint Pretrial Order.

Inacom is simply incorrect in its assertion that the anticipated testimony of Fensterstock and Whalen will be cumulative. As discussed below, Fensterstock and Whalen utilized different valuation methodologies that were each incorporated, relied upon, and considered in determining Inacom's overall Enterprise Value. *See In re Lids Corp.,* 281 B.R. 535 (Bankr. D. Del. 2002) (recognizing the existence of distinct methods for determining solvency). Therefore, their respective testimony is highly relevant and will not result in undue delay or the needless presentation of cumulative evidence.

## II.

## ARGUMENT AND AUTHORITIES

Fensterstock and Whalen, in performing the overall solvency/valuation analysis and in reaching their opinions, utilized distinct, different, commonly-accepted valuation methodologies. *See* the May 2, 2005 Valuation Analysis by Duff & Phelps, LLC and Sasco Hill Advisors, Inc. and the June 21, 2005 Supplemental Report (collectively "Solvency Experts' Report"), a true copy of which is attached as Exhibit "A." The Solvency Experts' Report reflects utilization of a Discounted Cash Flow ("DCF") Analysis, a Comparable Company Analysis, and a Comparable Transaction Analysis. Fensterstock then employs a weighted average of these three valuation methods to determine the overall Enterprise Value, which demonstrates Inacom's solvency during the relevant period. Fensterstock also employed a Balance Sheet Valuation and Benchmarking Analysis.

In support of the Motion to Exclude Solvency Experts, Inacom merely points to a few isolated lines of deposition testimony in which Fensterstock and Whalen indicate, in general, that they do not intend to offer opinions different than those of the other and that they do not intend to offer any opinions that are in addition to those of the other. (Solvency Motion, at p. 2).

Although Fensterstock and Whalen indicate that they do not hold opinions different from or in addition to the other, this obviously does not mean that the roles and analysis of each was the same or that their testimony would be cumulative. Indeed, merely because both experts testified they hold the same opinion does not mean they will offer the same testimony at trial, for it is trial counsel, not the witness, who poses the questions that elicits the testimony.

Moreover, merely because both experts testified they hold the same opinions does not mean that each of them did the same depth of primary analysis upon which opinions are based nor that both could testify to the same depth of analysis in reaching the opinions. In fact, in this case, as discussed below, Fensterstock and Whalen employed distinct valuation methodologies. Fensterstock utilized Whalen's analysis, as well as his own DCF analysis, in determining the overall Enterprise Valuation. Consequently, Fensterstock's and Whalen's depth of primary analysis is not identical and, as a result, their testimony at trial will not be cumulative. *See In re Lids Corp.,* 281 B.R. 535.

Whalen was primarily responsible for and worked on the comparable company portion of the analysis. (Deposition of Jason Fensterstock, 7/28/05, excerpts of which are attached hereto as Exhibit "B," at 31:22-32:25:17-27:15). Whalen also was primarily responsible for and worked on the comparable transaction component of the overall analysis.

> Q: Who was primarily responsible for the comparable transaction analysis?
>
> A: The Duff & Phelps side of the equation.
>
> Q: Was Mr. Whalen ultimately responsible at Duff & Phelps for that analysis?
>
> A: Yes.

(Deposition of Jason Fensterstock, 7/28/05, excerpts of which are attached hereto as Exhibit "B," at 31:22-32:4).

On the other hand, Fensterstock performed the DCF analysis in connection with the Enterprise Valuation.

> Q: Did you personally perform any of the tasks connected with the discounted cash flows?
>
> A: Yes.
>
> Q: What tasks were you involved with?
>
> A: Review of the discounted cash flow analysis, review of the weighted average cost of capital calculation, review of the Excel spreadsheets, checking numbers, the way professionals like I do, with the back of the envelope checks, to see that the numbers makes sense from an overall point of view, reviewing of the base data to that data which was included in the Excel spreadsheets that comprised the DCF analysis.

(Deposition of Jason Fensterstock, 7/28/05, excerpts of which are attached hereto as Exhibit "B," at 23:3-23:16).

