**IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| INACOM CORP., et al., ) | |
| ) | Case No. 00-2426 (PJW) |
| Debtors. ) | |
| ) | |
| ) | |
| INACOM CORP., on behalf of affiliated) | |
| Debtors, ) | Civil Action no. 04-582-GMS |
| ) | Adv. No. 02-3499 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DELL COMPUTER CORPORATION, et al, ) | |
| ) | |
| Defendants. ) | |

**DELL, INC.'S ANSWERING
BRIEF TO PLAINTIFF'S MOTION IN LIMINE TO
EXCLUDE EXPERT TESTIMONY OF JOHN LAROCCA**

Defendant, Dell, Inc. ("Dell") files this its Answering Brief to Plaintiff's Motion in Limine to Exclude Expert Testimony of John LaRocca ("Motion to Exclude LaRocca").

**I. INTRODUCTION**

Dell timely designated John LaRocca ("LaRocca") as an expert under Rule 702 of the Federal Rules of Evidence to offer opinion testimony concerning whether the alleged preferential transfers were "made according to ordinary business terms" pursuant to 11 U.S.C. § 547(c)(2)(C).[1] On April 28, 2005, LaRocca timely provided his expert report, which detailed his over thirty (30) years of professional experience and his extensive knowledge of credit and

---

[1] This element is not a high hurdle for the creditor as this test may be satisfied as long as the payment was made within the *range* of terms that encompasses the practices in which firms similar in some general way to the creditor in question engage . . . [and] only dealings so idiosyncratic as to fall outside that broad range should be deemed extraordinary. *In re Molded Acoustical Prods., Inc.*, 18 F.3d 217, 220, 224 (3d Cir. 1994); *In re Tolona Pizza Prods. Corp.*, 3 F.3d 1029, 1033 (7th Cir. 1993).

payment terms in the computer industry.[2] LaRocca was employed for over twenty-two (22) years with Hewlett-Packard Company ("HP"), including over twelve years as HP's Global and Americas Credit Manager. . (Exhibit "A", p. 2; Exhibit "B", 28:1-28:15; 66:19-67:20; 71:7-73:22; Exhibit "C", at ¶ 2). Even after leaving HP in March 1998, LaRocca continued to act as a consultant on credit/payment related issues in the computer and other industries, even working as a consultant for Gateway Computer Corporation from January 2000 through June 2000, the period at issue in this case. (Exhibit "B", at 80:17-81:14; Exhibit "C", at ¶ 3).

On August 15, 2005, Plaintiff, Inacom Corp. ("Inacom") filed its Motion to Exclude LaRocca. As set forth in detail below and as shown by the attached evidence, LaRocca's qualifications are exceedingly high, his methodology is sound and reliable, and his opinion is highly relevant.[3]

## II. ARGUMENT AND AUTHORITIES

### A.    LaRocca Qualifies as an Industry Expert

The requirement that a witness proffered to testify to specialized knowledge must be an expert has been interpreted liberally. *In re Paoli Railroad Yard PCB Litigation*, 35 F.3d 717, 741(3rd Cir. 1994). "Rule 702's liberal policy of admissibility extends to the substantive as well as the formal qualification of experts. We [Third Circuit] have eschewed imposing overly

---

[2] A true and correct copy of LaRocca's April 28, 2005 Expert Report ("LaRocca Expert Report") is attached hereto as Exhibit "A." Excerpts of the July 14, 2005 Deposition of John LaRocca are attached hereto as Exhibit "B." Finally, the Affidavit of John LaRocca is attached hereto as Exhibit "C." Dell did not elicit testimony from LaRocca at his deposition because Dell did not believe Inacom could , or would, take the incredible position that LaRocca was not qualified to testify. Accordingly, if the Court finds that LaRocca's qualifications are not sufficiently described and explained so as to qualify LaRocca as an expert, Dell tenders Mr. LaRocca to offer testimony on his extensive qualifications, and Dell requests a hearing on this matter for the purpose of providing further support for the qualifications of LaRocca as a testifying expert and the reliability of his opinion.

