# EXHIBIT C

<u>**IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**</u>

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| INACOM CORP., <u>et al.</u>, | ) | |
| | ) | Case No. 00-2426 (PJW) |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| INACOM CORP., on behalf of affiliated | ) | |
| Debtors, | ) | Civil Action no. 04-582-GMS |
| | ) | Adv. No. 02-3499 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DELL COMPUTER CORPORATION, <u>et al.</u>) | | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**STATE OF ARIZONA**      §
                          §
**COUNTY OF MARICOPA**    §

<u>**AFFIDAVIT OF JOHN LAROCCA**</u>

Before me, the undersigned notary, on this day personally appeared John LaRocca, who being duly sworn on his oath deposed and stated as follows:

1. "My name is John LaRocca. I am over eighteen (18) years of age, of sound mind, and am fully competent to make this affidavit. I have personal knowledge of the facts stated herein, and all the statements contained herein are true and correct.

2. As more fully set forth in my expert report, I have over thirty years professional experience in credit related positions. Among other positions, I was employed

with Hewlett-Packard Company ("HP") for over twenty-two years, twelve of which I was the Global and Americas Credit Manager.

3. During the period of the transfers at issue in Inacom's complaint against Dell, Inc. ("Dell"), I was working for Gateway Computer Corporation ("Gateway") as a consultant. I was a consultant for Gateway from December 1999 through June 30, 2000. In this position, I assisted Gateway in developing their commercial credit policies and procedures with respect to sales to computer re-sellers. Therefore, I have in-depth knowledge and experience concerning the computer industry and its credit/payment practices during the exact time period at issue in this lawsuit. Furthermore, the "ordinary business terms" considered and applied in my expert report did not change from at least the beginning of 1998 through 2000.

4. Additionally, while I did rely on information provided by Stephen H. Thomas, in formulating my opinion, I did not rely solely on that information. A list of the information I reviewed and considered in formulating my opinion is set forth in my expert report and was detailed in my deposition. In general, I reviewed deposition testimony; Inacom's discovery responses; various charts and graphs reflecting the payment history; and invoice analysis for Dell's relationship with MicroAge, Jacom, and Lason. I also interviewed other former HP credit managers. I applied my over thirty years of experience and knowledge to this information in formulating my opinion

5. Based on my knowledge, experience, education, and a review of the information discussed above and set forth in my report, I determined that the payments at issue in this case were made according to ordinary business terms in Dell and Inacom's

industries. There is nothing unusual or idiosyncratic in remitting payment for invoices in the time and manner of the payments at issue in this case.

7.  The analysis I employed and information I relied upon to arrive at the opinion set forth in my report is of a kind that other experts in my field would recognize as acceptable if they were presented with the facts and circumstances of the instance case.

**FURTHER AFFIANT SAYETH NOT.**

_____
John LaRocca

BEFORE ME, the undersigned authority, on this day personally appeared John LaRocca, known to me to be the person whose name is subscribed to the foregoing instrument, and he swore to me that all matters set forth therein are true and correct and within his own knowledge.

GIVEN under my hand and seal of office this ___26___ day of August 2005.

_____
Notary Public in and for the State of Arizona

BRADFORD J. LOYD, JR.
NOTARY PUBLIC – ARIZONA
MARICOPA COUNTY
My Commission Expires
September 22, 2007