IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| INACOM CORP., et al., ) | |
| ) | Case No. 00-2426 (PJW) |
| Debtors. ) | |
| ) | |
| ) | |
| INACOM CORP., on behalf of affiliated ) | |
| Debtors, ) | Civil Action no. 04-582-GMS |
| ) | Adv. No. 02-3499 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DELL COMPUTER CORPORATION, et al, ) | |
| ) | |
| Defendants. ) | |

**DELL, INC.'S ANSWERING
BRIEF TO PLAINTIFF'S MOTION IN LIMINE TO
EXCLUDE EXPERT TESTIMONY OF STEPHEN H. THOMAS**

Defendant, Dell, Inc. ("Dell") files this its Answering Brief to Plaintiff's Motion in Limine to Exclude Expert Testimony of Stephen H. Thomas ("Motion to Exclude Thomas").

## I.   INTRODUCTION

Dell timely designated Stephen H. Thomas ("Thomas") as an expert under Rule 702 of the Federal Rules of Evidence to offer opinion testimony concerning whether the alleged preferential transfers were "made in the ordinary course of business or financial affairs of" Inacom and Dell under 11 U.S.C. § 547(c)(2)(B) and whether Dell provided "new value" to Inacom under 11 U.S.C. § 547(c)(4).

On April 28, 2005, Thomas timely provided his expert report ("Thomas' Expert Report"). A true and correct copy of Thomas' Expert Report is attached hereto as Exhibit "A." On August 15, 2005, Plaintiff, Inacom Corp. ("Inacom") filed its Motion to Exclude Thomas. Inacom, for

good reason, does not contend that Thomas is not qualified as an expert or that his testimony is not the product of reliable principles and methods for it is undisputed that he is highly qualified.[1] Rather, Inacom merely contends that Thomas' testimony will not assist the trier of fact in that the testimony supposedly consists of impermissible legal conclusions. As discussed in detail below, Inacom is incorrect, and the Motion to Exclude Thomas should be denied.[2]

## II.  ARGUMENT AND AUTHORITIES

### A.  Thomas' Testimony will Assist the Trier of Fact

Rule 702's requirement that expert testimony assist the trier of fact to understand the evidence or determine a fact issue is satisfied if the proposed testimony is relevant and concerns matters that are beyond the knowledge and experience of the average layperson. FED. R. EVID. 702. This determination is primarily a relevance determination. *See Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579, 591 (1993). To determine whether proposed expert testimony will be helpful to the trier of fact, courts apply the "common sense inquiry [of] whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issues without enlightenment from those having a specialized understanding of the subject involved in the dispute." FED. R. EVID. 702 Advisory Committee's Notes.

---

[1] Thomas' Expert Report details Thomas' thirty (30) years of experience in public accountancy and twenty-two (22) years of practice centered around providing professional accounting and consulting services in bankruptcies and other financially troubled company situations. *See* Exhibit "A", at p. 1 & Tab 1; *see also* excerpts from the deposition of Stephen H. Thomas, attached as Exhibit "B", at pp. 4:1-33:24, 41:2-44:6; 93:15-94:14, 96:23-100:2, 102:4-104:16, 106:25-111:6, 119:2-20. Thomas' Expert Report also sufficiently details: (i) the facts and data Thomas relied upon; (ii) Thomas' principles/methodology; and (iii) the application of the facts/data to the principles/methodology. *See generally* Exhibit "A"; *see also* Exhibit "B", at 34:3-40:17, 75:12-77:18, 85:20-86:23, 108:20-111:6, 113:9-117:21, 141:10-144:25, 153:13-197:15; 202:23-222:33, 231:13-19, 235:12-236:1.

[2] Moreover, if this case were to proceed as a bench trial, there is additional reason to deny the Motion to Exclude Thomas because there is no need for the Court to act as a "gatekeeper" to prevent jurors from being influenced by allegedly unreliable or questionable expert testimony. *See Ekotek Site PRP Committee v. Self,* 1 F. Supp. 2d 1282, 1296 n. 5 (D. Utah 1998).

