**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| INACOM CORP., et al., ) | |
| ) | Case No. 00-2426 (PJW) |
| _____Debtors._____ ) | |
| ) | |
| INACOM CORP., on behalf of affiliated ) | |
| Debtors, ) | Civil Action No. 04-582-GMS |
| ) | Adv. No. 02-3499 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DELL COMPUTER CORPORATION, et al,) | |
| ) | |
| _____Defendants._____ ) | |

## PLAINTIFF'S SUPPLEMENT TO TAB 1 OF THE FINAL JOINT PRETRIAL ORDER

Plaintiff, InaCom Corporation and affiliates, through the Plan Administrator, Executive

Sounding Board Associates, Inc. files this supplement to be included as Tab 1 of the Final Joint

Pretrial Order filed on August 15, 2005 (the "PTO"). The supplement to Tab 1 of the PTO is

attached hereto as Exhibit A.

Date: August 29, 2005

Bonnie Glantz Fatell (I.D. No. 3809)
Elio Battista, Jr. (I.D. No. 3814)
BLANK ROME LLP
1201 Market Street, Suite 800
Wilmington, DE 19801
Tel.: (302) 425-6400
Fax: (302) 425-6464

Attorneys for Executive Sounding Board
Associates, Inc., Plan Administrator

# EXHIBIT "A"

# TAB 1

# PLAINTIFF'S EXHIBITS

*In re InaCom Corp. / InaCom Corp. v. Dell Computer Corp.*
(Bankr. No. 00-2426 / Adv. No. 04-cv-582)

## Plaintiff's Trial Exhibits

The following exhibits were offered by Plaintiff and marked for identification. Defendant objected to their receipt in evidence on the grounds stated.:

| Ex. | Date | Description | Bates | Depo. Ex. | Dell's Objections | Plaintiff's Responses | Adm. |
|---|---|---|---|---|---|---|---|
| 1 | | Intentionally omitted | | | | | |
| 2 | 04/19/2005 | Report prepared by Dean R. Vomero of Bridge Associates LLC– InaCom Corp. and Affiliated Entities Insolvency/Valuation Analysis as of March 25, 2000 | | Vomero 2 | Hearsay, R. 802; Unreliable principles/methods and principle/methods unreliably applied, R. 702 | Not Hearsay and/or subject to exceptions under R. 803 and R. 807. Admissible under R. 702 and R. 703. | |
| 3 | 05/27/2005 | Rebuttal Report prepared by Dean R. Vomero of Bridge Associates LLC – Response to Duff & Phelps LLC/Sasco Hill Advisors, Inc. InaCom Corp., Valuation Analysis | | Vomero 3 | Hearsay, R. 802; Unreliable principles/methods and principle/methods unreliably applied, R. 702 | Not Hearsay and/or subject to exceptions under R. 803 and R. 807. Admissible under R. 702 and R. 703 | |
| 4 | 04/27/2000 | InaCom Bank Presentation | DE 004400 – DE 004414 | Gagliardi 7 Vomero 17 | | | |

1

119096.01600/40154672v.2

| Ex. | Date | Description | Bates | Depo. Ex. | Dell's Objections | Plaintiff's Responses | Adm. |
|---|---|---|---|---|---|---|---|
| 5 | 05/01/2000 | Blackstone Confidential Information Memorandum | DE 012457 – DE 012583; BSG 0332 – BSG 0386 | | Hearsay, R. 802; Not relevant, R. 402; Unfairly prejudicial, R. 403 | Not Hearsay and/or subject to exceptions under R. 803, including R. 803(6), and R. 807. Relevant under R. 401 and 402. Probative value substantially outweighs any potential unfair prejudice, R. 403. | |
| 6 | 05/02/2005 | Expert Report prepared by Francis X. Devine of Murray Devine Co. | | Devine 1 | Hearsay, R. 802 | Not Hearsay and/or subject to exceptions under R. 803 and R. 807. Admissible under R. 702 and R. 703. | |
| 7 | 04/29/2005 | Expert Report prepared by Stuart A. Gollin of Weiser LLP | | Gollin 1 LaRocca 4 | Hearsay, R. 802. Unreliable principles/methods and principle/methods unreliably applied, R. 702 | Not Hearsay and/or subject to exceptions under R. 803 and R. 807. Admissible under R. 702 and R. 703. | |

