# EXHIBIT "A"



1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
In re:  INACOM CORP., et al.,
------------------------------------x
INACOM CORP., on behalf of all
affiliated Debtors,                       Civ Act No.
                    Plaintiff,            04-148 GMS
          -against-                       Adversary No.
TECH DATA CORP.,                          02-03496 PJW
                    Defendant.
------------------------------------x
INACOM CORP., on behalf of all
affiliated Debtors,                       Civ Act No.
                    Plaintiff,            04-582 GMS
          -against-                       Adversary No.
DELL COMPUTER CORPORATION,                02-03499 PJW
                    Defendant.
------------------------------------x
INACOM CORP., on behalf of all
affiliated Debtors,                       Civ Act No.
                    Plaintiff,            04-583 GMS
          -against-                       Adversary No.
LEXMARK INTERNATIONAL, INC.,              02-03500 PJW
                    Defendant.
------------------------------------x
INACOM CORP., on behalf of all
affiliated Debtors,                       Civ Act No.
                    Plaintiff,            04-593 GMS
          -against-                       Adversary No.
INGRAM ENTERTAINMENT, INC.,               02-03960 PJW
successor in interest to
NASHVILLE COMPUTER LIQUIDATORS,
                    Defendant.
------------------------------------x
```

July 28, 2005

5:19 p.m.

Deposition of RICHARD A. WHALEN



Computer Reporting Incorporated

501 Fifth Avenue  New York, NY 10017
(212) 986-1344  Fax (212) 983-9149  www.crinyc.com

July 28, 2005

5:19 p.m.


Deposition of RICHARD A. WHALEN, held at the offices of Pachulski Stang Ziehl Young Jones & Weintraub, 780 Third Avenue, New York, New York, pursuant to Agreement, before John Ianno, Jr., a Notary Public of the State of New York.

A P P E A R A N C E S:


PACHULSKI STANG ZIEHL YOUNG

JONES & WEINTRAUB

Attorneys for Plaintiff

    10100 Santa Monica Blvd.

    Los Angeles, California 90067-4100

BY:   ANDREW W. CAINE, ESQ.,

      of Counsel


ADORNO & YOSS, LLP

Attorneys for Tech Data Corp.

    350 East Las Olas Boulevard

    Ft. Lauderdale, Florida 33301

BY:   STEPHEN HUNT, ESQ.,   (By Telephone)

      of Counsel

A P P E A R A N C E S: (Cont'd):

HUGHES LUCE LLP

Attorneys for Dell Computer Corp.

    111 Congress Avenue   Suite 900

    Austin, Texas 78701

BY:   H. ROBERT POWELL, ESQ.,

       of Counsel


STOLL KEENON & PARK LLP

Attorneys for Lexmark International

    400 West Market Street

    Louisville, Kentucky 40202-3377

BY:   CULVER V. HALLIDAY, ESQ.,

       of Counsel

1           R. Whalen

2   Blackstone report. Would it be appropriate to
3   consider the information in the Blackstone report?
4       A.   You don't need it, you already have
18:08:42  5   it. You mean that particular balance sheet and
6   those balances, current assets, $10, fixed assets,
7   $12.
8       Q.   There may be additional data
9   underlying the balance sheet that's contained in
18:08:53 10   the Blackstone report that you don't see in the
11   balance?
12       A.   I suppose if it is factual data that
13   was around on the valuation date, then I'm
14   thinking no matter where it comes from, you should
18:09:06 15   consider it. There is a difference between
16   creating a report with all the judgment that goes
17   into it, and the thinking cap on in May of 2000,
18   which is different than perhaps a thinking cap in
19   April, or March, or February. The difference
18:09:26 20   between assertions made in a report and financial
21   statement data on a page. Maybe that's where we
22   are diverging here.
23       Q.   We are not, I'm just trying to
24   understand your opinion.
18:09:42 25       A.   I think in general wherever you can

44

R. Whalen

