IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: )<br>)<br>INACOM CORP., et al., )<br>)<br>Debtors. ) | Chapter 11<br><br>Case No. 00-2426 (PJW) |
| )<br>INACOM CORP., on behalf of affiliated )<br>Debtors, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DELL COMPUTER CORPORATION, et al., )<br>)<br>Defendants. ) | Civil Action no. 04-582-GMS<br>Adv. No. 02-3499 |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE
THE EXPERT TESTIMONY AND REPORT OF STUART A. GOLLIN**

Plaintiff, Debtors, InaCom Corporation and affiliates, through Executive Sounding Board Associates, Inc., Plan Administrator ("Plaintiff"), by and through its undersigned counsel hereby responds to Defendants Motion to Exclude Expert Testimony and Report of Stuart A. Gollin.

Defendant's Motion should be denied[1] because it fails to establish any facts or law to support the exclusion of Mr. Gollin's testimony and report as to ordinary payment practices in Defendant's industry. In order to establish the third element of the "ordinary course of business defense" under Bankruptcy Code § 547(c)(2)(C), Defendant must prove the ordinary payment terms in its industry, based on objective evidence – a burden it fails to meet.[2] In contrast, Mr. Gollin's report and testimony satisfy the requirements to qualify as an expert in this case and will readily assist the Court.

---

[1] Initially, Defendant's Motion should be denied on procedural grounds, as it (a) fails to comply with and apparently seeks to circumvent the Court's Scheduling Order limiting motions in limine to five (5) pages in length (Motion is 10 pages), and (b) violates the Pretrial Order wherein Defendant did not list any intended motions in limine.

[2] See Plaintiff's Motion in Limine to Exclude The Expert Testimony of John LaRocca.

119096.01600/40156263v.1

I. **THE 547(C)(2)(C) INDUSTRY TERMS DEMANDS OBJECTIVE EVIDENCE SUCH AS THAT GATHERED BY MR. GOLLIN.**

Defendant bears the burden to prove all three elements of the ordinary course defense under Section 547(c)(2).  11 U.S.C. § 547(g).  The ordinary industry practice under Section (c)(2)(C) plays a prominent role in the analysis,[2] which is objective and requires evidence of practices by the defendant's competitors, to which the preference period transactions between the debtor and the defendant are then compared. *U.S. Interactive at 392.*  Specific, objective evidence is particularly important where the defendant is attempting to shield late preferential payments by the debtor.  *Id.* at 393-394 (rejecting generalized statements, guessing and approximations to the industry standard.)  "[C]ourts look for objective, definitive evidence supported by specific data to meet the burden of proof." *Id.*; *Hechinger Liquidation Trust v. Rager*, 298 B.R. 240, 242 (Bankr. D.Del. 2003).

II. **DEFENDANT'S MOTION DOES NOT SUPPORT EXCLUSION OF MR. GOLLIN'S REPORT OR TESTIMONY**

The Federal Rules of Evidence are meant to instruct the District Courts in the sound exercise of their discretion in making admissibility determinations and should not be interpreted as exclusionary rules." *Voilas v. General Motors Corp.*, 73 F. Supp. 2d 452, 456 (D.N.J. 1999).  Indeed, an expert may be qualified based on general knowledge or practical experience. *Id.* at 457.  Mr. Gollin readily qualifies as an expert.

A. **Defendant's "Relevance" Argument is Misplaced**

Exploring receivables collection practices for an industry examined as a whole involves the collection and review of data concerning a number of companies in the industry in which the

---

[2] *In re Molded Acoustical Products*, 18 F.3d 217, 221 (3d Cir. 1994); *In re U.S. Interactive, Inc.*, 321 B.R. 388, 392 (Bankr. D.Del. 2005).

2

119096.01600/40156263v.1

defendant is engaged.[4] *In re Kaypro*, 218 F.3d 1073-74 (9th Cir. 2000). A thorough review necessarily entails gathering as much data as possible because "the creditor's entire industry must be analyzed." *In re Sacred Heart Hosp. of Norristown*, 200 B.R. 114, 117, 119 (Bankr. E.D.Pa. 1996)(noting the value of actual statistical evidence to reflect industry practice). *Accord*, *Molded Acoustical*, 18 F.3rd at 227.

As a C.P.A., forensic accountant, and restructuring advisor with extensive experience in bankruptcy matters, Mr. Gollin is well versed in accounts payable/receivables agings, data compilation, and statistical analysis. His review of payment and collection practices in Defendant's industry involved gathering and synthesizing data, and presenting it in an objective fashion by one who is familiar with accounting techniques and statistical analysis. However, according to Defendant, FRE 702 mandates that Mr. Gollin be employed or trained in the computer reseller industry. This claim misstates the law. The Third Circuit has interpreted the specialized knowledge requirement "liberally". *St. Paul Fire & Marine Ins. Co. v. The Nolen Group*, 2005 WL 1168380 at 3 (E.D.Pa. 2005). It is an abuse of discretion to exclude an expert simply for lack of the specialization that the court considers most appropriate. *Id.*, citing *In re Unisys Sav. Plan Litig.*, 173 F 3d. 145, 170 (3rd Cir. 1999).

