**UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| **INACOM CORP., et al.**<br><br>             **Plaintiffs**<br>    v.<br><br>**TECH DATA CORPORATION**<br><br>             **Defendants** | **Civil Action No. 04-CV-148 (GMS)** |
| **INACOM CORP., et al.**<br><br>             **Plaintiffs**<br>    v.<br><br>**DELL COMPUTER CORP.**<br><br>             **Defendants** | **Civil Action No. 04-CV-582 (GMS)** |
| **INACOM CORP., et al.**<br><br>             **Plaintiff**<br>    v.<br><br>**LEXMARK INTERNATIONAL, INC.**<br><br>             **Defendant** | **Civil Action No. 04-CV-583 (GMS)** |
| **INACOM CORP, et al.**<br><br>             **Plaintiff**<br>    v.<br><br>**INGRAM ENTERTAINMENT, INC.**<br><br>             **Defendant** | **Civil Action No. 04-CV-593 (GMS)** |

**DELL, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION
TO EXCLUDE TESTIMONY AND REPORT OF DEAN VOMERO**

006005.00189:176660.04

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES .......................................................................................................... i

A.     Introduction ...............................................................................................................1

B.     Vomero Uses a "Liquidation," Rather Than a "Going Concern" Methodology .................1

C.     Vomero Improperly Uses Hindsight in His Valuation Analysis ..........................................2

## TABLE OF AUTHORITIES

### Cases

*In Re Davis,* 120 B.R. 823 (W.D. Penn. 1990) ........................................................................... 2, 3

*In Re Lids Corp.,* 281 B.R. 535 (Bankr. D. Del. 2002) ................................................................. 2

*In the Matter of Taxman Clothing Co.,* 905 F.2d 166 (7th Cir. 1990) ............................................. 3

**DELL, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION
TO EXCLUDE TESTIMONY AND REPORT OF DEAN VOMERO**

### A.   Introduction

An intervening catastrophic liquidity crisis *after* the Valuation Date caused the ultimate insolvency and bankruptcy of InaCom. On the Valuation Date, InaCom was an operating viable company supported by sizeable lines of credit with substantial borrowing availability and with valuable contract rights with Compaq, one of which guaranteed $420 million incremental revenue over the next three years. Plaintiff's insolvency expert, Dean Vomero, has at least two fundamental failures of methodology. One, he uses a "liquidation" rather than a "going concern" valuation. Two, he relies upon circumstances and events subsequent to the valuation date.[1]

### B.   Vomero Uses a "Liquidation," Rather Than a "Going Concern" Methodology

Vomero uses a "liquidation," rather than a "going concern" methodology. He improperly values InaCom's assets piecemeal, item-by-item, rather than as an operating whole with synergy among its assets. Vomero's piecemeal, item-by-item valuation method is revealed by the April 19, 2005 Bridge Associates Valuation Analysis, attached as Exhibit A. For instance, Vomero gives a mere 5% "recovery value" to Inacom's furniture, fixtures, and equipment. (Exh. A, p. 7). Additionally, when discussing Inacom's computer software, Vomero claims that it was unique to Inacom, thus, according to Vomero, giving it almost no value. *Id.* He also gives virtually no value to Inacom's Goodwill, again showing that Vomero is valuing Inacom on a

---

[1] Inacom claims that Defendants' Motion to Exclude Vomero should be denied for procedural defects. Contrary to Inacom's assertion, Dell's motion was specifically identified in the Joint Pretrial Order, Tab 5, as an objection to the calling of a witness, as required by the Court's form Final Pretrial Order. *See* Dell, Inc.'s Objections To Plaintiff's Expert Witness Designations, Tab 5. If Dell were in error in filing same as an objection and motion to exclude, rather than a motion in limine, Defendants' motion suffers no more procedural defect than Inacom's own motions in limine, for Inacom did not file, nor provide Defendants, Inacom's motions in limine until August 15, 2005 (the same day as the filing of the Joint Pretrial Orders), whereas the Court's form Final Pretrial Order required all motion in limine briefing (opening, answering, and reply) to be filed with the Joint Pretrial Order. In fact, Dell, Inc. was not served with Inacom's motion in limine as to Whalen and Fensterstock until August 19, 2005. Defendants were thus precluded from answering such motions in limine on August 15, 2005.

liquidation/forced sale basis. (Exh. A, p. 8). Indeed, Vomero's entire methodology is to simply discount the value of Inacom's individual assets to arrive at a liquidation valuation.[2]

In construing and expounding upon *In Re Trans World Airlines, Inc.*, Judge Walrath approved a definition of "fair valuation" in the context of a going concern as "the amount that may be realized if the <u>Company's aggregate assets are sold as an entirety</u>." *See In Re Lids Corp.,* 281 B.R. 535, 543 (Bankr. D. Del. 2002) (underscoring added). Indeed, the market multiple methodology (earnings/revenue analysis) and comparable transaction methodology are appropriate methods for determining the going concern value of a company. *Id.* at 543-45. These valuation methods necessarily look at the total value of the enterprise and only make sense if valuing the enterprise as a whole, rather than by a piecemeal, item-by-item valuation. Moreover, the court in *In Re Davis* elaborated on the proper valuation method when the business was a going concern:

> If the business is in fact being conducted at the relevant time, then its assets must be valued, not as isolated articles separated from the whole, but as parts of the whole and useful in that relationship. Only where a business is wholly inoperative, defunct, or dead on its feet will going concern valuation be abandoned in favor of an item by item fair market valuation.

