UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| INACOM CORP., et al.<br><br>       Plaintiffs<br>  v.<br><br>DELL COMPUTER CORP.<br><br>       Defendant | Civil Action No. 04-CV-582 (GMS) |
| INACOM CORP., et al.<br><br>       Plaintiffs<br>  v.<br><br>LEXMARK INTERNATIONAL, INC.<br><br>       Defendant | Civil Action No. 04-CV-583 (GMS) |
| INACOM CORP., et al.<br><br>       Plaintiffs<br>  v.<br><br>INGRAM ENTERTAINMENT INC.<br><br>       Defendant | Civil Action No. 04-CV-593 (GMS) |

**JOINT REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE THE
EXPERT TESTIMONY AND REPORT OF STUART A. GOLLIN**

SL1 569928v1/004907.00003

| | |
|---|---|
| Patricia P. McGonigle<br>Seitz, Van Ogtrop & Green, P.A.<br>222 Delaware Avenue, Suite 1500<br>P.O. Box 68<br>Wilmington, Delaware 19899<br>Tel.:   (302) 888-0600 | Sabrina L. Streusand<br>G. James Landon<br>Texas State Bar No. 11701700<br>Hughes & Luce, L.L.P.<br>111 Congress Avenue, Suite 900<br>Austin, Texas 78701<br>Tel.:   (512) 482-6800<br><br>Attorneys for Defendant<br>Dell Computer Corp. |
| Thomas G. Whalen Jr. (No. 4034)<br>Stevens & Lee, P.C.<br>1105 North Market Street, 7th Floor<br>Wilmington, Delaware 19801<br>Tel:  (302) 425-3304 | Culver V. Halliday<br>Emily L. Pagorski<br>Stoll, Keenon & Park, LLP<br>2650 AEGON Center<br>400 West Market Street<br>Louisville, Kentucky 40202-3377<br>Tel:  (502) 568-9100<br><br>Attorneys for Defendant<br>Lexmark International, Inc. |
| Thomas G. Macauley (ID No. 3411)<br>Zuckerman Spaeder LLP<br>919 Market Street, Suite 990<br>P.O. Box 1028<br>Wilmington, Delaware  19899-1028<br>Tel.: (302) 427-0400 | Jonathan P. Hersey<br>Sheppard, Mullin, Richter & Hampton, LLP<br>600 Anton Blvd., 18th Floor<br>Costa Mesa, California 92626<br>Tel.: (714) 513-5100<br><br>Attorneys for Defendant<br>Ingram Entertainment Inc. |

Dated September 6, 2005

## **TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| TABLE OF CONTENTS | | i |
| TABLE OF AUTHORITIES | | ii |
| I. | INTRODUCTION | 1 |
| II. | ARGUMENT | 1 |
|  | A. InaCom's Response Fails to Demonstrate that Gollin Qualifies as an Ordinary Course Expert | 2 |
|  | B. Gollin's Testimony and Report are Not Reliable | 2 |
| III. | CONCLUSION | 3 |

SL1 569928v1/004907.00003

# TABLE OF AUTHORITIES

**CASES**                                                                    **PAGE**

*Advanced Medical Optics, Inc. v. Alcon Laboratories, Inc.*, 2005 U.S. Dist. LEXIS 5803, (D. Del. 2005) ..................................................................................................................... 2

**STATUTES**

Fed. R. Evid. 702 ........................................................................................................................ 1

11 U.S.C. § 547(c)(2)(C) ............................................................................................................ 1

SL1 569928v1/004907.00003

## I. INTRODUCTION

On August 15, 2005 Defendants Dell Computer Corp. ("Dell"), Lexmark International, Inc. ("Lexmark") and Ingram Entertainment Inc. ("Ingram") (collectively "Defendants"), pursuant to Rule 702 of the Federal Rules of Evidence ("Fed. R. Evid."), filed their joint motion for the Court to exclude the expert testimony and report of Stuart A. Gollin ("Gollin"). On August 29, 2005 InaCom Corp. and counsel for Executive Sounding Board Associates, Inc. (collectively "InaCom") filed its response ("InaCom Response") in opposition to the Motion. This is the Defendants' joint reply.

## II. ARGUMENT

Defendants' motion to exclude the expert testimony and report of Stuart A. Gollin pursuant Fed. R. Evid. 702 is proper and should be granted. As demonstrated by his deposition testimony, Gollin's credentials do not qualify him as an ordinary course expert. Moreover, the integrity of Mr. Gollin's report is highly questionable and unreliable given his admitted reliance on incomplete payment histories obtained from Dun and Bradstreet ("D & B").

InaCom's Response confuses the issues at hand by reciting the standard contained in 11 U.S.C. § 547(c)(2)(C) and speculating that Lexmark and Ingram's ordinary course witnesses will be unable to make the necessary showing.[1] InaCom's conjectures as to Mr. Sarkisian's and Mr. Gadsey's expected testimony are irrelevant as the Defendants' joint motion is concerned solely with InaCom's ability to demonstrate Gollin's fitness to testify as an expert and the credibility of his report.