The Joint Final Pre-Trial Order reflects this division of labor. Whalen is identified as an "Expert on Enterprise Valuation Using Comparable Company and Comparable Transaction Analysis, " and Fensterstock is identified as an "Expert on Enterprise Valuation Using Discounted Cash Flow Analysis and Balance Sheet Review and Valuation and Benchmarking." (Final Joint Pre-Trial Order at Tab 6).

Therefore, a review of the deposition testimony, the Solvency Experts' Report, and the Final Joint Pre-Trial Order all show that the opinions of Fensterstock and Whalen are not cumulative or duplicative. Rather, the separate, but coordinated, analysis of each is utilized in determining and supporting the overall Enterprise Valuation Opinion.

Inacom's Motion to Exclude Solvency Experts is merely a transparent attempt to preclude and disrupt the admission of relevant testimony concerning the analysis used in supporting and arriving at an overall Enterprise Valuation and solvency opinion. Since the

Enterprise Valuation opinion is based on a weighted average of three distinct valuation methodologies, Inacom seeks to keep out testimony so as to argue that the overall opinion is not supported by the evidence and thus cast doubt on the entire solvency analysis. This tactic is not a proper use of Federal Rule of Evidence 403 and would result in extreme and unfair prejudice to Dell in the presentation of its case.

Because the analysis of Fensterstock and Whalen are different and because the analysis of each is relied upon and forms the basis of the overall Enterprise Valuation, neither should be precluded from offering testimony in this case concerning their respective analysis. Moreover, the fact that Fensterstock relies upon and incorporates Whalen's comparable company and comparable transaction analysis in determining the overall Enterprise Valuation shows that Whalen's testimony and opinion is highly relevant and is not merely duplicative of the anticipated testimony of Fensterstock.

For these reasons, Dell, Inc. respectfully requests that the Court deny Plaintiff's Motion in Limine to Exclude Cumulative Expert Testimony Re Insolvency, permit Fensterstock and Whalen to testify in this matter pursuant to Rule 702 of the Federal Rules of Evidence, and grant Dell, Inc. such other and further relief to which it is justly entitled.

    Respectfully submitted,

    **/s/ Patricia P. McGonigle**

    By: _____
        Patricia P. McGonigle, Esq.
        Delaware State Bar No. 3126
        Kevin Guerke
        Delaware State Bar No. 4096
        Seitz, Van Ogtrop & Green, P.A.
        222 Delaware Avenue, Suite 1500
        Wilmington, Delaware  19899
        302.888.0600
        302.888.0606  Fax

        and

        Sabrina L. Streusand, Esq.
        Texas State Bar No. 11701700
        G. James Landon
        Texas State Bar No. 24002445
        Hughes & Luce, L.L.P.
        111 Congress Ave., Suite 900
        Austin, Texas 78701
        512.482.6800
        512.482.6859  Fax

        **ATTORNEYS FOR DELL, INC.**

**CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy[2] of the above foregoing *Dell, Inc.'s Answering Brief to Plaintiff's Motion in Limine to Exclude Expert Testimony re Insolvency* was served on the following parties, this 29th day of August, 2005:

***Via Hand Delivery***
Elio Battista, Jr., Esquire
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

***Via First Class Mail***
Earl M. Forte, Esquire
Blank Rome, LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6998

***Via Hand Delivery***
Laura Davis Jones, Esquire
Pachulski, Stang, Ziehl, Young, Jones
 & Weintraub, P.C.
919 North Market Street, Suite 1600
P. O. Box 8705
Wilmington, DE 19899-8705

/s/ Patricia P. McGonigle
_____
PATRICIA P. MCGONIGLE (DE 3126)

---

[2] Due to the voluminous nature of the expert reports, and given that such reports have been previously provided to Plaintiff's counsel, copies of the expert reports have not been provided along with the service copies of the Answering Brief. To the extent any party wishes to obtain an additional copy of the expert report, please contact counsel for Dell, Inc.