[3] Moreover, if this case were to proceed as a bench trial, this is an additional reason to deny the Motion to Exclude LaRocca because there is no need for the Court to act as a "gatekeeper" to prevent jurors from being influenced by allegedly unreliable or questionable expert testimony. *See Ekotek Site PRP Committee v. Self,* 1 F. Supp. 2d 1282, 1296 n. 5 (D. Utah 1998).

rigorous requirements of expertise and have been satisfied with more general qualifications. *Id; see also Hammond v. International Harvester Co.*, 691 F.2d 646,652-53 (3rd Cir. 1982) (engineer, whose only qualifications were sales experience in automotive and agricultural equipment field and teaching high school automobile repair, could testify in a products liability action involving tractors); *Knight v. Otis Elevator Co.*, 596 F.2d 84, 87-88 (3rd. Cir. 1979) (expert could testify that unguarded elevator buttons constituted a design defect despite expert's lack of specific background in design and manufacture of elevators).

Given LaRocca's extensive experience in credit and collections in the computer industry, Inacom avoids directly attacking LaRocca's qualifications as an expert witness. Rather, Inacom tries to "finesse" this issue by stating that he left HP at the end of 1997, which according to Inacom was "over three years before the preference period." (Motion to Exclude LaRocca, at p. 3). First, this is a clear exaggeration. LaRocca did not leave HP until April 30, 1998 (Exhibit "B", at p. 74:7-14), which is only two years from the preference period.

Second, Inacom fails to mention in its motion that even after leaving HP in April of 1998, LaRocca continued to be involved in credit and collections. LaRocca served as a consultant for Allied Signal from October 1999 through January 2000 (Exhibit "B", at 80:17-81:14). Thereafter, LaRocca was with Gateway Computer Corporation working with the credit department as a consultant from January 2000 through the end of June 2000. (Exhibit "B", at 81:15-83:15; Exhibit "C", at ¶ 3). Accordingly, contrary to Inacom's assertion, LaRocca was actively involved in the computer industry during the exact time period at issue in this case. LaRocca is clearly qualified to testify as an expert in this case pursuant to FRE 702.

### B.   LaRocca's Opinion Meets the Reliability Requirement

At the outset it should be noted that the reliability inquiry is a flexible one, which "must be tied to the facts of a particular case." *Kumbo Tire v. Carmichael,* 526 U.S. 137, 150 (1999). Courts within the Third Circuit have found expert testimony based solely on the expert's experience and knowledge and a review of relevant deposition transcripts and exhibits (as opposed to any scientific method or objective standard) to be reliable and admissible. *See e.g. Protocomm Corp. v. Novell Advances Servs., Inc.,* 171 F. Supp.2d 473, 480-83 (E.D. Pa. 2001) (holding that the testimony of the defendant's expert was reliable even though it was based solely on the expert's experience and review of relevant deposition transcripts and exhibits).

Inacom's first objection, i.e. that LaRocca relied solely on Mr. Thomas' payment frequency analysis is almost nonsensical. LaRocca's Expert Report details the extensive amount of data reviewed and analyzed in forming his opinion. (Exhibit "A", at pp. 5-6). LaRocca reviewed deposition testimony; Inacom's discovery responses; various charts and graphs reflecting the payment history; and invoice analysis for Dell's relationship with MicroAge, Jacom, and Lason. In addition, he interviewed other former HP credit managers and applied his own extensive experience. Contrary to Inacom's assertion, LaRocca did not base his opinion solely on Thomas' frequency analysis. (Exhibit "A"; Exhibit "B"; Exhibit "C", at ¶ 4). Indeed, the information LaRocca reviewed and relied upon in applying his over three decades of experience is greater than that reviewed by the expert in *Protocomm Corp.,* whose testimony was found to be sufficiently reliable and admitted in evidence. *See Protocomm Corp.,* 171 F. Supp.2d at 480-83.