Whether the alleged preferential payments were in the ordinary course of business or financial affairs of Inacom and Dell is hardly within the average knowledge and experience of the average person. As Inacom acknowledges in the Motion to Exclude Thomas, the data reviewed and analyzed by Thomas is "admittedly voluminous". (Motion to Exclude Thomas, at p. 2). For the pre-preference period, Thomas analyzed 19,567 invoices, and their associated payments, analyzing the amount and timing of payment on each. Exhibit "A". For the preference period, Thomas analyzed 611 additional invoices, and their associated payments, analyzing the amount and timing of payment on each. *Id.* Thomas then performed further analysis to determine the payment range (i.e., the period of time from the invoice date to the date payments were applied by Dell against the invoices) for the pre-preference period and compared that to the preference period payment range. Thomas also prepared charts and graphs to graphically represent this data and put it in a form that is understandable and useful. *Id.* Finally, Thomas employed his thirty plus years of experience and analyzed the data to determine the payment range that was ordinary between Dell and Inacom, representing the baseline of dealings between them. *Id; see also* Exhibit "B", at 34:3-40:17, 75:12-77:18, 85:20-86:23, 108:20-111:6, 113:9-117:21, 141:10-144:25, 153:13-197:15; 202:23-222:33, 231:13-19, 235:12-236:1.

In short, Thomas has taken voluminous amounts of data, converted it to an understandable, usable format for analyzing the payment ranges, analyzed the results based on his extensive accounting experience, including experience in bankruptcies, and concluded that a forty-five day payment range (from 27-71 days) was the usual/ordinary payment range in the pre-preference period. *Id.*[3] This is exactly the type of testimony and analysis that Rule 702 anticipates will assist the trier of fact and which should be admitted. *See In re Shalmon*

---

[3] Though Inacom does not appear to take issue with Thomas' opinion concerning the "new value" provided by Dell during the preference period, it should be noted that Thomas also offers a clear opinion that Dell provided new value to Inacom under 11 U.S.C. § 547(c)(4).

*Hospitality Inc.*, 293 B.R. 211, 216 (Bankr. N.D. Iowa 2003) (allowing expert testimony concerning the Debtor's payment history to determine whether payments during the preference period were in the ordinary course of business between debtor and creditor; such calculation was helpful in considering the standard course of dealing between the parties); *see also In re Brothers Gourmet Coffees, Inc.*, 271 B.R. 456, 461 & n. 15 (Bankr. D. Del. 2002) (relying on expert testimony to determine payment expectations/terms); *Salas by Salas v. Wang*, 846 F.2d 897, 904 (3rd. Cir. 1988) (noting that while jury could have made present value calculations by itself, testimony should have been allowed because it would have been more efficient to have the expert do the calculation and it would have assisted the jury).

Thomas' proposed testimony easily meets the requirements of FRE 702. Thomas opinion and anticipated testimony is clearly relevant to the issues involved in this case, concerns matters which are beyond the knowledge or experience of the average layman, will assist the trier of fact, and will allow for a more efficient presentation of evidence at trial.

**B.     Proposed Testimony Does Not Embrace Impermissible Legal Conclusions**

Despite Inacom's contention to the contrary, Thomas does not instruct on the law or otherwise offer a "legal conclusion." At most, Thomas' proposed opinion testimony merely goes to the ultimate issue to be decided by the trier of fact, which is expressly permitted by FRE 704 and entirely proper. *See* FED. R. EVID. 704 ("testimony in the form of an opinion or inference . . . is not objectionable because it embraces an ultimate issue to be decided by the trier of fact); FED. R. EVID. 704 Adv. Comm. Notes ("the so-called 'ultimate issue' rule is specifically abolished by the instant rule . . . the [former] rule was unduly restrictive, difficult of application, and generally served only to deprive the trier of fact of useful information."); *U.S. v. Miller*, 600 F.2d 498, 500 (5th Cir. 1975) (accounting expert's testimony that from accounting standpoint