2

119096.01600/40154672v.2

| Ex. | Date | Description | Bates | Depo. Ex. | Dell's Objections | Plaintiff's Responses | Adm. |
|---|---|---|---|---|---|---|---|
| 8 | | Liquidation Analysis from Disclosure Statement | | | Hearsay, R. 802. Unfairly prejudicial, R. 403 | Not Hearsay and/or subject to exceptions under R. 803 and R. 807. Probative value substantially outweighs any potential unfair prejudice, R. 403. The Court may take judicial notice, R. 201. *See In re Peregrine Systems, Inc.*, 311 B.R. 679, 692 (D. Del. 2004). | |

3

119096.01600/40154672v.2

| Ex. | Date | Description | Bates | Depo. Ex. | Dell's Objections | Plaintiff's Responses | Adm. |
|-----|------|-------------|-------|-----------|-------------------|----------------------|------|
| 9 | | Updated liquidation analysis from Gilmour | | | This document has not previously been disclosed or made available in discovery. Accordingly, since this document was not provided in discovery, Dell objects to its admission in evidence. *See* Fed. R. Civ. P. 37(c). Additionally, Dell has not been provided with a copy of this document. Therefore, Dell has had no opportunity to review the document and assert other appropriate objections | Dell does not state an objection to admissibility. No response necessary. Plaintiff reserves the right to respond to any objections raised by Dell. | |

119096.01600/40154672v.2

| Ex. | Date | Description | Bates | Depo. Ex. | Dell's Objections | Plaintiff's Responses | Adm. |
|-----|------|-------------|-------|-----------|-------------------|----------------------|------|
| 10 | | Demonstrative – make-up of outstanding unsecured creditors | | | This document has not previously been disclosed or made available in discovery. Accordingly, since this document was not provided in discovery, Dell objects to its admission in evidence. *See* Fed. R. Civ. P. 37(c). Additionally, Dell has not been provided with a copy of this document. Therefore, Dell has had no opportunity to review the document and assert other appropriate objections | Dell does not state an objection to admissibility. No response necessary. This is a demonstrative document that was not required to be produced in discovery. Admissible under R. 1006. | |
| 11 | | **Intentionally omitted** | | | | | |

119096.01600/40154672v.2

| Ex. | Date | Description | Bates | Depo. Ex. | Dell's Objections | Plaintiff's Responses | Adm. |
|---|---|---|---|---|---|---|---|
| 12 | | Bridge demonstrative charts/graphs | | | Not previously disclosed in expert witness disclosures. This document has not previously been disclosed or made available in discovery. Accordingly, since this document was not provided in discovery, Dell objects to its admission in evidence. *See* Fed. R. Civ. P. 37(c). Additionally, Dell has not been provided with a copy of this document. Therefore, Dell has had no opportunity to review the document and assert other appropriate objections | Dell does not state an objection to admissibility. No response necessary. This is a demonstrative document that was not required to be produced in discovery. Admissible under R. 1006. | |
| 13 | | Package of InaCom Corp. Board of Directors Meeting Minutes from 02/28/2000 to 07/25/2000 | ICN 19504 – ICN 19590 | Oshlo 16 Vomero 19 | As to minutes after 4/22/00: Not relevant, R. 402 | Relevant under R. 401 and 402. | |

6

119096.01600/40154672v.2

| Ex. | Date | Description | Bates | Depo. Ex. | Dell's Objections | Plaintiff's Responses | Adm. |
|---|---|---|---|---|---|---|---|
| 14 | 05/24/2000 | Email from A. Karsnia to B. Wells, et al. | CPQ/BG 2545 – CPQ/BG 2547 | | Not relevant, R. 402. Hearsay, R. 802 | Relevant under R. 702 and R. 703. Not Hearsay and/or subject to exceptions under R. 803, including R. 803(1) & (6), and R. 807. | |
| 15 | 01/04/2000 | Asset Purchase Agreement among Compaq Computer Corp., ITY Corp. and InaCom Corp. | 00674 – 00815 | Fitzpatrick 20 | | | |
| 16 | | Schedules to APA | | | Document is not sufficiently described to allow Dell to identify. Therefore, Dell has had no opportunity to review the document and assert appropriate objections | Dell does not state an objection to admissibility. No response necessary. | |
| 17 | 03/15/2000 | Accounts Payable Schedule as of 02/12/2000 and attached AP register | | | Document is not sufficiently described to allow Dell to identify. Therefore, Dell has had no opportunity to review the document and assert appropriate objections | Dell does not state an objection to admissibility. No response necessary. Document has been previously produced to Dell. | |