```
                  2    get information that was reasonable knowledge by a
                  3    willing buyer as of the valuation date, and you
                  4    should endeavor to get as much information as they
       18:09:53   5    can, but things that are put out there, published,
                  6    become public or become available after the
                  7    valuation date, you can't use, you can't consider
                  8    them, unless you pick a new valuation date.
                  9         Q.   Let's say hypothetically you have a
       18:10:25  10    valuation date of June 30?
                 11         A.   Okay.
                 12         Q.   And the most recent projection you
                 13    have in order to perform your analysis, have been
                 14    completed on January 1st, and those projections
       18:10:40  15    relied on actual data prior to January 1st?
                 16         A.   And the thinking on January 1st.
                 17         Q.   Right.
                 18              MR. POWELL:  Which January 1st?
                 19              MR. CAINE:  Of the same year.
       18:10:52  20              THE WITNESS:  Before.
                 21         Q.   You would use those January 1st
                 22    projections in preparing your valuation as of June
                 23    30?
                 24         A.   Yes, or what I would try and do is
       18:11:03  25    update those projections, make sure they are
```

1           *R. Whalen*

2    data, or it is inappropriate to use post valuation

3    date data?

4           A.    It is inappropriate to use post

5    valuation date data.  I may have been unclear

6    because I didn't want it to sound like that was

7    just my opinion, I think that's valuation rules.

8           **MR. POWELL:**  We reserve further

9           questions.

**FURTHER EXAMINATION**

**BY MR. CAINE:**

12          Q.    The valuation rules to which you

13   refer, where are they from?

14          A.    They are in most textbooks, Shannon

15   Pratt, third edition, if one does a Google search,

16   they can find it in many different places.

17   Shannon Pratt has a book called Valuing a

18   Business, it is one of the things you give the new

19   hires and say here, read this, kind of a

20   dictionary of business valuation, and there is a

21   section in there which stresses the importance of

22   using valuation data right at the valuation date.

23              I'm not sure which edition of Pratt

24   says don't go past your -- you know, it is one

25   thing to say don't use valuation data far afield



1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
In re:  INACOM CORP., et al.,
-----------------------------------x
INACOM CORP., on behalf of all
affiliated Debtors,                    Civ Act No.
                Plaintiff,             04-148 GMS
        -against-                      Adversary No.
TECH DATA CORP.,                       02-03496 PJW
                Defendant.
-----------------------------------x
INACOM CORP., on behalf of all
affiliated Debtors,                    Civ Act No.
                Plaintiff,             04-582 GMS
        -against-                      Adversary No.
DELL COMPUTER CORPORATION,             02-03499 PJW
                Defendant.
-----------------------------------x
INACOM CORP., on behalf of all
affiliated Debtors,                    Civ Act No.
                Plaintiff,             04-583 GMS
        -against-                      Adversary No.
LEXMARK INTERNATIONAL, INC.,           02-03500 PJW
                Defendant.
-----------------------------------x
INACOM CORP., on behalf of all
affiliated Debtors,                    Civ Act No.
                Plaintiff,             04-593 GMS
        -against-                      Adversary No.
INGRAM ENTERTAINMENT, INC.,            02-03960 PJW
successor in interest to
NASHVILLE COMPUTER LIQUIDATORS,
                Defendant.
-----------------------------------x
```

July 28, 2005

9:11 a.m.

Deposition of JASON FENSTERSTOCK

**Computer Reporting Incorporated CRI**

501 Fifth Avenue  New York, NY 10017
(212) 986-1344  Fax (212) 983-9149  www.crinyc.com

July 28, 2005

9:11 a.m.


Deposition of JASON FENSTERSTOCK, held at the offices of Pachulski Stang Ziehl Young Jones & Weintraub, 780 Third Avenue, New York, New York, pursuant to Agreement, before John Ianno, Jr., a Notary Public of the State of New York.

A P P E A R A N C E S:

PACHULSKI STANG ZIEHL YOUNG
JONES & WEINTRAUB
Attorneys for Plaintiff
    10100 Santa Monica Blvd.
    Los Angeles, California 90067-4100
BY:   ANDREW W. CAINE, ESQ.,
       of Counsel


ADORNO & YOSS, LLP
Attorneys for Tech Data Corp.
    350 East Las Olas Boulevard
    Ft. Lauderdale, Florida 33301
BY:   STEPHEN HUNT, ESQ.,   (By Telephone)
       of Counsel

A P P E A R A N C E S: (Cont'd):


HUGHES LUCE LLP

Attorneys for Dell Computer Corp.

    111 Congress Avenue   Suite 900

    Austin, Texas 78701

BY:   H. ROBERT POWELL, ESQ.,

    SABRINA L. STRUESAND, ESQ.,

       of Counsel


STOLL KEENON & PARK LLP

Attorneys for Lexmark International

   400 West Market Street

   Louisvile, Kentucky 40202-3377

BY:   CULVER V. HALLIDAY, ESQ.,

      of Counsel

A P P E A R A N C E S: (Cont'd):


SHEPPARD MULLIN RICHTER & HAMPTON LLP

Attorneys for Ingram Entertainment

    650 Town Center Drive  4th Floor

    Costa Mesa, California 92626-1993

BY:    JONATHAN P. HERSEY, ESQ.,

        of Counsel


BLANK ROME LLP

Attorneys for Executive Sounding Board

    One Logan Square

    Philadelphia, Pennsylvania 19103-6998

BY:    EARL M. FORTE, ESQ.,

        of Counsel


ALSO PRESENT:

    DEAN VOMERO

    RICHARD A. WHALEN

|  |  |  |
|---|---|---|
| 1 | | *J. Fensterstock* |
| 2 | | See that? |
| 3 | A. | Yes. |
| 4 | Q. | What circumstances were you referring |
| 5 | to? | |
| 6 | A. | All of the company circumstances, as |
| 7 | of April 17. | |
| 8 | Q. | Why was April 17 chosen? |
| 9 | A. | That was the date that counsel asked |
| 10 | us to make our assessment as of. | |
| 11 | Q. | Why was not April 22nd chosen? |
| 12 | A. | I believe April 17 was the date after |
| 13 | which all of the clients that have retained us, by | |
| 14 | that date all of the payments that are subject to | |
| 15 | attack in this action had been received, and there | |
| 16 | was no need to go beyond that date. | |
| 17 | Q. | In the course of preparing your |
| 18 | report, did you use any information of which | |
| 19 | Inacom became aware after April 17th? | |
| 20 | A. | Could you just please repeat that |
| 21 | question. | |
| 22 | Q. | Sure. In the course of preparing your |
| 23 | report, Exhibit 1, did you use any information of | |
| 24 | which Inacom became aware after April 17th? | |
| 25 | A. | In the course -- no. |

Timestamps: 10:07:42 (line 5), 10:07:58 (line 10), 10:08:33 (line 15), 10:09:01 (line 20), 10:09:29 (line 25)