Indeed, Defendant's argument is similar to that rejected in *Voilas, supra*, 73 F. Supp. at 457 (expert's lack of specific experience in the automotive industry or in creating or evaluating business plans did not impact his qualifications to review such plans and summarize in a concise, and easy-to-understand fashion). *See Polymer Dynamics, Inc. v. Bayer Corp.*, 2005 WL 1041197 at 2 (E.D.Pa. 2005)(rejected notion that expert must be qualified in the shoe industry to render testimony). The weight to be accorded testimony is left to the province of the trier of fact.

---

[4] Gollin's report was prepared to support Plaintiff's preference actions against Dell as well as three other preference defendants in related industries (computer hardware, computer software, telecommunications hardware and services).

3


*Voilas* at 457-458. Defendant fails to cite any case, much less Third Circuit authority, to support exclusion of Mr. Gollin's financial analyses of the collection and payment practices for Defendant's industry.⁵

### B. Defendant's "Reliability" Argument is Misplaced

The Motion misstates Mr. Gollin's report, data and testimony, using carefully selected excerpts from a superficial examination. Here are the facts: Mr. Gollin has (1) gathered payment practice data from Dun & Bradstreet ("D&B"), perhaps the nation's most renowned and reliable source for business credit information, (2) selected companies to examine based on the industry in which Dell is engaged, and used D&B's listings of the relevant companies in that selected industry (computer hardware) – Mr. Gollin did not pick and choose which competitors to examine, (3) confirmed that Defendant's competitors⁶ are included with the D&B sample, (4) organized and supervised independent research to test whether the D&B data was an accurate reflection of industry practices, (5) reported D&B payment practice information for the computer hardware industry, and (6) calculated a simple average of the payments practices.

Contrary to Defendant's suggestion, Mr. Gollin did not attempt to use the independent research to create a new sample of data extensive enough to stand on its own, nor did he attempt to verify the millions of lines of data used by D&B to prepare its reports. The D&B data is universally relied upon by credit managers as a reliable source⁷. Utilizing publicly-available documents such as industry-recognized D&B reports, records on the internet and contact with representatives of the industry is entirely acceptable. *In re J. Allen Steel Co.*, 323 B.R. 425, 438

---

[5] The two cases cited by Defendant, *Redman v. John D. Brush & Co.*, 111 F.3d 1174 (4th Cir. 1997) and *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375 (5th Cir. 1996), are completely inapposite; neither concerned preferences, bankruptcy, any financial or business issue, or financial data analyses.

[6] Gollin considered data from Dell's competitors including, for example, Hewlett-Packard, Compaq Computer, IBM and Gateway. (Gollin Report, pp. 9-10, Schedule 3, attached hereto as Exhibit "A".)

[7] Indeed Mr. LaRocca purports to base his expertise on being a member of Dun & Bradstreet's Advisory Group. (See p.5 Dell's Answering Brief to Plaintiff's Motion in Limine to Exclude Expert Testimony of John LaRocca).

(W.D. Pa. 2005). Defendant's challenge to Mr. Gollin's analysis of the D&B data is simply without merit.

Defendant's challenge to the date of the D&B data is similarly misplaced. First, D&B uses a rolling reporting approach by which it includes in its samples new data as it is gathered, but always maintains a sample size that contains information from the past approximately 18 months. Thus, the data gathered by Mr. Gollin in late 2003 included data from as far back as mid-2002. Second, earlier data is simply not available from D&B or any other source, rendering Mr. Gollin's report the most complete data available.

Based on the *Voilas* standard, Defendant's challenges are not a basis for exclusion, but simply address the weight of the evidence. Defendant has not provided any authority on point to the contrary. Mr. Gollin's testimony and report include objective evidence of payment practices in Defendant's industry "examined as a whole," as required by § 547(c)(2)(C). *In re Midway Airlines, Inc.*, 69 F.3d. 792, 797 (7th Cir. 1995)(defendant's entire industry must be analyzed in the course of setting forth the industry standards.)

Defendant confuses the standard enumerated in FRE 702 distinguishing "weight of the evidence" with admissibility. Mr. Gollin's review and presentation of data on industry practices in an organized fashion is reliable, relevant and highly useful to the Court's determination under Section 547(c)(2)(C). The Motion should be denied.

Dated: August 29, 2005                    BLANK ROME LLP

*[signature: Bonnie Fatell]*

Bonnie Glantz Fatell (DE No. 3809)
Elio Battista, Jr. (DE No. 3814)
1201 Market Street, Suite 800
Wilmington, DE 19801
Tel: (302) 425-6400

-and-

Earl M. Forte
One Logan Square
Philadelphia, PA 19103
Tel: (215) 569-5500

Attorneys for Plaintiff Executive Sounding Board
Associates, Inc., as Plan Administrator for Debtors

119096.01600/40156263v.1