*In Re Davis,* 120 B.R. 823, 826 (W.D. Penn. 1990). Vomero's item-by-item analysis is akin to valuing a used, but functioning, automobile by focusing on the aftermarket value of its individual parts (e.g. steering wheel, tires, fenders) rather than on the value of the automobile as a whole.

### C. <u>Vomero Improperly Uses Hindsight in His Valuation Analysis</u>

Vomero improperly uses hindsight in his valuation analysis by relying on events well

---

[2] Inacom, by footnote, attempts to erase the clear distinction between going concern and liquidation valuation, by stating "liquidation is merely a synonym for conversion to cash." (Inacom's Resp., p. 4 n. 6). This ignores the fundamental distinction between liquidation and going concern valuation. Indeed, Vomero testified it was irrelevant to him whether Inacom was a going concern. *See* Vomero deposition p. 128, lines, 6 – 14, Exhibit B.

after the valuation date to reach an opinion on insolvency as of that date.[3] Inacom's discussion of the April 22 and March 25, 2000 financial statements is a red herring. Defendants object, not to the use of the April 22 and March 25 financial statements, but to Vomero's use of events well after the relevant time period. Examples of Vomero's use of post-factum events include his frequent references to financial *projections* (not financial *statements*) of the Blackstone Group prepared *in May 2000* and to the bankruptcy proceedings filed on June 16, 2000.[4] Contrary to Inacom's assertion, Defendants' solvency experts, Messrs. Whalen and Fensterstock do not exclude, but explicitly use and rely on, financial statements for periods ended March 25 and April 22; but they do exclude from consideration "forecasts" prepared by the Blackstone Group, hired by Inacom in May 2000 to prepare financial projections to market the company. Inacom's excerpts from Whalen's and Fensterstock's deposition are misrepresentative of their testimony.[5]

Inacom attempts to distract from its use of hindsight by claiming that Defendants' citations on hindsight are "all inaccurate and/or inapposite." (Plaintiff's Resp., at p. 4). Inacom, once again, is simply wrong. For instance, contrary to Inacom's assertion, *Taxman* is a preference case. *In the Matter of Taxman Clothing Co.,* 905 F.2d 166, 168 (7th Cir. 1990). Inacom also wrongly claims that the language from *In Re Davis* cited by Defendants is not found in the case. This language appears verbatim in *In Re Davis* at page 825. *In Re Davis,* 120 B.R. at 825. Finally, though Defendants do cite fraudulent conveyance cases that exclude use of hindsight in a solvency determination, Defendants also cite numerous cases dealing explicitly with exclusion of hindsight in preference cases. Inacom offers nothing to show why these cases or the proposition forbidding use of hindsight, for which they are cited, are inapposite.

---

[3] *See* Vomero deposition, p. 230, lines 6 – 16, Exhibit B.

[4] *See* Exhibit C hereto.

[5] *See* Exhibits D and E hereto

        Respectfully submitted,

By: */s/ Patricia P. McGonigle*
   Patricia P. McGonigle, Esq.
   Delaware State Bar No. 3126
   pmcgonigle@svglaw.com
   Kevin Guerke, Esq.
   Delaware State Bar No. 4096
   Seitz, Van Ogtrop & Green, P.A.
   222 Delaware Avenue, Suite 1500
   Wilmington, Delaware  19899
   302.888.0600
   302.888.0606  Fax

   and

   Sabrina L. Streusand, Esq.
   Texas State Bar No. 11701700
   G. James Landon
   Texas State Bar No. 24002445
   Hughes & Luce, L.L.P.
   111 Congress Ave., Suite 900
   Austin, Texas 78701
   512.482.6800
   512.482.6859  Fax

   **ATTORNEYS FOR DELL, INC.**

## **CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the above foregoing Instrument was served on the following parties via first-class mail, postage prepaid, on this 6th day of September, 2005.

| | |
|---|---|
| Earl M. Forte, Esq.<br>Blank Rome, L.L.P.<br>One Logan Square<br>18th & Cherry Streets<br>Philadelphia, PA 19103-6998 | Attorneys for Plaintiff, Inacom Corp.<br>U.S. Mail |
| Elio Battista<br>Blank Rome, L.L.P.<br>Chase Manhattan Centre<br>1201 Market Street, Suite 800<br>Wilmington, DE 19801 | Attorneys for Plaintiff, Inacom Corp.<br>U.S. Mail |
| Andrew Caine<br>Pachulski, Stang, Ziehl, Young<br>10100 Santa Monica Blvd., Ste. 1100<br>Los Angeles, CA 90067 | Attorneys for Plaintiff, Inacom Corp.<br>U.S. Mail |
| Jonathan P. Hersey<br>Bingham McCutchen, L.L.P.<br>600 Anton Blvd., 18th Floor<br>Costa Mesa, CA 92626 | Attorneys for Ingram Entertainment, Inc.<br>U.S. Mail |
| Stephen C. Hunt<br>Charles M. Tatelbaum<br>Adorno & Yoss, P.A.<br>350 E. Las Olas Blvd., Suite 1700<br>Fort Lauderdale, FL 33301 | Attorneys for Tech Data Corporation<br>U.S. Mail |
| Culver Halliday<br>Stoll, Keenon & Park, L.L.P.<br>300 W. Vine Street, Suite 2100<br>Lexington, Kentucky 40507-1801 | Attorneys for Lexmark International<br>U.S. Mail |

                                              */s/ Patricia P. McGonigle*
                                              Patricia P. McGonigle
                                              DE 3126
                                              pmcgonigle@svglaw.com