---

[1] Additionally, InaCom's response incorrectly states that the length of its business relationship with Lexmark prior to the preference period was only seven months. Mr. Sarkisian will testify at trial that Lexmark sold product to InaCom for approximately eight years prior to its filing for protection under Chapter 11 on June 16, 2000.

### A. InaCom's Response Fails to Demonstrate that Gollin Qualifies as an Ordinary Course Expert

InaCom contends that Gollin's accounting experience is sufficient to render him an expert in these preference actions. While Gollin may be capable of testifying about general financial matters, more specific knowledge is required to support the specific opinions he proffers in his testimony and report. *See, e.g., Advanced Medical Optics, Inc. v. Alcon Laboratories, Inc.*, 2005 U.S. Dist. LEXIS 5803, at *27 (D. Del. 2005). ("While his...background, education, and training may provide him with general knowledge to testify about general matters, more specific knowledge is required to support more specific opinions.") (internal quotations omitted) (attached as Exhibit A). In his deposition, Gollin admits that this is the first time he has been called upon as an expert to analyze an industry for a preference defense. Deposition of Stuart A. Gollin, July 26, 2005 ("Gollin Depo.") p. 48, attached as Exhibit B. He also confirms that he has "never put out a report like this before." Gollin Depo. at 47. Because Gollin lacks specific expertise in the analysis of preference defenses, his testimony and report should be excluded. *See Advanced Medical Optics, 2005* U.S. Dist. LEXIS 5803, at *9.

### B. Gollin's Testimony and Report are Not Reliable

While InaCom admits in its Response that Gollin "did not attempt to use the independent research to create a new sample of data extensive enough to stand on its own..." it argues that Defendants' challenges are not a basis for exclusion but rather address the weight of the evidence. InaCom Response at 4. InaCom's Response overlooks Gollin's own testimony regarding the faulty methodologies he employed in his report and instead attempts to mischaracterize the Defendants' arguments.

2

The Defendants are not objecting to the overall reliability of D & B reports but rather to Gollin's use of reports containing data ranging from mid 2002 to 2003 as opposed to data pertaining to the year 2000 when the allegedly preferential payments occurred.[2] Gollin concedes the gravity of this error and recognizes that a change in credit and collection practices in the industry could have taken place in the interim period. Gollin Depo. at 118, 154. This error, along with those detailed in Defendants' Opening Memorandum, demonstrate that Mr. Gollin's testimony and report are not sufficiently reliable and should be excluded.

### III. CONCLUSION

While InaCom opposes Defendants' motion to exclude the expert testimony and report of Stuart A. Gollin, it is clear that Gollin does not qualify as a preference defense expert and that his proffered testimony and report are not sufficiently reliable. Indeed, both InaCom's Response and Mr. Gollin's deposition testimony concede this later point. Therefore, the Court should exclude Mr. Gollin's testimony and report. Otherwise, the Defendants will be unduly prejudiced.

---

[2] InaCom contends that D & B data from the year 2000 could not be obtained from any source when Gollin wrote his report. InaCom Response at 5. However, old D & B reports, including those from the year 2000, are readily available at public libraries across the country.

Respectfully submitted,

_Patricia P. McGonigle_ with permission by /s/ TGM
Patricia P. McGonigle
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, Delaware 19899
Tel.: (302) 888-0600

and

Sabrina L. Streusand
G. James Landon
Texas State Bar No. 11701700
Hughes & Luce, L.L.P.
111 Congress Avenue, Suite 900
Austin, Texas 78701
Tel.: (512) 482-6800

Attorneys for Defendant
Dell Computer Corp.

_/s/ Thomas G. Whalen Jr._
Thomas G. Whalen Jr. (No. 4034)
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, Delaware 19801
Tel: (302) 425-3304
Fax: (302) 654-5181

and

Culver V. Halliday
Emily L. Pagorski
Stoll, Keenon & Park, LLP
2650 AEGON Center
400 West Market Street
Louisville, Kentucky 40202-3377
Tel: (502) 568-9100

Attorneys for Defendant
Lexmark International, Inc.

_/s/ Thomas A. Macauley_ with permission /s/ TGM
Thomas G. Macauley (ID No. 3411)
Zuckerman Spaeder LLP
919 Market Street, Suite 990
P.O. Box 1028
Wilmington, Delaware 19899-1028
Tel.: (302) 427-0400
Fax: (302) 427-8242

and

Jonathan P. Hersey
Sheppard, Mullin, Richter & Hampton, LLP
600 Anton Blvd., 18th Floor
Costa Mesa, California 92626
Tel.: (714) 513-5100

Attorneys for Defendant
Ingram Entertainment Inc.

4