Inacom also claims that LaRocca should be denied the opportunity to testify because his opinion is allegedly based on "stale, anecdotal evidence that precedes the relevant period by at

least three (3) to seven (7) years . . ." (LaRocca Motion in Limine, at p. 4). First, this is simply not true. As discussed in the preceding section, LaRocca was acting as a consultant for Gateway Computer Corporation during the very period at issue in this action, i.e. early to mid 2000. Moreover, LaRocca has been a member of Dun and Bradstreet's Advisory Group since 1985 and has over thirty years professional experience. (Exhibit "A", at p. 4); *see In Re Roberds, Inc.,* 315 B.R. 443,448-49 (Bankr. S.D. Ohio 2004) (expert was qualified to testify as to credit practices for purposes of the "industry standard" element of the ordinary course of business defense because he was a former employee of Dun and Bradstreet and had sufficient professional experience).

    C.    **LaRocca's Opinion is Relevant**

One of the elements of the ordinary course of business defense is that the questioned payments were made according to "ordinary business terms." 11 U.S.C. § 547(c)(2)(C). LaRocca's opinion and anticipated testimony focuses on this element of the ordinary course of business defense. (Exhibit "A", at p. 2, 8). Accordingly, LaRocca's testimony is clearly relevant and is sufficiently tied to the facts in this case.

Moreover Inacom's contention that LaRocca's testimony concerning Inacom's long history of holding checks is irrelevant, lacks credibility. Inacom has taken the position in this case that it only began holding checks in late 1999 so as to urge that "held checks" was not in the ordinary course of business. (Deposition of Richard Charles Oshlo, Jr., March 20, 2005, Excerpts of which are attached hereto as Exhibit "D", at 74:2-16; 139:1-140:21; 141:20-22; 144:9-145:6). LaRocca's testimony regarding Inacom "holding checks" is directly relevant.

For these reasons, Dell, Inc. respectfully requests that the Court deny Plaintiff's Motion in Limine to Exclude Expert Testimony of John LaRocca.

        Respectfully submitted,

        /s/ Patricia P. McGonigle
By: _____
        Patricia P. McGonigle, Esq.
        Delaware State Bar No. 3126
        Kevin Guerke
        Delaware State Bar No. 4096
        Seitz, Van Ogtrop & Green, P.A.
        222 Delaware Avenue, Suite 1500
        Wilmington, Delaware  19899
        302.888.0600
        302.888.0606  Fax

        and

        Sabrina L. Streusand, Esq.
        Texas State Bar No. 11701700
        G. James Landon
        Texas State Bar No. 24002445
        Hughes & Luce, L.L.P.
        111 Congress Ave., Suite 900
        Austin, Texas 78701
        512.482.6800
        512.482.6859  Fax

        **ATTORNEYS FOR DELL, INC.**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy[*] of the above foregoing *Dell, Inc.'s Answering Brief to Plaintiff's Motion in Limine to Exclude Expert Testimony of John LaRocca* was served on the following parties, this 29th day of August, 2005:

***Via Hand Delivery***
Elio Battista, Jr., Esquire
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE  19801

***Via First Class Mail***
Earl M. Forte, Esquire
Blank Rome, LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA  19103-6998

***Via Hand Delivery***
Laura Davis Jones, Esquire
Pachulski, Stang, Ziehl, Young, Jones
 & Weintraub, P.C.
919 North Market Street, Suite 1600
P. O. Box 8705
Wilmington, DE  19899-8705

/s/ Patricia P. McGonigle
_____
PATRICIA P. MCGONIGLE (DE 3126)

---

[*] Due to the voluminous nature of the expert reports, and given that such reports have been previously provided to Plaintiff's counsel, copies of the expert reports have not been provided along with the service copies of the Answering Brief.  To the extent any party wishes to obtain an additional copy of the expert report, please contact counsel for Dell, Inc.

49830v1                                  7