money was obtained by fraud admissible as opinion on ultimate issue); *U.S. Logan*, 641 F.2d 860, 863 (10th Cir. 1981) (accountant could testify that funds were improperly taken; permissible because expert did not testify as to what legal standards were applicable to such determination); *Salas by Salas*, 846 F.2d at 905, n. 4 & n.5 (in the face of an argument that the expert's testimony as to present value calculations was a legal conclusion, the court determined that at most it was testimony as to an ultimate issue).  Significantly, Thomas recently was permitted to testify as to the § 547(c)(2)(B) element in another case, in which Thomas testified for the Plaintiff, using much of the same general methodology and analysis Thomas utilized in this case. *See In Re Kevco, Inc.,* 2005 Bankr. LEXIS 1249 (Bankr. N.D. Tex. June 30, 2005).

Although Thomas does, in isolated portions of his Expert Report, use or refer to legal terminology, at most he has simply couched his opinions in legal terms, which is entirely permissible.  *See Lewis v. New Mexico Dept. of Health*, 275 F.Supp.2d 1319, 1131 (D. N.M. 2003) (while expert may not state legal conclusions, expert may refer to law in expressing opinion); *see also U.S. v. Oles,* 994 F.2d 1519, 1523 (10th Cir.1993) (witness may refer to law in expressing opinion without rendering testimony inadmissible);  *Specht v. Jensen,* 853 F.2d 805, 810 (10th Cir. 1988) ("witness may properly be called upon to aid the jury in understanding the facts . . . even though reference to those facts is couched in legal terms.").

Thomas' proposed testimony will assist the trier of fact and does not impermissibly instruct the trier of fact on the law or otherwise impermissibly opine as to a "legal conclusion."

For these reasons, Plaintiff's Motion in Limine to Exclude Expert Testimony of Stephen H. Thomas should be denied.

        Respectfully submitted,

          /s/ Patricia P. McGonigle
By: _____
        Patricia P. McGonigle
        Delaware State Bar No. 3126
        Kevin Guerke
        Delaware State Bar No. 4096
        Seitz, Van Ogtrop & Green, P.A.
        222 Delaware Avenue, Suite 1500
        Wilmington, Delaware  19899
        302.888.0600
        302.888.0606  Fax

          and

        Sabrina L. Streusand, Esq.
        Texas State Bar No. 11701700
        G. James Landon
        Texas State Bar No. 24002445
        Hughes & Luce, L.L.P.
        111 Congress Ave., Suite 900
        Austin, Texas 78701
        512.482.6800
        512.482.6859  Fax

**ATTORNEYS FOR DELL, INC.**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy[*] of the above foregoing *Dell, Inc.'s Answering Brief to Plaintiff's Motion in Limine to Exclude Expert Testimony of Stephen H. Thomas* was served on the following parties, this 29th day of August, 2005:

***Via Hand Delivery***
Elio Battista, Jr., Esquire
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE  19801

***Via First Class Mail***
Earl M. Forte, Esquire
Blank Rome, LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA  19103-6998

***Via Hand Delivery***
Laura Davis Jones, Esquire
Pachulski, Stang, Ziehl, Young, Jones
 & Weintraub, P.C.
919 North Market Street, Suite 1600
P. O. Box 8705
Wilmington, DE  19899-8705

/s/ Patricia P. McGonigle
_____
PATRICIA P. MCGONIGLE (DE 3126)

---

[*] Due to the voluminous nature of the expert reports, and given that such reports have been previously provided to Plaintiff's counsel, copies of the expert reports have not been provided along with the service copies of the Answering Brief.  To the extent any party wishes to obtain an additional copy of the expert report, please contact counsel for Dell, Inc.

49831v1                                                           7