7

119096.01600/40154672v.2

| Ex. | Date | Description | Bates | Depo. Ex. | Dell's Objections | Plaintiff's Responses | Adm. |
|---|---|---|---|---|---|---|---|
| 18 | 02/15/2000 | Compaq Computer Corp. Revolving Credit Facility Commitment Letter to InaCom Corp. | 01067 – 01110 | Fitzpatrick 18 Wells 10 | | | |
| 19 | | Intentionally omitted | | | | | |
| 20 | 02/16/2000 | Services, Supply and Sales Agreement among Compaq Computer Corp., ITY Corp. and InaCom Corp. | CA 1 – CA 18; 00817 – 00834 | Dugan 5 Kerkman 1 Samuelson 9 Wells 8 | | | |
| 21 | 02/16/2000 | Separation and Sharing Agreement between ITY Corp. and InaCom Corp. | 00873 - 00943 | Dugan 6 Oshlo 18 Samuelson 10 | | | |
| 22 | 02/16/2000 | InaCom Services Service Level Agreement with Compaq Computer Corp. | 00836 – 00871 | Fitzpatrick 17 Vomero 28 | | | |
| 23 | 02/16/2000 | Intercreditor Agreement among Deutsche Bank AG New York, Compaq Computer Corp. and IBM Credit Corporation | Wells 1 – Wells 34 | Oshlo 17 | | | |
| 24a | 01/04/2000 | Third Amendment and Waiver among InaCom Corp., the Banks, IBM Credit Corp., Banque Nationale de Paris and Deutsche Bank AG, New York Branch | 00953 – 00974 | Fitzpatrick 14 Oshlo 2 Samuelson 1 Vomero 22 Wood 2 | | | |

| Ex. | Date | Description | Bates | Depo. Ex. | Dell's Objections | Plaintiff's Responses | Adm. |
|-----|------|-------------|-------|-----------|-------------------|----------------------|------|
| 24b | 02/15/2000 | Fourth Amendment and Waiver among InaCom Corp., the Banks, IBM Credit Corp., Banque Nationale de Paris and Deutsche Bank AG, New York Branch | 00976 – 00993 | Fitzpatrick 15<br>Gagliardi 10<br>Oshlo 5<br>Samuelson 2<br>Wood 3 | | | |
| 24c | 03/31/2000 | Fifth Amendment and Waiver among InaCom Corp., the Banks, IBM Credit Corp., Banque Nationale de Paris and Deutsche Bank AG, New York Branch | DE 001601 – DE 001611 | Oshlo 19 | | | |
| 24d | 04/14/2000 | Sixth Amendment and Waiver among InaCom Corp., the Banks, IBM Credit Corp., Banque Nationale de Paris and Deutsche Bank AG, New York Branch | DE 010820 – DE 010833 | Oshlo 20 | | | |
| 25 | 03/24/2000 | Memo from R. Oshlo to T. Fitzpatrick re: Accessing Compaq Revolving Credit Facility | ICN 14296 – ICN 14297; 014001 – 014002 | Oshlo 15 | | | |
| 26 | 04/04/2000 | Memo from R. Oshlo to T. Fitzpatrick re: status of held checks and revolver | InaCom 003257; 014135 | Oshlo 14 | | | |

119096.01600/40154672v.2

| Ex. | Date | Description | Bates | Depo. Ex. | Dell's Objections | Plaintiff's Responses | Adm. |
|-----|------|-------------|-------|-----------|-------------------|----------------------|------|
| 27 | 04/27/2000 | Letter from C. Anderson and B. Wavro to T. Fitzpatrick re: collections on receivables owned by Compaq | DE 000541 | Gagliardi 4 Wood 18 | | | |
| 28 | 04/28/2000 | Notice of Borrowing from InaCom to Deutsche Bank | DE 000702 – DE 000703 | Oshlo 21 Vomero 30 | | | |
| 29 | 05/10/2000 | Treasury Released Checks by Date | FTI 000752 – FTI 000755 | Dugan 9 Horton 6 Oshlo 10 | | | |
| 30 | 05/16/2000 | Letter from B. Wavro to T. Fitzpatrick waiving a portion of the Revolving Credit Facility Commitment Letter | CPQ/BG 0001065 | Gagliardi 5 | | | |
| 31 | 05/26/2000 | Letter from R. Wood and M. Cheever to C. Anderson re: continuing investigation of the misdirected funds | DE 002845 – DE 002846 | Wood 23 | | | |

10

| Ex. | Date | Description | Bates | Depo. Ex. | Dell's Objections | Plaintiff's Responses | Adm. |
|---|---|---|---|---|---|---|---|
| 32 | 03/24/2003 | Disclosure Statement and Plan of Liquidation | | | Not Relevant, R. 402. Hearsay, R. 802. Unfairly prejudicial, R. 403 | Relevant under R. 401 and R. 402. Not Hearsay and/or subject to exceptions under R. 803 and R. 807. Probative value substantially outweighs any potential unfair prejudice, R. 403. The Court may take judicial notice, R. 201. *See In re Peregrine Systems, Inc.*, 311 B.R. 679, 692 (D. Del. 2004). | |

11

119096.01600/40154672v.2

| Ex. | Date | Description | Bates | Depo. Ex. | Dell's Objections | Plaintiff's Responses | Adm. |
|---|---|---|---|---|---|---|---|
| 33 | 11/12/2004 | Defendant Dell Computer Corporation's Objections and Responses to Plaintiff's Requests for Admission, Interrogatories and Requests for Production | | Horton 2 Keller 6 LaRocca 3 | Dell objects to the extent of any objections or claims of privilege asserted in Dell's Objections and Responses to Plaintiff's Requests for Admission, Interrogatories, and Requests for Production under R. 402 and R. 403. Dell also objects to any answers or responses that are not relevant to any claim or fact at issue in this litigation under R. 402 | Relevant under R. 401 and R. 402. Probative value substantially outweighs any potential unfair prejudice, R. 403. | |

12

119096.01600/40154672v.2

| Ex. | Date | Description | Bates | Depo. Ex. | Dell's Objections | Plaintiff's Responses | Adm. |
|-----|------|-------------|-------|-----------|-------------------|----------------------|------|
| 34 | 12/07/2004 | Defendant Dell Computer Corporation's Objections and Responses to Plaintiff's Second Set of Interrogatories to Defendant | | Keller 7 | Dell objects to the extent of any objections or claims of privilege asserted in Dell's Objections and Responses to Plaintiff's Requests for Admission, Interrogatories, and Requests for Production under R. 402 and R. 403. Dell also objects to any answers or responses that are not relevant to any claim or fact at issue in this litigation under R. 402 | Relevant under R. 401 and R. 402. Probative value substantially outweighs any potential unfair prejudice, R. 403. | |

13

| Ex. | Date | Description | Bates | Depo. Ex. | Dell's Objections | Plaintiff's Responses | Adm. |
|-----|------|-------------|-------|-----------|-------------------|----------------------|------|
| 35 | 05/03/2005 | Defendant Dell Computer Corporation's Supplemental Responses to Plaintiff's First Set of Interrogatories | | | Dell objects to the extent of any objections or claims of privilege asserted in Dell's Objections and Responses to Plaintiff's Requests for Admission, Interrogatories, and Requests for Production under R. 402 and R. 403. Dell also objects to any answers or responses that are not relevant to any claim or fact at issue in this litigation under R. 402 | Relevant under R. 401 and R. 402. Probative value substantially outweighs any potential unfair prejudice, R. 403. | |

| Ex. | Date | Description | Bates | Depo. Ex. | Dell's Objections | Plaintiff's Responses | Adm. |
|---|---|---|---|---|---|---|---|
| 36 | 06/17/2005 | Defendant Dell Computer Corporation's Second Supplemental Responses to Plaintiff's First Set of Interrogatories | | | Dell objects to the extent of any objections or claims of privilege asserted in Dell's Objections and Responses to Plaintiff's Requests for Admission, Interrogatories, and Requests for Production under R. 402 and R. 403. Dell also objects to any answers or responses that are not relevant to any claim or fact at issue in this litigation under R. 402 | Relevant under R. 401 and R. 402. Probative value substantially outweighs any potential unfair prejudice, R. 403. | |
| 37 – 46 | | Intentionally omitted | | | | | |
| 47 | 03/14/2000 | Email from Gagliardi to Winkler complaining about no incremental service revenue | CPQ/INA 16141 – CPQ/INA 16142 | | Hearsay, R. 802; Dell also objects because the document appears redacted and altered from its original form, therefore, Dell objects pursuant to R. 1002 and R. 1003 | Not Hearsay and/or subject to exceptions under R. 803, including R. 803(1) & (6), and R. 807. Admissible under R. 1003. | |

15

119096.01600/40154672v.2

| Ex. | Date | Description | Bates | Depo. Ex. | Dell's Objections | Plaintiff's Responses | Adm. |
|---|---|---|---|---|---|---|---|
| 48 | 10/20/2000 | Complaint – Custom Edge v. InaCom, et al. (Adv. Case # 00-1684) | | | | | |
| 49 | 04/18/2000 | Email from Hansen to Oshlo et al. re: split of AR receipts | ICM 036584 – ICM 036585 | | | | |
| 50 | 05/17/2000 | InaCom Press Release | CPQ/BG 0002983 | | Not Relevant, R. 402. Unfairly prejudicial, R. 403 | Relevant under R. 401 and R. 402. Probative value substantially outweighs any potential unfair prejudice, R. 403. | |
| 51 | 05/17/2000 | Moody's Press Release | CPQ/BG 0002980 – CPQ/BG 0002982 | | Not relevant, R. 402. Unfairly prejudicial, R. 403 | Relevant under R. 401 and R. 402. Probative value substantially outweighs any potential unfair prejudice, R. 403. | |
| 52 | 05/09/2000 | Facsimile from Wood to Gagliardi | DE 10496 – DE 10499 | | Not Relevant, R. 402. Hearsay, R. 802 | Not Hearsay and/or subject to exceptions under, R. 803, including R. 803(6), and 807. Relevant under R. 401 and R. 402. | |

16

119096.01600/40154672v.2

| Ex. | Date | Description | Bates | Depo. Ex. | Dell's Objections | Plaintiff's Responses | Adm. |
|---|---|---|---|---|---|---|---|
| 53 | | Demonstrative – supporting Fitzpatrick narrative | | | This document has not previously been disclosed or made available in discovery. Accordingly, since this document was not provided in discovery, Dell objects to its admission in evidence. *See* Fed. R. Civ. P. 37(c). Additionally, Dell has not been provided with a copy of this document. Therefore, Dell has had no opportunity to review the document and assert other appropriate objections | Dell does not state an objection to admissibility. No response necessary. This is a demonstrative document that was not required to be produced in discovery. Admissible under R. 1006. | |
| 54 | | Intentionally omitted | | | | | |
| 55 | 02/16/2000 | First Amendment to Asset Purchase Agreement | IN 00013 – IN 00015 | | | | |
| 56 | 03/15/2000 | InaCom Asset Purchase Schedules Summary as of 02/12/2000 | | | | | |

17

| Ex. | Date | Description | Bates | Depo. Ex. | Dell's Objections | Plaintiff's Responses | Adm. |
|---|---|---|---|---|---|---|---|
| 57 | 06/2000 | Asset Purchase Agreement (unexecuted) dated as of June ___, 2000 by and between Compucom and Marlin | | | Document was not provided to Dell until August 9, 2005, months after the close of discovery in March 2005 and after fact discovery was completed. Accordingly, Dell objects to its admission in evidence. *See* Fed. R. Civ. P. 37(c) | Dell does not state an objection to admissibility. No response necessary. Document was timely produced. Probative value substantially outweighs any potential unfair prejudice, R. 403. | |
| 58 | 06/19/2000 | Affidavit of Thomas J. Fitzpatrick in Support of First Day Orders | DE 002975 | | Hearsay, R. 802 | Not Hearsay and/or subject to exceptions under R. 803 and R. 807. The Court may take judicial notice, R. 201. *See In re Peregrine Systems, Inc.*, 311 B.R. 679, 692 (D. Del. 2004). | |
| 59 | | Summary Act vs. Bud | DE 002975 | | Rule of optional completeness, R. 106—add pages DE002976 through 02996 | Plaintiff reserves the right to respond to any objections raised by Dell. | |
| 60 | 03/27/2000 | InaCom Press Release | DB 008602 | | | | |

18

| Ex. | Date | Description | Bates | Depo. Ex. | Dell's Objections | Plaintiff's Responses | Adm. |
|---|---|---|---|---|---|---|---|
| 61 | 05/01/2000 | Blackstone Project Adams Debtor in Possession Model report | BSG 0053 – BSG 0064 | | Relevance, R. 402; Hearsay, 802. Unfairly prejudicial, R. 403 | Relevant under R. 401 and R. 402. Not Hearsay and/or subject o exceptions under R. 803, including, R. 803(6), and R. 807. Probative value substantially outweighs any potential unfair prejudice, R. 403. | |
| 62 | 03/24/2000 | A/P Weekly Balancing to A/P Aging Report | FTI 000652 | | Hearsay, R. 802. Dell also objects to authenticity in that it appears there is additional related information omitted; therefore, this document is not complete, R. 1002 and R. 1003 | Not Hearsay and/or subject o exceptions under R. 803, including, R. 803(6), and R. 807. Admissible under R. 1003. | |
| 63 | 01/01/2000 | Email from J. Samuelson to C. Anderson | CPQ/BG 0001875 | | Not relevant, R. 402. Hearsay, R. 802 | Relevant under R. 401 and R. 402. Not Hearsay and/or subject to exceptions under R. 803, including R. 803(1) & (6), and R. 807. | |

19

| Ex. | Date | Description | Bates | Depo. Ex. | Dell's Objections | Plaintiff's Responses | Adm. |
|-----|------|-------------|-------|-----------|-------------------|----------------------|------|
| 64 | 05/27/2000 | Email from K. Edwards to M. Hall | CPQ/INA 0003235 | | Not relevant, R. 402. Hearsay, R. 802. Unfairly prejudicial, R. 403 | Relevant under R. 401 and R. 402. Not Hearsay and/or subject to exceptions under R. 803, including R. 803(1) & (6), and R. 807. | |
| 65 | 04/28/2000 | Memo from P. Hatfield to mailing list | DE 011691 | | Not relevant, R. 402. Hearsay, R. 802. Unfairly prejudicial, R. 403 | Relevant under 401 and R. 402. Not Hearsay and/or subject to exceptions under R. 803, including R. 803(1) & (6), and R. 807. Probative value substantially outweighs any potential unfair prejudice, R. 403. | |
| 66 | 12/09/1999 | Email from R. Conklin re: InaCom Update | CPQ/BG 0007108 | | Not relevant, R. 402. Hearsay, R. 802. Unfairly prejudicial, R. 403 | Relevant under 401 and R. 402. Not Hearsay and/or subject to exceptions under R. 803, including R. 803(1) & (6), and R. 807. Probative value substantially outweighs any potential unfair prejudice, R. 403. | |
| 67 | 04/26/2000 | Minutes of InaCom Board of Directors Meeting | InaCom 10126 – InaCom 10127 | | Not Relevant, R. 402 | Relevant under R. 401 and R. 402. | |

20

| Ex. | Date | Description | Bates | Depo. Ex. | Dell's Objections | Plaintiff's Responses | Adm. |
|---|---|---|---|---|---|---|---|
| 68 | 06/14/2000 | Letter from B. Wavro to T. Fitzpatrick with attached Statement | 005224 – 005231 | | Not Relevant, R. 402. Hearsay, R. 802. Unfairly prejudicial, R. 403 | Relevant under R. 401 and R. 402. Not Hearsay and/or subject to exceptions under R. 803, including R. 803(6), and R. 807. Probative value substantially outweighs any potential unfair prejudice, R. 403. | |
| 69 | 06/01/2000 | Memo from T. Molchan re: Board Meeting materials | 005232 – 005242 | | Not relevant, R. 402. Hearsay, R. 802 | Relevant under R. 401 and R. 402. Not Hearsay and/or subject to exceptions under R. 803, including R. 803(6), and R. 807. . | |
| 70 | 02/16/2000 | Wiring Instructions for Compaq-InaCom Closing | 005427 – 005429 | Gagliardi 11 Oshlo 6 | | | |
| 71 | 05/01/2000 | Blackstone Project Addams Reorganization Model | BSG 0001 – BSG 0026 | | Not relevant, R. 402. Unfairly prejudicial, R. 403. Hearsay, R. 802 | Relevant under R. 401 and R. 402. Not Hearsay and/or subject to exceptions under R. 803, including R. 803(6), and 807. Probative value substantially outweighs any potential unfair prejudice. Admissible under R. 1006. | |

21

| Ex. | Date | Description | Bates | Depo. Ex. | Dell's Objections | Plaintiff's Responses | Adm. |
|---|---|---|---|---|---|---|---|
| 72 | 04/30/2000 | Blackstone Group Jan Actual – April Actual | BSG 0065 – BSG 0068 | | Not relevant, R. 402. Hearsay, R. 802. Unfairly prejudicial, R. 403 | Relevant under R. 401 and R. 402. Not Hearsay and/or subject to exceptions under R. 803, including R. 803(6), and 807. Probative value substantially outweighs any potential unfair prejudice. Admissible under R. 1006. | |
| 73 | | Blackstone Group Q2 – Q3 consolidated Summary and backup | BSG 0069 – BSG 0076 | | Not relevant, R. 402. Unfairly prejudicial, R. 403. Hearsay, R. 802 | Relevant under R. 401 and R. 402. Not Hearsay and/or subject to exceptions under R. 803, including R. 803(6), and 807. Probative value substantially outweighs any potential unfair prejudice. Admissible under R. 1006. | |
| 74 | | Examples of invoices from Dell to InaCom | | Horton 3; Keller 11 | | | |
| 75 | 08/10/1994 | Remarketer/Integrator Agreement between Dell Marketing and Vanstar | | Horton 4 Keller 12 | | | |

22

| Ex. | Date | Description | Bates | Depo. Ex. | Dell's Objections | Plaintiff's Responses | Adm. |
|---|---|---|---|---|---|---|---|
| 76 | 04/01/2005 | Letter from S. Streusand to E. Forte enclosing additional document production obtained from M. Horton's records (attached) | (InaCom/Dell Received 4/1/05) 00004 – 00086 | Horton 7 Thompson 1 | Dell objects to letter reflecting correspondence between counsel. Not Relevant, R. 402 | Relevant under R. 401 and R. 402. Dell does not state an objection to the admissibility of the attachment. No response necessary. | |
| 77 | 04/18/2005 | Fax from S. Streusand to E. Forte forwarding unredacted emails from M. Horton's records (attached) | (InaCom/Dell received 4/18/2005) 00001 – 00033 | Horton 8 | Dell objects to letter reflecting correspondence between counsel. Not Relevant, R. 402 | Relevant under R. 401 and R. 402. Dell does not state an objection to the admissibility of the attachment. No response necessary. | |
| 78 | 05/16/2002 | Summons and Complaint against Dell | | Keller 1 | Not relevant, R. 402. Hearsay, R. 802. Unfairly prejudicial, R. 403 | Not Hearsay and/or subject to exceptions under R. 803 and R. 807. Relevant under R. 401 and R. 402. Probative value substantially outweighs any potential unfair prejudice, R. 403. The Court may take judicial notice under R. 201. *See In re Peregrine Systems, Inc.*, 311 B.R. 679, 692 (D. Del. 2004). | |
| 79 | 06/11/2002 | Original Answer of Dell | | Keller 2 | Not relevant, R. 402 | Relevant under R. 401 and R. 402. | |

23

| Ex. | Date | Description | Bates | Depo. Ex. | Dell's Objections | Plaintiff's Responses | Adm. |
|---|---|---|---|---|---|---|---|
| 80 | 12/29/2004 | Amended Answer of Dell | | Keller 3 | Not relevant, R. 402 | Relevant under R. 401 and R. 402. | |
| 81 | 05/23/2002 | Cancelled checks to Dell | | Keller 9 | Cumulative of stipulation in Pre-Trial Order | Dell does not state an objection to admissibility. No response required. | |
| 82 | 03/31/2000 | Wire transfer records for wire to Dell parties for $806,278.00 | | | Cumulative of stipulation in Pre-Trial Order | Dell does not state an objection to admissibility. No response required. | |
| 83 | 00/00/0000 | Series of Collection Letters and Customer Care Notices from Dell | | Keller 16 | | | |
| 84 | | Houlihan Lokey Howard & Zukin work papers | | | | | |
| 85 | 05/26/2005 | Rebuttal Expert Report prepared by Michael L. Newsom of Bridge Associates | | LaRocca 5 Newsom 1 Thomas 3 | Hearsay, R. 802. Unreliable principles/methods and principle/methods unreliably applied, R. 702 | Not Hearsay and/or subject to exceptions under R. 803 and R. 807. Admissible under R. 702 and R. 703. | |
| 86 | 05/30/2002 | Lain Faulkner & Co. Engagement Letter | | Thomas 1 | | | |

24

| Ex. | Date | Description | Bates | Depo. Ex. | Dell's Objections | Plaintiff's Responses | Adm. |
|---|---|---|---|---|---|---|---|
| 87 | 04/28/2005 | Expert Report prepared by Stephen H. Thomas of Lain, Faulkner & Co., P.C. | | LaRocca 2 Newsom 3 Thomas 2 | | | |
| 88 | 04/28/2005 | Expert Report prepared by John LaRocca | | Gollin 4 LaRocca 1 | | | |
| 89 | 04/05/2005 | Emails re: MicroAge Reports | | LaRocca 7 | | | |
| 90 | | Exhibits marked at the Deposition of Dean Vomero taken on 07/27/2005 | | | There are multiple exhibits to Mr. Vomero's deposition. Plaintiff's general designation of these exhibits is not sufficient to allow Dell to assert specific objections to individual exhibits | Dell does not state an objection to admissibility. No response necessary. All exhibits were timely produced. | |
| 91 | | Exhibits marked at the Deposition of Jason F. Fensterstock taken on 07/28/2005 | | | There are multiple exhibits to Mr. Fensterstock's deposition. Plaintiff's general designation of these exhibits is not sufficient to allow Dell to assert specific objections to individual exhibits | Dell does not state an objection to admissibility. No response necessary. All exhibits were timely produced. | |

25

| Ex. | Date | Description | Bates | Depo. Ex. | Dell's Objections | Plaintiff's Responses | Adm. |
|-----|------|-------------|-------|-----------|-------------------|----------------------|------|
| 92 | 07/06/2005 | Dell Privilege Log | | | Not relevant, R. 402. Unfairly prejudicial, R. 403. Moreover, the privilege log identified is not most current. In addition, Dell objects because constitutes inadmissible comment on the claim of privilege | Relevant under R. 401 and R. 402. Probative value substantially outweighs any potential unfair prejudice, R. 403. | |
| 93 | 05/23/2003 | Bankruptcy Court's Order Confirming Debtors' Liquidating Plan | | | Not relevant, R. 402 | Relevant under R. 401 and R. 402. | |
| 94 | | All exhibits identified by the Debtors in the separate adversary proceedings against Lexmark International, Inc. (Adversary No. 02-3500), Ingram Entertainment Corp. (Adversary No. 02-3960) and Tech Data Corp. (Adversary No. 02-3496) relevant to the issue of insolvency and any other issue relevant to this adversary proceeding | | | Documents are insufficiently identified for Dell to make an objection, except relevance as to Dell, R. 402, which Dell conditionally asserts. In addition, such exhibits have not been provided to Dell. Therefore, Dell is unable to prepare specific objections to individual documents | Relevant under R. 401 and R. 402. Plaintiff reserves the right to respond to any objections raised by Dell. | |

| Ex. | Date | Description | Bates | Depo. Ex. | Dell's Objections | Plaintiff's Responses | Adm. |
|---|---|---|---|---|---|---|---|
| 95 | | Exhibits that may consist of documents produced or identified later in connection with this adversary proceeding before trial | | | Documents are insufficiently identified for Dell to make an objection, except relevance as to Dell, R. 402, which Dell conditionally asserts. Additionally, fact discovery closed on March 31, 2005. To the extent documents are identified that were not disclosed in discovery, Dell objects to the admission of such documents. *See* Fed. R. Civ. P. 37(c). Dell also objects to the admission of documents not set forth on Plaintiff's Exhibit List, and Dell objects to the admission of documents not timely identified | Relevant under R. 401 and R. 402. Plaintiff reserves the right to respond to any objections raised by Dell. | |

27

119096.01600/40154672v.2

## CERTIFICATE OF SERVICE

I, *Elio Battista, Jr.*, do hereby certify that I am not less than 18 years of age, and that on

August 29, 2005, I caused  service of the attached *Plaintiff's Supplement to Tab 1 of the Final*

*Joint Pretrial Order* to be made on the parties listed below in the manner indicated.

Under penalty of perjury, I declare that the foregoing is true and correct.

Elio Battista, Jr.

## BY HAND DELIVERY

Patricia P. McGonigle, Esquire
*Seitz Van Ogtrop & Green, P.A.*
222 Delaware Avenue, Suite 1500
Wilmington, DE 19801

Laura Davis Jones, Esquire
Pachulski Stang Ziehl Young Jones & Weintraub P.C.
919 North Market Street
Suite 1600
Wilmington, DE 19899

## BY FIRST CLASS MAIL

Sabrina L. Streusand, Esquire
*Hughes Luce LLP*
111 Congress Avenue, Suite 900
Austin, TX 78701